**LODGED**

**MAR 14 2025**

# IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE

**ENTERED**
AT 9:45 AM
**MAR 20 2025**

| | | |
|---|---|---|
| **TRESSA BUSH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Docket: 2024CV103** |
| | ) | |
| **vs.** | ) | JURY DEMAND (12) |
| | ) | |
| **WILSON COUNTY, TENNESSEE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

ENTERED IN MINUTE BOOK
_513_, PAGE _391_

**MAR 20 2025**

---

## AGREED ORDER RESOLVING MOTION TO WITHDRAW AND NOTICE STRIKING ATTORNEY LIEN

---

It appearing to the Court, as evidenced by the signatures of counsel below, that the parties agree that Mumford Law and Roland Mumford shall be permitted to withdraw as counsel of record for Plaintiff, Tressa Bush, and that Meridian Law, PLLC, Lance A. Baker, and Katelyn B. Barham shall continue as counsel for Plaintiff in Mumford Law and Mr. Mumford's place.[1]

It further appearing to the Court, as evidenced by the signature of Mr. Mumford below, that Mr. Mumford hereby strikes his notice of attorney lien which was filed contemporaneously with his Motion to Withdraw. Mr. Mumford has received payment for services rendered in this action and releases all future claim of right to attorney's fees in this case.

It is therefore **ORDERED, ADJUDGED,** and **DECREED** that Roland Mumford and Mumford Law are permitted to withdraw as counsel of record for the Plaintiff, that Mr. Mumford's Notice of Attorney Lien is stricken, and no hearing need take place on Mr. Mumford's March 1, 2025 Motion.

---

[1] Meridian Law, PLLC. Mr. Baker, and Ms. Barham previously noticed and appearance on the record on March 5, 2025.

It is so **ENTERED** on this _20ᵗʰ_ day of _march_, 2025.

_CKS_
_____
**CHANCELLOR CHARLES K. SMITH**

**APPROVED FOR ENTRY BY:**

By: _/s/ Lance A. Baker_
_____
Lance A. Baker (#015152)
Katelyn B. Barham (#041434)
Meridian Law, PLLC
5141 Virginia Way, Suite 320
Brentwood, TN 37027
615-229-7499 (office)
615-229-7498 (fax)
www.meridian.law
lance.baker@meridian.law
katelyn.barham@meridian.law
_Attorneys for Plaintiff_

By: _/s/ Roland F. Mumford (w/ perm)_
_____
Roland F. Mumford (#26495)
Mumford Law, PLLC
242 West Main Street, No. 223
Hendersonville, TN 37075
T : (615) 348-0070
roland@mumfordlaw.net

Case 3:26-cv-00488    Document 1-3    Filed 04/20/26    Page 2 of 191 PageID #: 12

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **Agreed Order and Notice** has been served by email on:

Roland F. Mumford (#26495)
Mumford Law
242 West Main Street, No. 223
Hendersonville, TN 37075
T.: (615) 348-0070
roland@mumfordlaw.net

Jeff R. Thompson (#020310)
Gina S. Vogel (#033526)
Lewis Thomason, P.C.
900 S. Gay Street, Ste 300
P.O. Box 2425
Knoxville, TN 37901
gvogel@lewisthomason.com
jrthompson@lewisthomason.com
*Counsel for Defendant*

on this 14th day of March, 2025.

*/s/ Lance A. Baker*
Lance A. Baker

Page **3** of **3**

## IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE
### AT LEBANON

TRESSA BUSH, )
)
    Plaintiff, )
)
v. )    No. 2024-CV-103
)
WILSON COUNTY, )
TENNESSEE, )
)
    Defendant. )

FILED
A.M. 8:06 FEB 27 2026 P.M.
MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., TN

## AMENDED ANSWER TO COMPLAINT OF WILSON COUNTY, TENNESSEE

Comes the Defendant, Wilson County, Tennessee ("Defendant"), by and through undersigned counsel, and in response to the Complaint, and pursuant to the Amended Agreed Order Resolving Plaintiff's Motion to Strike Defendant's Affirmative Defenses, states as follows[1]:

1. The allegations contained in the introductory paragraph of the Complaint are denied. The allegations contained in Paragraph 1 of the Complaint are denied, except it is admitted that Plaintiff was an employee of the Defendant at all times relevant to the Complaint.

2. The allegations contained in Paragraph 2 of the Complaint are admitted.

3. It is admitted that venue is proper in this Court. The remainder of the allegations contained in Paragraph 3 of the Complaint are denied.

4. The allegations contained in Paragraph 4 of the Complaint are denied.

5. The allegations contained in Paragraph 5 of the Complaint are denied.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

7. The allegations contained in Paragraph 7 of the Complaint are admitted.

---

[1] The Amended Agreed Order Resolving Plaintiff's Motion to Strike Defendant's Affirmative Defenses expressly provides that Defendant(s) may file a responsive pleading or motion in response to any Amended Answer filed by Plaintiff.

8. The allegations contained in Paragraph 8 of the Complaint are admitted.

9. The allegations contained in Paragraph 9 of the Complaint are denied as stated, and strict proof thereof is demanded.

10. The allegations contained in Paragraph 10 of the Complaint are denied as stated. It is admitted that Plaintiff supervised additional employees.

11. The allegations contained in Paragraph 11 of the Complaint are denied.

12. The allegations contained in Paragraph 12 of the Complaint are denied as stated.

13. The allegations contained in Paragraph 13 of the Complaint are denied as stated.

14. The allegations contained in Paragraph 14 of the Complaint are generally admitted.

15. The allegations contained in Paragraph 15 of the Complaint are denied as stated.

16. The allegations contained in Paragraph 16 of the Complaint are generally admitted.

17. The allegations contained in Paragraph 17 of the Complaint are denied as stated.

18. The allegations contained in Paragraph 18 of the Complaint are denied.

19. The allegations contained in Paragraph 19 of the Complaint are denied as stated.

20. This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of the Complaint. Accordingly, the allegations are denied and strict proof is demanded.

21. This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of the Complaint. Accordingly, the allegations are denied and strict proof is demanded.

22. The allegations contained in Paragraph 22 of the Complaint are generally admitted.

23. With regard to Paragraph 23 of the Complaint, it is generally admitted that Mr. Maynard stated that there was not an insurance policy exclusion.

24. The allegations contained in Paragraph 24 of the Complaint are denied as stated.

25. The allegations contained in Paragraph 25 of the Complaint are denied as stated.

26. The allegations contained in Paragraph 26 of the Complaint are denied as stated.

27. This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 27 of the Complaint. Accordingly, the allegations are denied and strict proof is demanded.

28. This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 28 of the Complaint. Accordingly, the allegations are denied and strict proof is demanded.

29. It is admitted that Mayor Hutto had a meeting with Plaintiff, Mr. Wilson, Mr. Hammonds and Ms. Scruggs and generally stated that all parties needed to work together as a team. It is generally agreed that County Mayor Hutto stated that the parties should not disparage each other and should work together. The remainder of the allegations contained in Paragraph 29 of the Complaint are denied as stated.

30. This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31. It is admitted that on or about November 1, 2023, Ken Hammonds reprimanded Plaintiff for her conduct that was in violation of County Mayor Hutto's instructions. The remainder of the allegations contained in Paragraph 31 of the Complaint are denied.

32. It is agreed that on or about November 28, 2023, Plaintiff conferred with Qiana Scruggs and discussed various allegations. It is agreed that Plaintiff admitted to making a statement about Aaron Wilson related to whipping him. The remainder of the allegations contained in Paragraph 32 of the Complaint are denied as stated.

33.	The allegations contained in Paragraph 33 of the Complaint are denied.

34.	The allegations contained in Paragraph 34 of the Complaint are admitted.

35.	This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 35 of the Complaint.

36.	The allegations contained in Paragraph 36 of the Complaint are denied.

37.	The allegations contained in Paragraph 37 of the Complaint are denied.

38.	The allegations contained in Paragraph 38 of the Complaint do not require a response.

39.	The allegations contained in Paragraph 39 of the Complaint are admitted.

40.	The allegations contained in Paragraph 40 of the Complaint are denied.

41.	The allegations contained in Paragraph 41 of the Complaint are denied.

42.	The allegations contained in Paragraph 42 of the Complaint are denied.

43.	The allegations contained in Paragraph 43 of the Complaint are denied.

44.	The allegations contained in Paragraph 44 of the Complaint are denied.

45.	The allegations contained in Paragraph 45 of the Complaint are denied.

46.	The allegations contained in Paragraph 46 of the Complaint are denied.

47.	The allegations contained in the "WHEREFORE" Paragraph of the Complaint are denied, except it is agreed that a jury should be empaneled try this case.

48.	It is denied that Plaintiff is entitled to compensatory damages, costs, attorney's fees or any other damages. It is specifically alleged that this Defendant is entitled to attorney's fees.

## AFFIRMATIVE DEFENSES

49.	Plaintiff failed to state a claim for which relief can be granted under Tenn. R. Civ. P. 12.02(6).

50. Defendant does not assert the Tennessee Governmental Tort Liability Act as a generalized or global defense. However, Defendant expressly preserves and asserts any specific, legally supported limitations on the remedies available against a county, including but not limited to the unavailability of punitive damages or other relief not permitted as a matter of law.

51. To the extent allowable, Plaintiff's own conduct was an intervening/superseding cause of her discipline or provides an after-acquired evidence or unclean-hands limitation on relief; Defendant also asserts setoff/offset as to any sums to which Defendant is entitled. Plaintiff's own conduct was an intervening cause of discipline and/or an independent, legitimate reason supporting adverse employment action, thereby limiting or barring damages even if liability were otherwise established.

52. Plaintiff's claims for damages are barred or reduced to the extent that she failed to mitigate her damages.

53. Plaintiff's claims and categories of relief are barred, in whole or in part, by applicable statutes of limitations and repose. Without limitation, any alleged actionable conduct or recoverable damages occurring outside the limitations period measured back from May 10, 2024, are time-barred.

54. Defendant acted in good faith for legitimate, non-retaliatory reasons, including, for example, Plaintiff's violation of workplace directives (e.g., directives not to disparage coworkers), disruption and undermining of team operations, and conduct admitted by Plaintiff (including a "whip him" comment concerning a coworker), which were investigated and culminated in discipline including termination on March 5, 2024. Defendant would have taken the same action for these reasons irrespective of any protected communication.

5

55. Defendant reserves the right to allege additional affirmative defenses that may be discovered during the course of discovery.

56. This Defendant specifically requests all attorney's fees and costs to which it is entitled.

57. Defendant relies on the terms, conditions, and defenses contained in the Tennessee Public Employee Political Freedom Act, codified at Tenn. Code Ann. § 8-50-601 et seq. ("TPEPFA"), including but not limited to: that Plaintiff's alleged communications fall outside the statute's protected scope in whole or in part; that any such communications were not a substantial or motivating factor in the challenged action; and that Defendant would have taken the same action for legitimate, non-retaliatory reasons irrespective of any protected communication.

58. Punitive damages are not recoverable against Wilson County, a governmental entity, absent express statutory authorization. To the extent Plaintiff seeks punitive damages, such relief is barred. Plaintiff's recovery, if any, is limited to remedies expressly authorized by TPEPFA and otherwise permitted by Tennessee law.

59. To the extent Plaintiff seeks categories or elements of damages that are not authorized by TPEPFA or that fall outside the permissible temporal scope of recovery, such damages are barred and should be disallowed or stricken at the appropriate time.

60. This Defendant demands a jury of twelve (12) persons to try any issues joined.

61. This Defendant requests that the Court dismiss all the Plaintiff's claims with prejudice and award the Defendant all fees, costs or other relief to which the Court deems it is entitled to or in the alternative, demands a jury of twelve persons to try all the issues joined.

Respectfully submitted this 27th day of February, 2026.

Jeff R. Thompson (BPR #020310)
Gina S. Vogel (BPR #033526)
Grant A. Carringer (BPR #041607)
Lewis Thomason, PC
900 S. Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37901
(865) 546-4646
JRThompson@LewisThomason.com
GVogel@LewisThomason.com
GCarringer@LewisThomason.com
*Attorneys for Wilson County, Tennessee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th day of February, 2026, a copy of the foregoing Amended Answer has been served upon counsel of record via email and by placing same in the United States Mail, postage prepaid to:

Lance A. Baker
MERIDIAN LAW
2678 Townsend Court
Clarksville, TN 37043
*Attorney for Plaintiff*

ATTORNEY

# IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE

| | |
|---|---|
| TRESSA BUSH, | ) |
| Plaintiff, | ) Docket: 2024CV103 |
| vs. | ) JURY DEMAND (12) |
| WILSON COUNTY, TENNESSEE, | ) |
| Defendant. | ) |

**FILED** A.M. OCT 2 0 2025 11:34 P.M.
MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., TN

---

## AMENDED NOTICE OF RESETTING HEARING ON MOTION TO STRIKE

---

Plaintiff Tressa Bush, by and through counsel, gives notice to the Court and all parties

that her Motion to Strike, filed September 26, 2025, shall be heard on **Friday, November 7,**

**2025 at 9:00 a.m.** in the Chancery Court for Wilson County, Tennessee.

Respectfully submitted,



MERIDIAN LAW
—— P L L C ——

By:    /s/ Lance A. Baker
       Lance A. Baker (#015152)
       5141 Virginia Way, Ste 320
       Brentwood, TN 37207
       615-229-7499 (office)
       lance.baker@meridian.law
       *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

1

I hereby certify that a true and exact copy of the foregoing **Notice** has been served by email on:

       Jeff R. Thompson (#020310)
       Gina S. Vogel (#033526)
       Lewis Thomason, P.C.
       900 S. Gay Street, Ste 300
       P.O. Box 2425
       Knoxville, TN 37901
       gvogel@lewisthomason.com
       jrthompson@lewisthomason.com
       *Counsel for Defendant Wilson County*

on this 20th day of October, 2025.

                           */s/ Lance A. Baker*
                           Lance A. Baker

2

## IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE
### AT LEBANON

TRESSA BUSH,                          )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        No. 2024-CV-103   FILED
                                      )
WILSON COUNTY,                        )        A.M.  JUN 11 2024  P.M
TENNESSEE,                            )              2:58
                                      )        MILLIE SLOAN, CLERK & MASTER
        Defendant.                    )        CHANCERY COURT WILSON CO., TN

### ANSWER TO COMPLAINT OF WILSON COUNTY, TENNESSEE

Comes the Defendant, Wilson County, Tennessee, by and through counsel, and in response to the Complaint filed against it would states as follows:

1.      The allegations contained in the introductory paragraph of the Complaint are denied. The allegations contained in Paragraph 1 of the Complaint are denied except it is admitted that Plaintiff is an employee of Wilson County, Tennessee.

2.      The allegations contained in Paragraph 2 of the Complaint are admitted.

3.      It is admitted that venue is proper in this Court. The remainder of the allegations contained in Paragraph 3 of the Complaint are denied.

4.      The allegations contained in Paragraph 4 of the Complaint are denied.

5.      The allegations contained in Paragraph 5 of the Complaint are denied.

6.      The allegations contained in Paragraph 6 of the Complaint are admitted.

7.      The allegations contained in Paragraph 7 of the Complaint are admitted.

8.      The allegations contained in Paragraph 8 of the Complaint are admitted.

9.      The allegations contained in Paragraph 9 of the Complaint are denied. Mr. Hammonds was the direct supervisor of Plaintiff.

10. The allegations contained in Paragraph 10 of the Complaint are denied as stated. It is admitted that Plaintiff supervised additional employees.

11. The allegations contained in Paragraph 11 of the Complaint are denied.

12. The allegations contained in Paragraph 12 of the Complaint are denied as stated.

13. The allegations contained in Paragraph 13 of the Complaint are denied as stated.

14. The allegations contained in Paragraph 14 of the Complaint are generally admitted.

15. The allegations contained in Paragraph 15 of the Complaint are denied as stated.

16. The allegations contained in Paragraph 16 of the Complaint are generally admitted.

17. The allegations contained in Paragraph 17 of the Complaint are denied as stated.

18. The allegations contained in Paragraph 18 of the Complaint are denied.

19. The allegations contained in Paragraph 19 of the Complaint are denied as stated.

20. This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of the Complaint. Accordingly, the allegations are denied and strict proof is demanded.

21. This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of the Complaint. Accordingly, the allegations are denied and strict proof is demanded.

22. The allegations contained in Paragraph 22 of the Complaint are generally admitted.

23. With regard to Paragraph 23 of the Complaint, it is generally admitted that Mr. Maynard stated that there was not an insurance policy exclusion.

24. The allegations contained in Paragraph 24 of the Complaint are denied as stated.

25. The allegations contained in Paragraph 25 of the Complaint are denied as stated.

26. The allegations contained in Paragraph 26 of the Complaint are denied as stated.

2

27. This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 27 of the Complaint. Accordingly, the allegations are denied and strict proof is demanded.

28. This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 28 of the Complaint. Accordingly, the allegations are denied and strict proof is demanded.

29. It is admitted that Mayor Hutto had a meeting with Plaintiff, Mr. Wilson, Mr. Hammonds and Ms. Scruggs and generally stated that all parties needed to work together as a team. It is generally agreed that County Mayor Hutto stated that the parties should not disparage each other and should work together. The remainder of the allegations contained in Paragraph 29 of the Complaint are denied as stated.

30. This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31. It is admitted that on or about November 1, 2023, Ken Hammonds reprimanded Plaintiff for her conduct that was in violation of County Mayor Hutto's instructions. The remainder of the allegations contained in Paragraph 31 of the Complaint are denied.

32. It is agreed that on or about November 28, 2023, Plaintiff conferred with Qiana Scruggs and discussed various allegations. It is agreed that Plaintiff admitted to making a statement about Aaron Wilson related to whipping him. The remainder of the allegations contained in Paragraph 32 of the Complaint are denied as stated.

33. The allegations contained in Paragraph 33 of the Complaint are denied.

34. The allegations contained in Paragraph 34 of the Complaint are admitted.

3

35.     This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 35 of the Complaint.

36.     The allegations contained in Paragraph 36 of the Complaint are denied.

37.     The allegations contained in Paragraph 37 of the Complaint are denied.

38.     The allegations contained in Paragraph 38 of the Complaint do not require a response.

39.     The allegations contained in Paragraph 39 of the Complaint are admitted.

40.     The allegations contained in Paragraph 40 of the Complaint are denied.

41.     The allegations contained in Paragraph 41 of the Complaint are denied.

42.     The allegations contained in Paragraph 42 of the Complaint are denied.

43.     The allegations contained in Paragraph 43 of the Complaint are denied.

44.     The allegations contained in Paragraph 44 of the Complaint are denied.

45.     The allegations contained in Paragraph 45 of the Complaint are denied.

46.     The allegations contained in Paragraph 46 of the Complaint are denied.

47.     The allegations contained in the "WHEREFORE" Paragraph of the Complaint are denied, except it is agreed that a jury should be empaneled try this case.

48.     It is denied that Plaintiff is entitled to compensatory damages, costs, attorney's fees or any other damages. It is specifically alleged that this Defendant is entitled to attorney's fees.

## AFFIRMATIVE DEFENSES

49.     Plaintiff failed to state a claim for which relief can be granted under Tenn. R. Civ. P. 12.02(6).

50.     Wilson County, Tennessee asserts all defenses, immunities and limitations under the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101 et seq.

4

51. Plaintiff's claims are barred to the extent that she failed to exhaust appropriate administrative or other legal remedies and to the extent she failed to follow policies designed to prevent or correct any alleged discrimination or harassment.

52. All damages allegedly suffered by Plaintiff resulted from her own acts or omissions and, accordingly, she is barred from recovery.

53. Plaintiff's claims for damages are barred or reduced to the extent that she failed to mitigate her damages.

54. Plaintiff's claims are barred to the extent they were filed outside of any applicable statute of limitations.

55. Wilson County's actions were taken in good faith and for legitimate business reasons and had nothing to do with any alleged protected status of Plaintiff.

56. Defendant reserves the right to allege additional affirmative defenses that may be discovered during the course of discovery.

57. This Defendant specifically requests all attorney's fees and costs to which it is entitled.

58. This Defendant relies on the terms, conditions and defenses contained in Tenn. Code Ann. 8-50-601 et. seq.

59. This Defendant demands a jury of twelve (12) persons to try any issues joined.

60. This Defendant requests that the Court dismiss all the Plaintiff's claims with prejudice and award the Defendant all fees, costs or other relief to which the Court deems it is entitled to or in the alternative, demands a jury of twelve persons to try all the issues joined.

5

Respectfully submitted this 11th day of June, 2024.

Jeff R. Thompson (BPR #020310)
Gina S. Vogel (BPR #033526)
Lewis Thomason, PC
900 S. Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37901
(865) 546-4646
JRThompson@LewisThomason.com
GVogel@LewisThomason.com
*Attorneys for Wilson County, Tennessee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 11th day of June, 2024, a copy of the foregoing Answer has been served upon counsel of record via email and by placing same in the United States Mail, postage prepaid to:

Roland F. Mumford
242 West Main Street, No. 223
Hendersonville, TN 37075
*Attorney for Plaintiff*

ATTORNEY

6

## IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE
## AT LEBANON

TRESSA BUSH )
)
        PLAINTIFF, )
vs. )
)
WILSON COUNTY, )
TENNESSEE )
)
        DEFENDANT )

FILED

MAY 10 2024

A.M. 10:40 P.M.

MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., TN

Docket: 2024 CV 163

JURY DEMAND (12)

### COMPLAINT

COMES NOW the Plaintiff, Tressa Bush, by and through counsel, brings this cause of action against the Defendant Wilson County, Tennessee pursuant to the Public Employee Political Freedom Act of 1980 or TCA 8-50-601 et seq for discrimination and retaliation arising out of communicating with an elected official. Plaintiff would respectfully show the Court as follows:

1. The Plaintiff, Tressa Bush, hereafter referred to as Plaintiff, is a citizen and resident of Smith County, Tennessee. Plaintiff brings this lawsuit for money damages due to damages she sustained arising out of a retaliatory discharge and/or termination of employment. At all times pertinent hereto, Plaintiff was an employee of Defendant Wilson County, Tennessee within the meaning of T.C.A. 8-50-602 et seq.

2. Defendant Wilson County, Tennessee (hereinafter Defendant), is a governmental entity and/or a political subdivision formed under the laws of the State of Tennessee. Defendant Wilson County may be served process through County Executive and/or Mayor Randall Hutto at County Courthouse, 228 East Main Street, Lebanon, TN 37087.

1

3. All acts complained of herein occurred in Wilson County, Tennessee and venue is proper in this Court. This Court has subject matter jurisdiction over unliquidated damages where Plaintiff also seeks relief for liquidated damages. The Chancery Court has jurisdiction in this case where the Court has obtained jurisdiction "over some portion or feature of a controversy it may grant full relief in the same manner as could a court of law." See Gibsons Suits in Chancery (5th Edition) § 45 p. 56. Pruitt v. Talentino, 62 Tenn.App. 484, 464 S.W.2d 294 (Tenn. App. 1970). See also Lowery v. Redmond No. W2021-00611-COA-R3-CV (Tenn. Ct. App. May 23, 2022).

4. Defendant is liable and/or vicariously liable for the retaliation, adverse employment action, and/or such other unlawful acts as defined or promulgated in the Public Employee Political Freedom Act of 1980 T.C.A. 8-50-603.

5. On the basis of the forgoing, Defendant shares fully in the liability resulting from the negligent acts and/or omissions of their employees, agents, and/or servants under the theories of respondeat superior and/or agency.

**FACTS**

6. Plaintiff was hired by Defendant in March 2018.

7. Plaintiff was the manager of Defendant's public education and government cable channel.

8. Plaintiff was hired as a full-time employee working forty or more hours per week earning approximately $83,000.

9. Ken Hammonds was the direct supervisor over Plaintiff for administrative purposes. Mr. Hammonds was the director of information technology but did not in effect

2

exercise any supervision over Plaintiff other than signing time cards and/or technical audio issues.

10. Plaintiff managed and supervised three to five employees in her department known as "Wilson County Public Television" (hereinafter WCTV) though it was not a formal department.

11. Plaintiff reported directly to County Mayor Randall Hutto.

12. Plaintiff informed Ken Hammonds and Aaron Wilson that it was time for WCTV to move its equipment from the shared rack in the computer room into one of the two rolling racks in the same room. The room was at the Baptist Building.

13. Aaron Wilson responded that technical equipment under his supervision should be segregated from WCTV equipment in the Baptist Building and Courthouse "due to cyber security regulations in the county's insurance policy." There was continuing consternation over specific rooms locations for the equipment.

14. On or about June 16, 2023, County Mayor Randall Hutto sent a text to Plaintiff to be at his office where Finance Director Aaron Maynard and Human Resources Director Qiana Scruggs were present.

15. Aaron Maynard proceeded to show Plaintiff photographs of various and expensive technical equipment such cameras and drones. Mr. Maynard inquired about Plaintiff's knowledge of such expenditures and stated that purchase orders indicated it was for the information technology department and WCTV.

16. Plaintiff responded that she had no knowledge about such equipment or expenditures which were not necessary for her WCTV department.

3

17. On or about June 20, 2023, Plaintiff communicated with County Mayor Randall Hutto about the issues referenced above pertaining to location of technical equipment and matter involving an insurance policy. Such issues are related to Plaintiff's job as prescribed by TCA 8-50-602(a).

18. On or about June 23, 2023, Plaintiff learned from an employee in maintenance department that Aaron Wilson had punched a wall causing severe damage arising out of his frustration with Plaintiff's concerns about location of technical equipment.

19. On or about July 11, 2023, County Mayor Randall Hutto convened a meeting with Plaintiff, Aaron Wilson, Ken Hammonds, and Qiana Scruggs. Aaron Wilson frustratingly communicated that Plaintiff cannot be around his department's technical equipment due to an insurance policy term or condition. County Mayor Randall Hutto responded by suggesting that Plaintiff be allowed to enter the room with the technical equipment and to inform the insurance company she is approved to do so. Aaron Wilson rejected this suggestion of the county mayor.

20. On or about August 17, 2023, during a Board of Zoning Appeals meeting, Aaron Wilson stated to Plaintiff that she would be locked out of the Courthouse computer room and to relocate her department's equipment.

21. On or about August 17, 2023, Plaintiff communicated with Wilson County Commissioner Lauren Breeze about Aaron Wilson's statements that she would be locked out of the Courthouse computer room and the matter of the insurance policy.

22. County Commissioner Lauren Breeze responded that Plaintiff should communicate with Finance Director Aaron Maynard about the insurance policy. Ms. Breeze proceeded to attend the meeting with Plaintiff and Mr. Maynard wherein the issues of relocating equipment and insurance referenced herein were discussed.

4

23.     Mr. Maynard responded to Plaintiff approximately three days later on or about August 23, 2023, stating that there was no such insurance policy exclusion or regulation.

24.     On or about August 28, 2023, Plaintiff communicated with Qiana Scruggs that Aaron Wilson's contention about an insurance policy exclusion was false and about his punching a wall causing severe damage. Plaintiff communicated a general narrative that she felt Aaron Wilson was bullying and targeting her and that she wanted to file a formal complaint.

25.     On or about August 29, 2023, Plaintiff conferred with County Mayor Randall Hutto about Aaron Wilson's false contentions regarding insurance policy exclusion and his damaging a wall. Plaintiff communicated also about Aaron Wilson reposting a Facebook post meme video wherein an information technology professional warns not to ever interfere with him without repercussions. The character elaborates about knowing any employee's passwords and communications and proceeds to end with a warning "Don't Fuck with the IT Guy."

26.     On or about August 31, 2023, County Mayor Randall Hutto conferred with Plaintiff and Qiana Scruggs wherein he minimized the event of damaging the wall; inquired if Plaintiff was afraid of Aaron Wilson; and rebuffed the matter of Mr. Wilson's social media posts such that it did not mention Wilson County government though it likely occurred during the time and course of employment.

27.     On or about September 5, 2023, Aaron Wilson had Plaintiff locked out of the Baptist Building computer room without consent of County Mayor Randall Hutton.

28.     On or about September 7, 2023, Aaron Wilson relocated WCTV equipment.

29.     On or about September 19, 2023, County Mayor Randall Hutto convened a meeting with Plaintiff, Aaron Wilson, Ken Hammonds, and Qiana Scruggs stating that WCTV was a "silo" under the information technology department and that all the parties were a team.

5

County Mayor Randall Hutton stated that the parties should not communicate about and/or disparage each other any further and if any equipment was "sabotaged" then the person would be terminated.

30. On or about October 25, 2023, Aaron Wilson filed a formal complaint about Plaintiff. Plaintiff did not learn about this formal complaint until November 28, 2023 in a meeting with Qiana Scruggs.

31. On or about November 1, 2023, Ken Hammonds reprimanded Plaintiff for disparaging Aaron Wilson in violation of County Mayor Hutto's instructions. Plaintiff denied such allegations. Ken Hammonds could not provide any specific facts to support the allegation in the meeting with Plaintiff. Present in the meeting, Quiana Scruggs raised the issue of Plaintiff sharing the Facebook Video meme reposted by Aaron Wilson.

32. On or about November 28, 2023, Plaintiff conferred with Qiana Scruggs who asked Plaintiff about a number of allegations raised against her to which Plaintiff denied. Plaintiff did admit to a statement about she may whip him which was meant sarcastically.

33. Aaron Wilson interfered with WCTV production and equipment between December 2023 and March 2023 as retaliation.

34. On March 5, 2024, Ken Hammonds and Qiana Scruggs conferred with Plaintiff and terminated her employment after their investigation had concluded.

35. Prior to June 2023, Plaintiff had a very good working relationship with Aaron Wilson. Each of them cooperated in resolving technical equipment issues without issue.

36. The relationship devolved and deteriorated after Plaintiff conferred with County Mayor Randall Hutto and County Commissioner Lauren Breeze as elected officials about her job related issues as averred above.

6

37. Plaintiff was terminated from employment as an act of discipline and/or discrimination specifically prohibited by T.C.A. 8-50-602 et seq. as retaliation for communicating with an elected official.

**ARGUMENT**

38. Plaintiff incorporates paragraphs 1 through 37 herein by reference.

**COUNT 2 PUBLIC EMPLOYEE POLITICAL FREEDOM ACT OF 1980**

39. Plaintiff was an employee of Defendant Wilson County, Tennessee.

40. Plaintiff communicated with an elected officials County Mayor Randall Hutto and County Commissioner Lauren Breeze who each would constitute as an elected official under the Public Employee Political Freedom Act of 1980.

41. Defendant, through its officials with final decision-making authority, disciplined, threatened to discipline, or otherwise took an adverse action against the Plaintiff, including, but not limited to intimidation, reduction in pay through removal of job duties, creating a hostile work environment, and/or finally termination.

42. Plaintiff's communication with elected and other public officials was a substantial or motivating factor in the adverse action taken by the Defendant through its agents.

43. Defendant disciplined, threatened to discipline, or otherwise discriminated against Plaintiff because she exercised her right to communicate with elected public officials.

44. Defendant's conduct caused embarrassment, humiliation, and economic damages in the form of lost pay, lost compensatory time off, lost retirement and health benefits, and additional damages averred below and herein which is continuous and ongoing.

45. As a proximate result of the Defendant's adverse employment action and/or wrongful termination of Plaintiff, Plaintiff has suffered the following damages:

7

a. loss of past, present, and future wages and the loss of certain benefits of employment such as loss of retirement and health benefits and compensatory time off, back pay, interest on back pay, front pay;

b. pecuniary losses;

c. emotional pain;

d. pain and suffering;

e. inconvenience;

f. mental anguish;

g. loss of enjoyment of life;

h. and non-pecuniary losses.

i. punitive damages

j. Liquidated damages including but not limited to loss of past, present, and future wages. Plaintiff is entitled to approximately $13,833.33 in back pay through date of filing of this complaint which is calculated as two months of pay at $6916.66 (83,000/12). This is based upon time period of March 5, 2024 date of termination through date of filing complaint and this is an approximate estimation. This amount of back pay shall continue to increase through date of judgment based upon approximately $6916.66 gross each month she earned with Defendant minus any applicable credits to Defendant. Plaintiff seeks and would be entitled to $83,000.00 in front pay minus any applicable earnings to be deducted or credited to Defendant. This represents her gross salary earned while employed by Defendant and multiplied by five years or more as awarded by jury immediately following judgment particularly accounting for difficulty seeking reemployment at age of 62. Plaintiff is entitled to interest on back pay both pre judgment and post judgment.

8

l.      Pre and post judgment interest

46.     Plaintiff further avers that she is entitled to all other damages permitted by law.

**WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

1.      For proper process to issue and for the Defendant to be served with a true and accurate copy of this Complaint and that it be required to answer same within the time prescribed law;

2.      For a jury to try this cause;

3.      For a monetary judgment in favor of the Plaintiff and against the Defendant;

4.      For all compensatory damages which are determined to be fair and reasonable and not less than four hundred thousand dollars ($400,000.00); liquidated damages not less than $400,000.00; all other enumerated damages sought and averred above; and all other damages available and prescribed by law.

5.      For all costs, including discretionary and court costs;

6.      For attorney fees as prescribed by statute.

7.      For all other general and/or specific relief as this Honorable Court deems necessary.

8.      Pre and post judgment interest.

BY:    /s/Roland Mumford
         ROLAND F. MUMFORD, #26495
         Attorney for Plaintiff
         242 West Main Street, No. 223
         Hendersonville, TN 37075
         Telephone: 615.348.0070
         Facsimile: 615.246.4110

9

IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE
AT LEBANON

TRESSA BUSH,                          )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        No. 2024-CV-103
                                      )
WILSON COUNTY,                        )        JURY DEMANDED
TENNESSEE,                            )
                                      )
        Defendant.                    )

FILED
NOV - 6 2025
A.M. 9:25 P.M.
MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., TN

---

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

---

Comes now the Defendant, Wilson County, Tennessee ("Defendant" or "Wilson County"), by and through counsel, and in response to Plaintiff's Motion to Strike Affirmative Defenses would state as follows:

### INTRODUCTION

Defendant respectfully opposes Plaintiff's Motion to Strike Affirmative Defenses directed at Paragraphs 50, 51, 52, 54, 55, and 58 of Defendant's Answer. Striking defenses is a drastic and disfavored remedy. *See, e.g., Cooper v. Creative Learning Child Care Ctr., Inc.*, 240 S.W.3d 230, 232 (Tenn. Ct. App. 2007). Plaintiff's Motion rests on two mistaken premises: (1) that Tennessee Rule of Civil Procedure 8.05 requires detailed factual pleading even where a defense expressly cites the governing statute, and (2) that Rule 8.03 demands "as-yet-unpleaded" or extra-Complaint facts to support an affirmative defense. Both are incorrect.

Rule 8.05 is disjunctive—either specifically refer to the statute or state all necessary facts. Two of the challenged defenses (Defendant's Answer at ¶¶ 50 and 58) do exactly what the Rule allows by specifically referring to the statutes at issue, providing sufficient notice at the pleading

1

stage. *See* Tenn. R. Civ. P. 8.05(1). To the extent Plaintiff invokes the final sentence of Rule 8.05(1) (the "manner" clause), Defendant offers modest clarifying amendments herein that identify the manner of statutory application without prejudice to Plaintiff.

As to the remaining defenses (Defendant's Answer at ¶¶ 51, 52, 54, and 55), *Young v. Kennedy* confirms that Rule 8.03 does not require affirmative defenses to rely on facts outside the Complaint. Rather, Rule 8.03 requires that such facts be pleaded "affirmatively," i.e., in a positive manner, and those facts may derive from the Complaint itself. *Young v. Kennedy*, 429 S.W.3d 536, 553 (Tenn. Ct. App. 2013).

Under these principles—and with the targeted clarifications offered below—the Motion should be denied, or at most resolved through modest amendment under Rule 15, not striking. *See, e.g., George v. Building Materials Corp. of Am.*, 44 S.W.3d 481, 487 (Tenn. 2001) (applying Tennessee's liberal pleading standards and emphasizing that the purpose of specific pleading is to provide fair notice, not to require a defendant to plead all known supporting facts); *see also Cooper*, 240 S.W.3d at 232 (characterizing striking as a "drastic" sanction).

At this early stage, Rule 8.03 permits "short and plain" statements that provide notice, and any close questions should be resolved in favor of allowing the merits to develop through discovery and, if necessary, amendment under Rule 15. *Cooper*, 240 S.W.3d at 232. As set forth below, Defendant will voluntarily narrow or withdraw certain defenses to streamline the issues and proposes modest clarifying amendments to the remainder. With these adjustments, Plaintiff cannot demonstrate prejudice or that any challenged defense is "insufficient" as a matter of law.

Plaintiff's Motion is noticed for hearing on November 7, 2025, at 9:00 a.m. in the Chancery Court for Wilson County, Tennessee. Defendant respectfully requests that the Motion be denied

2

or, alternatively, that Defendant be granted leave to amend consistent with the proposed amendments set forth herein.

## BACKGROUND

Plaintiff filed a single-count complaint[1] under the Tennessee Public Employee Political Freedom Act ("TPEPFA"), Tenn. Code Ann. § 8-50-601 et seq., on May 10, 2024, alleging that Wilson County terminated her employment for communicating with elected officials. Defendant filed its Answer on June 11, 2024, asserting several affirmative defenses, including the six now challenged. (Defendant's Answer at ¶¶ 50, 51, 52, 54, 55, and 58).

Plaintiff subsequently moved to strike those six defenses and filed a supporting memorandum contending that Defendant must plead additional factual detail and, with respect to statutory defenses, must specify "the manner" in which each cited statute applies.

## LEGAL STANDARD

Motions to strike under Tenn. R. Civ. P. 12.06 are disfavored and should be granted only when a defense is clearly insufficient as a matter of law or when its inclusion would cause prejudice, such as unnecessary complication or confusion of the issues. *See, e.g., Santore v. Stevenson*, 2018 Tenn. App. LEXIS 94, at *13 (Tenn. Ct. App. Feb. 20, 2018).

Tennessee follows notice-pleading principles. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). For affirmative defenses, Rule 8.03 requires only "facts in short and plain terms," not the detailed evidentiary showing that Plaintiff demands at the pleading stage. Courts favor amendment over striking, particularly early in litigation, and Rule 15.01 directs that leave to amend be "freely given" to ensure that claims and defenses are

---

[1] The Complaint contains only one substantive count, which is nevertheless designated as "Count 2."

3

resolved on their merits. *Jones v. Prof'l Motorcycle Escort Serv., L.L.C.*, 193 S.W.3d 564, 571 (Tenn. 2006).

While Plaintiff cites authority emphasizing that affirmative defenses should be pleaded with sufficient specificity to avoid surprise, Defendant does not dispute that general principle. Rather, Defendant submits that: (1) the challenged defenses—especially as narrowed and clarified below—provide fair notice; (2) discovery is the proper mechanism to develop additional factual detail; and (3) any perceived pleading deficiencies can be remedied by amendment without prejudice to Plaintiff.

## ANALYSIS AND ARGUMENT

A. Good-Faith Narrowing: Defendant's Withdrawals and Proposed Amendments

Defendant takes seriously both Plaintiff's concerns and any that the Court may share. To streamline the pleadings and avoid unnecessary motion practice, Defendant will:

- **Withdraw Paragraph 50** (Tennessee Government Tort Liability Act, T.C.A. § 29-20-101 *et seq.* ("TGTLA")) as a stand alone, global defense to Plaintiff's TPEPFA claim. To focus the issues, Defendant will omit a generalized reference to the TGTLA. Defendant does not waive the right to assert specific, legally supported limitations on remedies available against a county (e.g., the unavailability of punitive damages against a governmental entity) but will do so expressly and without reliance on a blanket TGTLA citation.

- **Withdraw Paragraph 51** (exhaustion/policy-based defense) in its entirety. Plaintiff's Complaint asserts a single TPEPFA claim and does not allege discrimination or harassment claims that would typically trigger exhaustion or policy-based defenses. Withdrawing this defense renders the Motion as to Paragraph 51 moot.

4

As to the remaining defenses (Paragraphs 52, 54, 55, and 58), Defendant proposes clarifying amendments grounded in the pleadings already before the Court. *See Young*, 429 S.W.3d at 553.

### B. The Remaining Challenged Defenses Are Properly Pleaded and, in Any Event, Readily Curable by Modest Amendment

#### 1. Paragraph 52 – Plaintiff's Own Conduct as a Limiting Factor on Damages

Plaintiff contends that Paragraph 52 is conclusory and improperly resembles a comparative-fault defense in a non-negligence case. Defendant clarifies that the intent is not comparative fault, but rather recognized damage-limitation doctrines such as after-acquired evidence, unclean hands, intervening cause, and setoff. Defendant proposes to amend Paragraph 52 to expressly identify those doctrines and tie them to facts already in the pleadings.

**Proposed amendment (cleaned up for clarity):**

> "To the extent allowable, Plaintiff's own conduct was an intervening/superseding cause of her discipline or provides an after-acquired evidence or unclean-hands limitation on relief; Defendant also asserts setoff/offset as to any sums to which Defendant is entitled. Plaintiff's own conduct was an intervening cause of discipline and/or an independent, legitimate reason supporting adverse employment action, thereby limiting or barring damages even if liability were otherwise established."

These factual touchpoints are already reflected in the Complaint and Answer (e.g., the November 1, 2023 reprimand and Plaintiff's admission regarding the "whip him" statement). (Plaintiff's Complaint at ¶ 32). This provides sufficient notice under Rule 8.03 and eliminates any risk of surprise.

#### 2. Paragraph 54 – Statute of Limitations Defense

Plaintiff faults Paragraph 54 for not naming a specific statute. Tennessee practice, however, routinely permits a statute-of-limitations defense to be pleaded in short and plain terms, particularly where multiple dates or categories of damages may be implicated. *Graham v. Caples*,

5

325 S.W.3d 578, 583 (Tenn. 2010). Discovery will clarify timing issues. Nonetheless, Defendant

proposes the below clarifying amendment.

**Proposed amendment:**

"Plaintiff's claims and categories of relief are barred, in whole or in part, by applicable statutes of limitations and repose. Without limitation, any alleged actionable conduct or recoverable damages occurring outside the limitations period measured back from May 10, 2024, are time-barred."

This preserves a routine, non-prejudicial timing defense and provides fair notice of the

period.

### 3. Paragraph 55 – Good Faith and Legitimate Business Reasons

Plaintiff argues that Defendant must specify the "what" and "how." (Plaintiff's

Memorandum in Support of Motion to Strike at p. 7). The pleadings already identify non-

retaliatory reasons to be developed in discovery: violation of directives, the admitted coarse remark

regarding a co-worker, and disruption of team operations following directives from the County

Mayor. These are legitimate business reasons that defeat causation or limit relief if proven.

**Proposed amendment:**

"Defendant acted in good faith for legitimate, non-retaliatory reasons, including, for example, Plaintiff's violation of workplace directives (e.g., directives not to disparage coworkers), disruption and undermining of team operations, and conduct admitted by Plaintiff (including a "whip him" comment concerning a coworker), which were investigated and culminated in discipline including termination on March 5, 2024. Defendant would have taken the same action for these reasons irrespective of any protected communication."

This aligns with the pleadings and preserves a standard "same-decision/legitimate reasons"

defense appropriate to a retaliation claim.

### 4. Paragraph 58 – Reliance on the TPEPFA Statutory Defenses

Plaintiff objects that Defendant must state the "manner" in which the statute applies.

Defendant can readily do so. The central statutory issues are: (a) whether Plaintiff engaged in

6

protected communications within the statute's scope; (b) whether those communications were a

"substantial or motivating factor" in any adverse action; and (c) whether Defendant would have

taken the same action absent the communications. The pleadings frame each of these issues.

**Proposed amendment:**

"Defendant relies on the terms, conditions, and defenses contained in Tenn. Code Ann. § 8-50-601 *et seq.*, including but not limited to: that Plaintiff's alleged communications fall outside the statute's protected scope in whole or in part; that any such communications were not a substantial or motivating factor in the challenged action; and that Defendant would have taken the same action for legitimate, non-retaliatory reasons irrespective of any protected communication."

This proposed amendment satisfies the "manner" requirement and narrows the statutory

issues for discovery and trial.

C. Additional Clarifying Defenses To Be Expressly Added

To further clarify the record and minimize future motion practice, Defendant proposes

adding the following remedy-focused defenses:

- **Punitive Damages:** "Punitive damages are not recoverable against Wilson County, a governmental entity, absent express statutory authorization. To the extent Plaintiff seeks punitive damages, such relief is barred. Plaintiff's recovery, if any, is limited to remedies expressly authorized by TPEPFA and otherwise permitted by Tennessee law."

- **Unauthorized Categories of Damages:** "To the extent Plaintiff seeks categories or elements of damages that are not authorized by TPEPFA or that fall outside the permissible temporal scope of recovery, such damages are barred and should be disallowed or stricken at the appropriate time."

These clarifications do not prejudice Plaintiff; rather, they sharpen the remedial issues and

promote efficient case management.

D. Plaintiff Cannot Show Prejudice; Amendment, Not Striking, Is the Proper Remedy

This case remains at an early stage. Plaintiff already possesses all core facts from her own

Complaint and Defendant's Answer. The proposed amendments provide short, plain particulars

7

consistent with those pleadings. Plaintiff's Memorandum expresses concern about avoiding "trial by ambush." (Plaintiff's Memorandum in Support of Motion to Strike at p. 5). The clarifying amendments remove any conceivable surprise, and discovery will fill in additional detail. Because striking is disfavored and amendment is the preferred course under Rule 15, the Motion should be denied. *Jones*, 193 S.W.3d at 571. Alternatively, any relief should be limited to granting Defendant leave to file the amended defenses within 14 days. *Id.* (holding that Rule 15 encourages courts to grant leave to amend).

E. Proposed Disposition, Defense by Defense

- **Paragraph 50 (TGTLA):** Withdrawn as a stand-alone defense; motion as to ¶50 is moot.

- **Paragraph 51 (Exhaustion/Policy adherence):** Withdrawn; motion as to ¶51 is moot.

- **Paragraph 52:** Deny Motion or, alternatively, grant leave to amend as proposed.

- **Paragraph 54:** Deny Motion or, alternatively, grant leave to amend to specify lookback period from May 10, 2024.

- **Paragraph 55:** Deny Motion or, alternatively, grant leave to amend as proposed.

- **Paragraph 58:** Deny Motion or, alternatively, grant leave to amend as proposed.

F. Proposed Amended and More Definite Statement of Affirmative Defenses

Subject to and without waiving prior denials, Defendant will file the following amended defenses within fourteen (14) days of the Court's order:

1. **Legitimate, non-retaliatory reasons / same-decision:** "Defendant acted in good faith for legitimate, non-retaliatory reasons, including, for example, Plaintiff's violation of workplace directives (e.g., directives not to disparage coworkers), disruption and undermining of team operations, and conduct admitted by Plaintiff (including a "whip him" comment concerning a coworker), which were investigated and culminated in

8

discipline including termination on March 5, 2024. Defendant would have taken the same action for these reasons irrespective of any protected communication."

2. **After-acquired evidence / unclean hands / intervening cause / setoff:** "To the extent allowable, Plaintiff's own conduct was an intervening/superseding cause of her discipline or provides an after-acquired evidence or unclean-hands limitation on relief; Defendant also asserts setoff/offset as to any sums to which Defendant is entitled. Plaintiff's own conduct was an intervening cause of discipline and/or an independent, legitimate reason supporting adverse employment action, thereby limiting or barring damages even if liability were otherwise established."

3. **Statute of limitations and repose:** "Plaintiff's claims and categories of relief are barred, in whole or in part, by applicable statutes of limitations and repose. Without limitation, any alleged actionable conduct or recoverable damages occurring outside the limitations period measured back from May 10, 2024, are time-barred."

4. **TPEPFA-specific statutory defenses:** "Defendant relies on the terms, conditions, and defenses contained in Tenn. Code Ann. § 8-50 601 *et seq.*, including but not limited to: that Plaintiff's alleged communications fall outside the statute's protected scope in whole or in part; that any such communications were not a substantial or motivating factor in the challenged action; and that Defendant would have taken the same action for legitimate, non-retaliatory reasons irrespective of any protected communication."

5. **Punitive damages:** "Punitive damages are not recoverable against Wilson County, a governmental entity, absent express statutory authorization. To the extent Plaintiff seeks punitive damages, such relief is barred. Plaintiff's recovery, if any, is limited to

9

remedies expressly authorized by TPEPFA and otherwise permitted by Tennessee law."[2]

6. **Unauthorized categories of damages:** "To the extent Plaintiff seeks categories or elements of damages that are not authorized by TPEPFA or that fall outside the permissible temporal scope of recovery, such damages are barred and should be disallowed or stricken at the appropriate time."

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike should be denied. Defendant's affirmative defenses—as voluntarily narrowed and clarified above—provide sufficient notice under the Tennessee Rules of Civil Procedure, cause no prejudice to Plaintiff, and are appropriately addressed on a more complete record. In the alternative, should the Court find amendment warranted, Defendant respectfully requests leave to file the proposed amended affirmative defenses within fourteen (14) days. Upon such amendment, the Motion to Strike should be deemed moot or denied as to the amended defenses.

Respectfully submitted this 6th day of November, 2025.

Jeff R. Thompson (BPR #020310)
Gina S. Vogel (BPR #033526)
Lewis Thomason, PC
900 S. Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37901
(865) 546-4646
JRThompson@LewisThomason.com
GVogel@LewisThomason.com
*Attorneys for Wilson County, Tennessee*

---

[2] The previously pleaded "failure to mitigate" remains and is not the subject of Plaintiff's Motion.

10

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 6th day of November, 2025, a copy of the foregoing Response to Plaintiff's Motion to Strike Affirmative Defenses has been served upon counsel of record via email and by placing same in the United States Mail, postage prepaid to:

Lance A. Baker
5141 Virginia Way, Ste 320
Brentwood, TN 37207
Lance.Baker@meridian.law
*Attorney for Plaintiff*

ATTORNEY

11

## IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE
## AT LEBANON

FILED

MAR 0 2 2025

A.M. 6:55 P.M.

MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., TN

TRESSA BUSH, )
)
    Plaintiff, )
v. )    No. 2024-CV-103
)
WILSON COUNTY, )
TENNESSEE, )
)
    Defendant. )

## MOTION TO WITHDRAW UPON PLAINTIFF RETAINING ALTERNATIVE COUNSEL AND NOTICE OF ATTORNEY LIEN FOR ATTORNEY ROLAND MUMFORD PURSUANT TO TCA 23-2-103

Comes now Roland Mumford as counsel for Plaintiff and moves this Court for an Order to withdraw as counsel of record for Plaintiff upon her retaining alternative counsel and hereby asserts pursuant to TCA 23-2-103 a lien for attorney's fees in the amount of $6,845.00 for prosecution of this cause. Counsel requests to be served all pleadings and that this Court require said lien be resolved prior to any approval of settlement and/or final judgment in this cause. In support of this Motion, the following shall be stated:

1.    Plaintiff retained Roland Mumford on March 29, 2024.

2.    Plaintiff remitted a retainer payment of $2,500.00 and agreed to an additional attorney fee of a 40% contingency fee or statutory attorneys fees, whichever amount was greater which are customary terms in the field of employment discrimination practice. See attached retainer agreement executed.

3.    Roland Mumford also represented Plaintiff for an unemployment benefits law matter parallel to this cause involving the same issues of law and fact.

4.    Roland Mumford filed a complaint in this cause on May 10, 2024.

5. Litigation has proceed in this cause with written discovery completed and depositions were about to be coordinated and scheduled.

6. Roland Mumford had a meeting with Plaintiff on or about January 30, 2025 reviewing final issues of written discovery and discussing the next stage of litigation involving depositions. Other matters were discussed that Roland Mumford did not agree to prosecute that cannot be stated herein and this adversely affected the attorney client relationship as represented by Plaintiff terminating the relationship. Prior to this meeting, Plaintiff did not at any time communicate any complaint about the attorney client relationship and the majority of the meeting was positive as usual.

7. Plaintiff communicated in writing to Roland Mumford on January 31, 2025 seeking to terminate the attorney client relationship upon the pretext that attention was more focused on a new law practice in Savannah, Georgia. Roland Mumford is transitioning to Savannah, Georgia but this is a long term plan and a practice in Tennessee would be maintained. This fact in no way delayed or prejudiced this cause in any manner.

8. Roland Mumford has been fully committed to the prosecution of this cause and there has been no undue delay or lack of effort prosecuting this cause.

9. Plaintiff has retained Meridian Law PLLC.

10. Roland Mumford has released a copy of Plaintiff's file via dropbox link and an itemization of charges to new counsel and Plaintiff.

11. Roland Mumford has requested that a lien be honored by Meridian Law PLLC and/or Plaintiff and there has been no affirmation to do so and thus requiring relief as stated herein.

12. Roland Mumford has attached an itemization of charges and affidavit hereto demonstrating work performed at an hourly rate of $350.00 per hour for a total of $9,345.00. Plaintiff is entitled to a credit of $2,500.00 for initial retainer payment remitted to Roland Mumford. Therein, the applicable outstanding amount owed to Roland Mumford by Plaintiff is $6,845.00.

13. The retainer agreement states that Plaintiff agrees to a lien of either 40% of any outstanding settlement offer rejected or $350.00 per hour whichever is greater. There has been no settlement offer in

this cause and thus the $350.00 hourly rate applies which is beyond reasonable and customary for employment discrimination practice in this jurisdiction.

14. Therein, Roland Mumford seeks an Order to withdraw as attorney of record and pursuant to TCA 23-2-103 a lien for attorney's fees in the amount of $6,845.00 for prosecution of this cause and that said lien be resolved prior to any settlement and/or judgment.

This Motion shall be heard before the Chancery Court for Wilson County, Tennessee upon a date to be scheduled and coordinated with the Court and opposing counsel and Plaintiff's new counsel. A notice of hearing shall be filed thereafter.

Respectfully submitted:


BY:    /s/Roland Mumford
       ROLAND F. MUMFORD, #26495
       Attorney for Plaintiff
       242 West Main Street
       No. 223
       Hendersonville, TN  37075
       Telephone:  615.348.0070


Certificate of Service

I certify that the following document was served upon the following counsel via U.S. Mail first class pre paid postage and/or electronic mail per agreement on the March 1, 2025 at the following address:

Jeff Thompson, Esq.
Attorney at Law
Lewis Thomason, P.C.
900 S. Gay Street, Suite 300
Knoxville, TN 37902


Attorney for Defendant

Lance A. Baker, Esq.
Meridian Law PLLC
5141 Virginia Way, Suite 320

Brentwood, TN 37027

New counsel retained by Plaintiff

Tressa Bush
402 Pea Ridge Road
Chestnut Mound, TN 38552

Plaintiff

/s/Roland Mumford
Roland Mumford

## IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE
### AT LEBANON

| | | |
|---|---|---|
| TRESSA BUSH, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No. 2024-CV-103 |
| | ) | |
| WILSON COUNTY, | ) | |
| TENNESSEE, | ) | |
| | ) | |
| **Defendant.** | ) | |

FILED
MAR 0 2 2025
A.M. 6:55 P.M.
MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., TN

## ATTORNEY FEE AFFIDAVIT

State of Tennessee

County of Sumner

I, Roland Mumford, Esq., after being first duly sworn, say and depose as follows:

1. I have been retained as attorney regard this above captioned matter and as such have used due diligence in representing Plaintiff as itemized in the attached schedule of time.

2. I have been licensed as an attorney in the State of Tennessee since 2007 and have been in private practice since December of 2007.

3. My usual and customary rate for professional services is ($350.00) per hour.

4. I have expended a total of 26.7 hours in preparation, meetings, correspondence, court filings, and hearings, for a total of $9,345.00. A copy of my itemized statement is attached hereto as Exhibit A.

5. Plaintiff is entitled to a credit of $2,500.00 for initial retainer remitted. Thus outstanding amounted owed is $6,845.00.

6. I thus seek an award of fees and lien in the amount of $6,845.00 and payment to be remitted by Plaintiff or out of any settlement or judgment in this cause.

Further affiant saith not.

Roland Mumford

Subscribed and sworn to before me on March 1, 2025.

_Amanda Oldham_
NOTARY PUBLIC

My Commission expires: 03-02-2027



# LAW OFFICES OF ROLAND MUMFORD & ASSOCIATES

*Passionate Pursuit of Justice*

Roland Mumford    Attorney at Law & Managing Partner

Main Office : U.S. Mail.
242 W. Main St.
No. 223
Hendersonville, TN 37075

Telephone: 615.348.0070
Fax: 615.246.4110
roland@mumfordlaw.net

## Discrimination Contingency Retainer Agreement

Person Is:          _____ Adult Signing for Self

_____ Disabled adult or minor, agreement signed by parent/representative

_____ Deceased, agreement signed by representative

Date of adverse action: 3/5/24
Client: Tressa Bush
DOB: 08/29/62  Location of claim: Wilson County
Parent Representative: _____
Client's County: Wilson
Street Address: 402 Pea Ridge Road
City, State, Zip: Chestnut Mound, TN 38552
Name of Employer: _____
Home Phone: _____ Work/Cell/Pager: 615.735.7305
tressabush@live.com

### Scope of Representation:

Client agrees to employ The Law Office of Roland Mumford and Associates (hereinafter "Law Office") as his/her attorney to represent his/her interest regarding the above, alleged, discrimination claim. I understand that the Law office may associate additional attorneys or law firms to serve as local counsel or to assist in the prosecution of my case. I also understand the Law Office is being employed ONLY to represent my interests, should any exist, under federal and/or state discrimination laws. This agreement does not in any way obligate the Law Office to represent me in any other potential claims; including, but not limited to: product liability, medical malpractice, divorce, child support, Medicaid subrogation claims, Medicare subrogation claims, or third party liability claims, unless provided for in a separate agreement.

### Fees, Cost, and Expenses:

This agreement does require that the client pay a non-refundable attorney fee and retainer in the amount of ($2,500.00) to employ the services of the Law office for the above stated purpose. A non-refundable attorney fee and retainer of ($2,500.00) is charged which, when paid immediately, becomes a fee which has been earned by the Law office, in consideration of the Law office reserving and/or committing time to be available in representing the CLIENT precluding the acceptance of other clients or other employment, in consideration of the Law office being precluded from accepting employment of adversary and/or conflicting interests, and for time investigating and litigating the matter in the event there is no recovery. Client shall deposit four hundred dollars and zero cents ($400.00) with attorney for filing fee of Complaint if client chooses to proceed with filing a law suit. Furthermore and in addition thereto, in consideration of the services provided by the Law Office, client agrees to pay a fee equal to Forty (40%) of the gross recovery or attorney's

Case 3:25-cv-00488 Document 1-3 Filed 04/20/25 Page 45 of 191 PageID #: 55

greater. "Gross recovery" is defined as the total recovery before the deduction and/or reimbursement of costs. The Law Office acknowledges that this second and additional part of the fee agreement is **"contingent"** and predicated upon the Law Office's success in obtaining a recovery for client. In the event the Law Office is not successful in obtaining a recovery for client's claim, the client SHALL NOT be obligated to pay the Law Office any additional attorney fee. Distribution of any fee is agreed to be paid, in full, at the time of settlement or payment of court judgment.

The Law Office will, at its sole discretion, advance the costs it deems necessary to prosecute this action and maximize the client's recovery. These costs include, but are not limited to: medical record expenses, filing fees, deposition expenses, expert witness fees, private investigator fees and court reporter fees. In addition to these expenses the client also agrees to reimburse the Law Office a flat $250.00 fee for the ordinary office expenses incurred in maintaining the client's file. Client agrees herein to be responsible for litigation expenses and/or advance or reimburse litigation expenses as defined upon demand of attorney irrespective of any recovery. Client agrees to advance costs and expenses upon attorney request if circumstances in this matter render it unwise and impracticable for attorney to advance expenses. Attorney may withdraw and terminate the attorney client relationship if client does not agree to advance costs and expenses and the initial attorney fee and retainer shall not be refunded. Any advance of funds for expenses by client shall be deposited into attorney's IOLTA trust account.

Client acknowledges that attorney has not made any representation or warranties as to the outcome or result of this matter and any initial representations on the merits of the matter constitute legal opinion based upon facts presented on this date or as the litigation proceeds.

### Termination of Representation

**Client acknowledges that the Law Office retains the right to withdraw as his/her attorney. Withdraw may be necessary if facts are uncovered which make a continuation of the attorney-client relationship or this cause of action unwise, unethical, impractical or simply impossible.** If the Law Office determines it no longer desires to represent me in this matter, I agree to consent to its withdrawal as my attorney upon proper, timely and written notice. I understand and agree that if I have moved or relocated without informing the Law Office, I may not receive notice that the law office has withdrawn its representation of me, I will therefore notify the Law Office prior to any move. If, for whatever reason, the client terminates the Law Office as his/her attorney, the client agrees that Law Office shall have a lien for services rendered equal to forty percent (40%) of any offers outstanding at the termination of representation or the Law Office's hourly billing rate ($350.00), whichever is greater. Whether attorney withdraws or client terminates attorney client relationship, the initial attorney fee and retainer remitted shall be non-refundable.

Attorney Signature: _____

Client Signature: _____

Date Accepted by Attorney: ___3 · 29 · 24___

Date of Client Signature: ___3 -29 -24___

# Bush v. Wilson County

Date Range: [ All time ▼ ]

 

| Total | Billable | Non-Billable | Invoiced | Un-Invoiced |
|---|---|---|---|---|
| **$9,345.00** | **$8,260.00** | **$1,085.00** | **$0.00** | **$9,345.00** |
| 26.70 hour(s) | 23.60 hour(s) | 3.10 hour(s) | 0.00 hour(s) | 26.70 hour(s) |

Text Size ⊝ ⊕

| | DATE | ACTIVITY | DURATION | DESCRIPTION | RATE | TOTAL | STATUS | USER |
|---|---|---|---|---|---|---|---|---|
| ☐ | Feb 21, 2025 | ● General activity | 0.4 | Organizing copy of client folder for new attorney. | $350.00/hr | $140.00 | Open | Roland Mumford |
| ☐ | Feb 21, 2025 | ● Email | 0.2 | Emails with new attorney | $350.00/hr | $70.00 | Open | Roland Mumford |
| ☐ | Jan 30, 2025 | ● Email with opposing counsel | 0.1 | Email to OC requesting deposition dates | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jan 30, 2025 | ● Client meeting | 2.5 | Client meeting over discovery responses | $350.00/hr | $875.00 | Open | Roland Mumford |
| ☐ | Jan 28, 2025 | ● Email with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jan 28, 2025 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jan 17, 2025 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jan 15, 2025 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jan 13, 2025 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jan 11, 2025 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jan 7, 2025 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jan 2, 2025 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Dec 26, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Dec 20, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Dec 19, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Dec 19, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Dec 17, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Dec 13, 2024 | ● Email with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |

| DATE | ACTIVITY | DURATION | DESCRIPTION | RATE | TOTAL | STATUS | USER |
|---|---|---|---|---|---|---|---|
| ☐ Dec 3, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Nov 17, 2024 | ● Message with client | 0.1 | | $350.00/hr | 35.00 | Open | Roland Mumford |
| ☐ Nov 13, 2024 | ● Email with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Nov 13, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Nov 13, 2024 | ● Draft Pleading | 4.5 | Draft written discovery responses and produce documents to OC. Client meeting working on responses. | $350.00/hr | $1,575.00 | Open | Roland Mumford |
| ☐ Nov 5, 2024 | ● Email with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Oct 26, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Oct 25, 2024 | ● Email with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Oct 3, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Sep 18, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Sep 8, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Sep 3, 2024 | ● Email with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Aug 16, 2024 | ● Draft Pleading | 1.5 | Draft written discovery to defendant | $350.00/hr | $525.00 | Open | Roland Mumford |
| ☐ Aug 16, 2024 | ● Email with opposing counsel | 0.1 | Email with opposing counsel written discovery. | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Aug 12, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Aug 10, 2024 | ● Email with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Aug 9, 2024 | ● Email with opposing counsel | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Aug 9, 2024 | ● Email with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Aug 9, 2024 | ● Client meeting | 3.0 | Client meeting drafting written discovery to propound to Defendant. | $350.00/hr | $1,050.00 | Open | Roland Mumford |
| ☐ Aug 6, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Aug 5, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Jul 22, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ Jul 19, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |

| | DATE | ACTIVITY | DURATION | DESCRIPTION | RATE | TOTAL | STATUS | USER |
|---|---|---|---|---|---|---|---|---|
| ☐ | Jul 14, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jul 7, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jul 2, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jun 30, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jun 28, 2024 | ● Email with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jun 28, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jun 28, 2024 | General activity | 2.7 | Unemployment hearing and client meeting | $350.00/hr | $945.00 | Open | Roland Mumford |
| ☐ | Jun 24, 2024 | ● Email with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jun 19, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jun 11, 2024 | ● Email with opposing counsel | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jun 11, 2024 | ● Email with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jun 11, 2024 | ● General activity | 1.5 | Client meeting preparing for unemployment hearing and actual phone hearing with unemployment hearing officer. | $350.00/hr | $525.00 | Open | Roland Mumford |
| ☐ | Jun 11, 2024 | ● Review of Pleading | 0.3 | Review of Answer filed by defendant | $350.00/hr | $105.00 | Open | Roland Mumford |
| ☐ | Jun 7, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jun 7, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Jun 7, 2024 | Draft Correspondence | 0.4 | Draft unemployment appeal and fax | $350.00/hr | $140.00 | Open | Roland Mumford |
| ☐ | Jun 5, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | May 25, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | May 24, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | May 20, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | May 18, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | May 9, 2024 | ● Draft Pleading | 3.0 | Draft complaint. | $350.00/hr | $1,050.00 | Open | Roland Mumford |
| ☐ | May 1, 2024 | ● Email with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |

| | DATE | ACTIVITY | DURATION | DESCRIPTION | RATE | TOTAL | STATUS | USER |
|---|---|---|---|---|---|---|---|---|
| ☐ | Apr 16, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Apr 14, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Apr 13, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Mar 31, 2024 | ● Message with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Mar 29, 2024 | ● Email with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |
| ☐ | Mar 29, 2024 | ● Client meeting | 0.8 | Client intake meeting discussing case and being retained. | $350.00/hr | $280.00 | Open | Roland Mumford |
| ☐ | Mar 28, 2024 | ● Email with client | 0.1 | | $350.00/hr | $35.00 | Open | Roland Mumford |

## IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE

TRESSA BUSH,                                  )
                                              )
          Plaintiff,                          )     Docket: 2024CV103
                                              )
vs.                                           )     JURY-DEMAND-(12)
                                              )
WILSON COUNTY, TENNESSEE,                     )
                                              )
          Defendant.                          )

**FILED**

MAR - 5 2025
A.M. 9:25 P.M.
MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., TN

---

### NOTICE OF APPEARANCE

---

Lance A. Baker, Katelyn B. Barham and Meridian Law, PLLC, hereby give notice that they

will represent the Plaintiff Tressa Bush in this cause.


Respectfully submitted,

**MERIDIAN LAW**
PLLC

By:  */s/ Lance A. Baker*
Lance A. Baker (#015152)
Katelyn B. Barham (#041434)
5141 Virginia Way, Suite 320
Brentwood, TN 37027
615-229-7499 (office)
615-229-7498 (fax)
www.meridian.law
lance.baker@meridian.law
katelyn.barham@meridian.law
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Notice has been served by email on:

Roland F. Mumford (#26495)
242 West Main Street, No. 223
Hendersonville, TN 37075
T : (615) 348-0070
F : (615) 246-4110
roland@mumfordlaw.net

Jeff R.Thompson (#020310)
Gina S. Vogel (#033526)
Lewis Thomason, P.C.
900 S. Gay St, Ste 300
P.O. Box 2425
Knoxville, TN 37901
T : (865) 546-4646
F : (865) 523-6529
jrthompson@lewisthomason.com
gvogel@lewisthomason.com
*Counsel for Defendant*

on this 3rd day of March, 2025.

*/s/ Lance A. Baker*
Lance A. Baker

| | | |
|---|---|---|
| TRESSA BUSH, | ) | |
| | ) | |
| Plaintiff, | ) | Docket: 2024CV103 |
| | ) | |
| vs. | ) | JURY DEMAND (12) |
| | ) | |
| WILSON COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

**A.M.** OCT 18 2025 **P.M.**
1:06
MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., TN

## NOTICE OF RESETTING HEARING ON MOTION TO STRIKE

Defendant B&C Flooring, LLC, by and through counsel, gives notice to the Court and all

parties that its Motion to Strike, filed September 26, 2025, shall be heard on **Friday, November**

**7, 2025 at 9:00 a.m.** in the Chancery Court for Wilson County, Tennessee.

Respectfully submitted,

 **MERIDIAN LAW**
——— PLLC ———

By:  /s/ Lance A. Baker
Lance A. Baker (#015152)
5141 Virginia Way, Ste 320
Brentwood, TN 37207
615-229-7499 (office)
lance.baker@meridian.law
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

Case 3:26-cv-00488    Document 1-3    Filed 04/20/26    Page 53 of 191 PageID #: 63

I hereby certify that a true and exact copy of the foregoing **Notice** has been served by email on:

Jeff R. Thompson (#020310)
Gina S. Vogel (#033526)
Lewis Thomason, P.C.
900 S. Gay Street, Ste 300
P.O. Box 2425
Knoxville, TN 37901
gvogel@lewisthomason.com
jrthompson@lewisthomason.com
*Counsel for Defendant Wilson County*

on this 16th day of October 16, 2025.

*/s/ Lance A. Baker*
Lance A. Baker

# IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE

TRESSA BUSH,

    Plaintiff,

vs.

WILSON COUNTY, TENNESSEE,

    Defendant.

)
)
)
)
)
)
)
)
)
)

Docket: 2024CV103

JURY DEMAND (12)

FILED

AUG 1 3 2025

A.M. 3:30 P.M.

MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., TN

## NOTICE OF SUBSTITUTION OF COUNSEL FOR PLAINTIFF

Lance A. Baker, Katelyn B. Barham, and Meridian Law, PLLC are currently listed as counsel of record for Plaintiff Tressa Bush ("Plaintiff") in this case. Katelyn Barham will no longer be representing the Plaintiff and should be removed as counsel of record for Plaintiff. Future case filings should continue to be sent to Lance A. Baker provided below.

Respectfully submitted,



MERIDIAN LAW
——— PLLC ———

By:    */s/ Lance A. Baker*

      Lance A. Baker (#015152)
      5141 Virginia Way, Ste 320
      Brentwood, TN 37207
      615-229-7499 (office)
      lance.baker@meridian.law
      *Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **Notice** has been served by email on:

Jeff R. Thompson (#020310)
Gina S. Vogel (#033526)
Lewis Thomason, P.C.
900 S. Gay Street, Ste 300
P.O. Box 2425
Knoxville, TN 37901
gvogel@lewisthomason.com
jrthompson@lewisthomason.com
*Counsel for Defendant Wilson County*

on this 13th day of August, 2025.

/s/ *Lance A. Baker*
Lance A. Baker

2

original

# IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE

| | |
|---|---|
| TRESSA BUSH, | ) |
| Plaintiff, | ) Docket: 2024CV103 |
| vs. | ) JURY DEMAND (12) |
| WILSON COUNTY, TENNESSEE; | ) |
| WILSON COUNTY MAYOR RANDALL HUTTO, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; | ) |
| QIANA SCRUGGS, WILSON COUNTY DIRECTOR OF HUMAN RESOURCES, IN HER OFFICIAL AND INDIVIDUAL CAPACITY; | |
| KENNETH HAMMONDS, Jr. FORMER WILSON COUNTY DIRECTOR OF INFORMATION TECHNOLOGY and DEPARTMENT HEAD, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; and | |
| AARON WILSON, WILSON COUNTY INFORMATION TECHNOLOGY DEPARTMENT MANAGER / EMPLOYEE IN HIS OFFICIAL AND INDIVIDUAL CAPACITY | |
| Defendants. | |

FILED MAR 19 2026 A.M. 9:40 P.M. MILLIE SLOAN, CLERK & MASTER CHANCERY COURT WILSON CO., TN

---

## PLAINTIFF TRESSA BUSH'S AMENDED COMPLAINT

---

COMES NOW the Plaintiff, Tressa Bush, by and through counsel, and brings this Amended Complaint against the Defendants Wilson County, Tennessee, Randall Hutto in both his official and individual capacity, Qiana Scruggs in both her official and individual capacity, Kenneth Hammonds in both his former official capacity and his individual capacity, and Aaron Wilson in both his official and individual capacity, pursuant to the Tennessee Public Employee

1

Political Freedom Act (Tennessee Code Annotated ("Tenn. Code Ann.") §8-50-601, *et. seq.*); the First Amendment, the Fourth Amendment, and the Fourteenth Amendment to the Constitution of the United States of America, and 42 United States Code §1983, and other federal and / or state statutes, for violations and deprivations of Plaintiff's federal First Amendment right to Freedom of Speech, Fourth Amendment right against Unreasonable Searches and Seizures, Fourteenth Amendment right to Due Process, and for violations of Plaintiffs federal statutory rights against illegal "wiretapping;" and seeks compensatory, punitive and treble damages, and attorney's fees and costs against Defendants, jointly and severally, and would respectfully show the Court as follows:

## I. PARTIES, JURISDICTION, and VENUE

1.      The Plaintiff, Tressa Bush, is a citizen and resident of Smith County, Tennessee residing at 402 Pea Ridge Road, Chest Nut Mound, Tennessee 38552.

2.      Defendant Wilson County, Tennessee (hereinafter "Defendant Wilson County"), is a governmental entity and political subdivision formed under the laws of the State of Tennessee. Defendant Wilson County may be served process through County Executive and/or Mayor Randall Hutto at Wilson County Courthouse, 228 East Main Street, Lebanon, TN 37087.

3.      Defendant Randall Hutto, upon information and belief, is a citizen and resident of Wilson County, Tennessee, residing at 2502 Kinderhill Way, Lebanon, Tennessee 37090, at which address he may be served with legal process. Defendant Hutto currently serves, and at all material times to the Plaintiff's claims in this Complaint, has served, as the County Mayor and / or County Executive for Wilson County, Tennessee. Defendant Hutto is sued in both his official capacity as County Mayor and / or County Executive for Wilson County, Tennessee, and in his individual capacity.

2

4. Defendant Qiana Scruggs, upon information and belief, is a citizen and resident of Davidson County, Tennessee, residing at 1536 Andchel Drive, Hermitage, Tennessee 37076, at which address she may be served with legal process. Defendant Scruggs currently serves, and at all material times to the Plaintiff's claims in this Complaint, has served, as the Director of Human Resources for Wilson County, Tennessee, and is both an employee and agent of Wilson County. Defendant Scruggs is sued in both her official capacity as Director of Human Resources for Wilson County, Tennessee, and in her individual capacity.

5. Defendant Kenneth Hammonds, Jr., upon information and belief, is a citizen and resident of Wilson County, Tennessee, residing at 3022 B Rader Drive, LaVergne, Tennessee 37086, at which address he may be served with legal process. Defendant Hammonds was formerly employed by Defendant Wilson County as its Director of Information Technology ("IT"), and as the department head for the Wilson County IT Department, and at all material times to the Plaintiff's claims in this Complaint, has served, in such capacity for Wilson County, Tennessee. Upon information and belief, Defendant Hammonds was recently terminated or discharged, or resigned, from employment with Wilson County, Tennessee. Defendant Hammonds has been indicted by a Wilson County Grand Jury and criminal charges are pending against him arising out of his former employment with Wilson County. *See attached hereto and incorporated herein* **Exhibit A.** Defendant Hammonds is sued in both his official capacity as the former Director of Information Technology for Wilson County, Tennessee, and in his individual capacity.

6. Defendant Aaron Wilson, upon information and belief, is a citizen and resident of Wilson County, Tennessee, residing at 631 B C L Manier Street, Lebanon, TN 37087, at which address he may be served with legal process. Defendant Wilson is employed by Defendant Wilson County as a manager in the Wilson County Department of Information Technology ("IT"), and at

3

all material times to the Plaintiff's claims in this Complaint, has served in such capacity for Wilson County, Tennessee. Defendant Wilson is sued in both his official capacity as a Manager for the Department of Information Technology for Wilson County, Tennessee, and in his individual capacity.

7.  This court has subject matter jurisdiction over this case pursuant to Tenn. Code Ann. **§ 16-1-101; § 16-11-101; § 16-11-102; § 16-11-103**; the Constitution of the United States of America, Article VI. ("Supremacy Clause"); Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); Martinez v. California, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); and Poling v. Goins, 713 S.W.2d 305 (Tenn. 1986).

8.  This court has personal jurisdiction over each Defendant as each Defendant is located in, and / or has substantial contacts, or does business, or resides in Wilson County, Tennessee, and the facts giving rise to this lawsuit arose in, and are substantially related to, Wilson County, Tennessee.

9.  Venue in this court and Wilson County is proper pursuant to Tenn. Code Ann. **§ 20-4-101; § 20-4-102; § 20-4-103; § 20-4-104 and § 16-11-114**.

## II. FACTS

10.  Plaintiff Bush was hired by Defendant Wilson County on or about March 14, 2018.

11.  Plaintiff Bush was hired as an exempt full-time employee as the Public, Education, and Government ("PEG") cable television channel / program / public access station Manager, with the general responsibility and authority to perform a variety professional and administrative work, and to manage, operate, and supervise the activities, operations, programming, budget preparation, and staff of the Wilson County PEG cable television channel / program / public access station.

4

12. At all times material to the Plaintiff's claims in this Amended Complaint, Defendant Hammonds served as a full-time employee of Wilson County serving as the Director of the Wilson County Department of Information Technology. Defendant Hammonds was the direct supervisor over Plaintiff for administrative purposes but did not exercise direct control or management over all aspects of PEG channel / program / station activities or operations.

13. Plaintiff Bush managed and supervised from time to time up to six to eight employees in her division which was known and often referred to as "Wilson County Public Television" ("WCTV") although it was not a formally established or separate department from the Wilson County Information Technology Department.

14. For some purposes, Plaintiff Bush reported directly to County Mayor Hutto; for other purposes Plaintiff Bush reported directly to IT Director Defendant Hammonds.

15. During the initial years of Plaintiff Bush's employment as PEG Manager for Defendant Wilson County, Plaintiff Bush had a cordial, productive, and professional working relationship with both Defendant Hammonds and Defendant Wilson, as well as with Defendant Scruggs and Defendant Mayor Hutto.

16. However, over time Plaintiff Bush began to experience difficulties in dealing with Defendant Hammonds and especially with Defendant Wilson. These difficulties stemmed from inadequate computer / audio-visual / cable television technology support provided by, or which was supposed to be provided by, the Wilson County IT Department generally, and Defendant Hammonds and especially Defendant Wilson specifically, to the PEG / WCTV operations division and Plaintiff Bush. Differences between Plaintiff Bush and Defendant Hammonds and Defendant Wilson regarding the use of technology equipment, its location, the type of technology equipment that was best to use in connection with PEG station / WCTV activities and operations, and

5

disagreements over equipment purchases, types of internet connections (fiber versus coaxial cable) began to occur in 2022. Defendant Wilson specifically requested and strongly urged Plaintiff Bush to relocate the PEG / WCTV technical electronic equipment out of the computer room and into a room that was formerly used as a maintenance storage room and later as a women's bathroom. Defendant Mayor Hutto, however, declined to require the relocation of the PEG / WCTV technical electronic equipment from the computer room. This decision by Defendant Mayor Hutto incensed, agitated, and / or upset Defendant Wilson. These differences and disagreements became more frequent and more difficult to resolve in the first half of 2023 and came to a head starting in the Summer of 2023.

17.    Plaintiff Bush informed Defendant Hammonds and Defendant Wilson that it was time for WCTV to move its equipment from the shared "rack" in the Wilson County computer room into one of the two "rolling racks" in the same room, all located inside the "Baptist Building" owned by Wilson County.

18.    Defendant Wilson responded that technical equipment under his supervision should be segregated from WCTV equipment in the "Baptist Building" as well as at the Courthouse "due to cyber security regulations in the county's insurance policy." There was continuing consternation and disagreement over specific room locations for the technology equipment necessary for PEG channel / WCTV operations between Defendant Wilson and Plaintiff Bush.

19.    On or about June 16, 2023, Defendant Wilson County Mayor Hutto sent a text to Plaintiff Bush directing her to meet him at his office, which Plaintiff Bush did, where Wilson County Finance Director Aaron Maynard and Defendant Wilson County Human Resources Director Scruggs were present.

6

20.     Defendant Mayor Hutto directed Plaintiff Bush to go and meet with Finance Director Maynard in his office, which she did. Thereafter, while meeting with Finance Director Maynard in his office, he proceeded to show Plaintiff Bush photographs of various and expensive technical equipment such cameras and drones. Finance Director Maynard questioned Plaintiff Bush about her knowledge of expenditures and purchases of such equipment, and stated that purchase orders for such equipment indicated that some of these items of technology equipment had been purchased for the Information Technology Department and the PEG / WCTV division.

21.     Plaintiff Bush responded that she had no knowledge about such equipment, expenditures, or about their purchase / acquisition, and informed Finance Director Maynard that these items of technical equipment were not necessary for her PEG channel / WCTV operations.

22.     On or about June 20, 2023, Plaintiff Bush communicated with Defendant Mayor Hutto about the issues raised by and discussed with Defendant Wilson previously pertaining to the location of technical equipment used by and necessary to PEG channel / WCTV operations and the matter involving the Wilson County insurance policy. These issues are related to Plaintiff Bush's job as prescribed by and within the meaning of TCA 8- 50-602(a).

23.     On or about June 23, 2023, Plaintiff Bush learned from an employee in the Wilson County maintenance department that Defendant Wilson had punched a wall in the Wilson County owned "Baptist building" in the restroom, which is the room where Defendant Wilson requested Plaintiff Bush to relocate her technical electronic equipment, causing significant damage, allegedly arising out of his frustration with Plaintiff Bush raising her concerns about the location of technical equipment used by and necessary to PEG channel / WCTV operations.

24.     On or about July 11, 2023, Defendant County Mayor Hutto convened a meeting with Plaintiff Bush, Defendant Wilson (IT Manager), Defendant Hammonds (IT Director), and

7

Defendant Scruggs (HR Director). Defendant Wilson communicated to the group that Plaintiff Bush cannot be around his IT department's technical equipment due to an insurance policy term or condition. Defendant County Mayor Hutto responded by suggesting that Plaintiff Bush be allowed keep the PEG / WCTV technical electronic equipment in the computer room as it had been since the PEG channel was established and began broadcast operations in 2018, and to enter the room where the technical equipment was located and to inform the Wilson County insurance company she is approved to do so. Defendant Wilson rejected this suggestion of Defendant Mayor Hutto. However, Defendant Mayor Hutto decided that the PEG / WCTV technical equipment would remain being located in the computer room.

25. On or about August 17, 2023, immediately before a Wilson County Board of Zoning Appeals meeting in the Courthouse, Defendant Wilson stated to Plaintiff Bush that she would be locked out of the Courthouse computer room (which is separate from the "Baptist" building computer room) and that she had to relocate the PEG channel / WCTV technical equipment from the Courthouse computer room and into an open hallway, even though Plaintiff Bush believed doing so could potentially leave the equipment unsecured and would or could have a detrimental impact on PEG channel / WCTV operations.

26. On or about August 17, 2023, at the conclusion of the Board of Zoning Appeals meeting, Plaintiff Bush communicated with Wilson County Commissioner Lauren Breeze about Defendant Wilson's prior statements to Plaintiff Bush that she would be locked out of the Courthouse computer room and regarding the matter of the Wilson County insurance policy and Defendant Wilson's statements that the insurance policy required that the PEG channel / WCTV technical electronic equipment could not be located with the other Wilson County technical electronic equipment.

8

27. County Commissioner Lauren Breeze responded at that time that Plaintiff Bush should communicate with Finance Director Maynard about Plaintiff Bush's concerns regarding the location of the PEG channel / WCTV technical electronic equipment and the alleged insurance policy exclusions, limitations, requirements, or prohibitions. Commissioner Breeze and Plaintiff Bush then proceeded to meet with Finance Director Maynard where the issues of relocating the PEG / WCTV technical electronic equipment and the alleged insurance issue were discussed. Finance Director Maynard stated that he was not aware of any such insurance policy exclusion, limitation, requirement, or prohibition, and informed Plaintiff Bush and Commissioner Breeze that he would investigate the matter and get back to them.

28. Approximately three days later, Finance Director Maynard responded to Plaintiff Bush and informed her that there was no such insurance policy exclusion, limitation, requirement, or prohibition, or regulation that required relocation or separation of the PEG channel / WCTV technical electronic equipment or which prohibited the co-location of such equipment with other Wilson County technical electronic equipment, or which prohibited Plaintiff Bush from having access to the computer room.

29. On or about August 28, 2023, Plaintiff Bush communicated with Defendant HR Director Scruggs that Defendant Wilson's contention about an insurance policy exclusion or regulation was false and also reported the information she had received about Defendant Wilson punching a wall causing significant damage the Wilson County owned "Baptist" building. Plaintiff Bush communicated a general narrative that Defendant Wilson was bullying and targeting her and that she wanted to file a formal complaint. Defendant Scruggs explained to Plaintiff Bush that the concerns and allegations Plaintiff Bush had raised with regard to Defendant Wilson would be a matter of "he said, she said," and would become a public record. Plaintiff Bush decided to let the

9

matter rest in the hope that interactions with Defendant Wilson would improve or at least not worsen and that their differences regarding equipment relocation and the other issues would now be resolved and settled. Consequently, Plaintiff Bush decided against filing a formal complaint against Defendant Wilson.

30.     On or about August 29, 2023, Plaintiff Bush conferred with Defendant County Mayor Hutto about Defendant Wilson's false contentions regarding the alleged insurance policy exclusion and regarding his punching and damaging of the "Baptist" building property wall. Plaintiff Bush also communicated to Defendant Mayor Hutto regarding Defendant Wilson reposting a Facebook meme post by a third-party in which an information technology professional warns that people should not ever interfere with the IT professional as there could be repercussions. The IT professional character in the meme elaborates about knowing every employees' passwords and communications and proceeds to end with a warning: "Don't Fuck with the IT Guy." Plaintiff Bush found this Facebook meme post by Defendant Wilson to be disturbing, threatening, improper for the workplace, and a potential violation of the Wilson County employee handbook provisions pertaining to social media use by employees, and so informed Defendant Mayor Hutto. At that time, Defendant Wilson's Facebook page or account was "public" and readily viewable by members of the public, to include Plaintiff Bush, whether they were "friends" of Defendant Wilson through his Facebook page or account or not.

31.     On or about August 31, 2023, Defendant County Mayor Hutto met again with Plaintiff Bush and Defendant Scruggs in which he minimized the event of Defendant Wilson damaging the wall; inquired if Plaintiff Bush was afraid of Defendant Wilson; and rebuffed the matter of Defendant Wilson's social media post as inconsequential in that it did not mention Wilson County government specifically, even though it likely occurred during the time and course of

10

Defendant Wilson's employment, and even though any reasonable person, to include Plaintiff Bush, who knew Defendant Wilson and his job position, could have reasonably interpreted the post as threatening to Wilson County employees, to include Plaintiff Bush, and could be seen as a "shot across the bow."

32. On or about September 5, 2023, Defendant Wilson locked or caused Plaintiff Bush to be locked out of the "Baptist Building" computer room without the consent of Defendant County Mayor Hutto or Plaintiff Bush.

33. On or about September 7, 2023, Defendant Wilson rearranged some of the PEG / WCTV equipment within the "Baptist" building computer room without the knowledge or approval of Plaintiff Bush, which Defendant Wilson later admitted to Plaintiff Bush.

34. On or about September 19, 2023, Defendant Mayor Hutto convened another meeting with Plaintiff Bush, Defendant Wilson, Defendant Hammonds, and Defendant Scruggs, and stated that PEG / WCTV division was a "silo" under the Information Technology Department, and that all the parties were a team. Defendant Mayor Hutto orally stated that the parties should not communicate about and/or disparage each other any further and if any equipment was "sabotaged" then the person would be terminated. Defendant Mayor Hutto orally warned Plaintiff Bush against communicating with others outside the Wilson County government administration and to instead directed that if Plaintiff Bush has any work problems or issues, to come directly and only to him (Defendant Mayor Hutto), or to Defendant Hammonds, or to Defendant Scruggs.

35. On or about October 22 or 23, 2023, Plaintiff Bush met with and discussed various issues regarding interactions with, and support or lack thereof, provided to her and the PEG / WCTV division and its operations, by the Wilson County IT Department, and by Defendant Hammonds, and Defendant Wilson, with County Commissioner Lauren Breeze. This conversation

11

was conducted in-person in Plaintiff Bush's office located in the "Baptist" building. This conversation was recorded by a security camera that had previously been installed, or caused to be installed, by Defendant Hammonds and / or Defendant Wilson, and was located in the lobby but immediately outside and very near to the door of Plaintiff Bush's office. The security camera recorded both video of the conversation, as well as audio. During this conversation, the door to Plaintiff Bush's office was open. Neither Plaintiff Bush, nor County Commissioner Lauren Breeze, were aware that the security camera recorded not just video but also audio. Plaintiff Bush did not approve, and never gave her consent, to the audio recording of her conversation with Commissioner Breeze, nor of any other oral conversations she had at any time while in her office, or the "Baptist" building to include any telephone and / or cellular phone conversations Plaintiff Bush had. Plaintiff Bush did not become aware that the security camera recorded and stored audio recordings of her conversations until well after this lawsuit was filed and discovery was provided by Defendant Wilson County.

36. On or about October 25, 2023, Defendant Wilson filed a formal complaint against Plaintiff Bush. However, Plaintiff Bush was not informed about this formal complaint until November 28, 2023, in a meeting with Defendant Scruggs.

37. On or about November 1, 2023, Defendant Hammonds reprimanded Plaintiff for allegedly disparaging Defendant Wilson in violation of Defendant Mayor Hutto's oral instructions / directive from September 19, 2023. Plaintiff Bush denied these allegations that she had disparaged Defendant Wilson or that she had violated any instructions or directives from Mayor Hutto. Defendant Hammonds did not provide any specific facts or proof to support the allegation in the meeting with Plaintiff Bush. Present in the meeting, Defendant Scruggs also raised the issue

12

of Plaintiff sharing the Facebook meme (the "Don't Fuck with the IT Guy" meme) that had been reposted by Defendant Wilson with elected official Commissioner Lauren Breeze.

38.     On or about November 28, 2023, Plaintiff met with and was interviewed / interrogated by Defendant Scruggs, who asked Plaintiff Bush direct questions about a number of allegations raised against her by Defendant Wilson, which Plaintiff denied. Plaintiff Bush admitted that she had previously used the colloquial phrase "I'll whip you" as a sarcastic remark in jest but adamantly denied ever stating or using that phrase to Defendant Wilson. Plaintiff Bush was not fully or completely informed regarding the specific facts, evidence, or proof to support Defendant Wilson's allegations against her, and Defendant Scruggs failed to inform Plaintiff Bush as to the identity of all the witnesses, other than Defendant Wilson and one other witness, who provided information either for or against Plaintiff Bush regarding the allegations and the complaint lodged by Defendant Wilson against Plaintiff Bush.

39.     Upon information and belief, Defendant Wilson took actions, and / or failed to take actions, that interfered with PEG channel / WCTV production operations and equipment between approximately December 2023 and March 2024 in retaliation against Plaintiff Bush, in an effort to discredit her, her work performance, and her job knowledge.

40.     On March 5, 2024, Defendant Hammonds and Defendant Scruggs met with Plaintiff Bush. Defendant Scruggs had allegedly conducted an investigation into the allegations and formal complaint filed by Defendant Wilson against Plaintiff Bush, and had developed or produced a written report, or summary of her factual findings and conclusions which were presented to Plaintiff Bush for the first time at this meeting. Defendant Scruggs allegedly found that there were multiple factual grounds for disciplinary action against Plaintiff Bush. However, most all of the alleged factual grounds for disciplinary action had never before been presented to,

13

or discussed with Plaintiff Bush, and Plaintiff Bush was never provided an opportunity to review these new charges and any evidence or proof allegedly in support thereof, nor to respond to these new charges. In this same meeting, Defendant Hammonds terminated Plaintiff Bush's employment with Wilson County. Defendant Hammonds made the decision to terminate Plaintiff Bush, or alternatively, Defendant Hammonds terminated Plaintiff Bush at the direction of Defendant Mayor Hutto who was the ultimate decision maker.

41. Prior to June 2023, Plaintiff had a good working relationship with Defendant Wilson. Each of them cooperated in resolving technical equipment issues without issue.

42. The relationship between Plaintiff Bush and Defendant Wilson devolved and deteriorated after Plaintiff Bush conferred with Defendant Mayor Hutto and with County Commissioner Lauren Breeze as elected officials about her job related issues with the IT Department and its support or lack thereof and with Defendant Wilson, as well as other matters of public concern, as described above and below, and after her meeting with Finance Director Maynard regarding questionable purchases / equipment acquisitions by the IT Department.

43. In the aftermath of the events described above herein, Defendant Wilson County, through its County Commission legislative body, enacted, passed, and approved three separate Resolutions: (1) pertaining to the use of security cameras and specifically addressing and limiting the use of such cameras to make audio recordings; (2) to conduct or cause to be conducted, and / or to procure a technology asset reconciliation audit; and (3) addressing the organizational structure and reporting channels pertaining to the PEG channel / WCTV division and operations and the Information Technology Department, and delineating a clear separation between the two. *See attached hereto and incorporated herein collective* **Exhibit B.**

14

44.    Federal statutory law, specifically 18 United States Code §2511 and §2520 provides

in pertinent part as follows:

**18 U.S.C. §2511 – Interception and disclosure of wire, oral, or electronic communications prohibited.**

**(1)** Except as otherwise specifically provided in this chapter, any person who –

    **(a)** Intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any ... oral, or electronic communication;

    **(b)** Intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when –

        (i)    such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication;

    **(c)** intentionally discloses, or endeavors to disclose, to any other person the contents of any ... oral, or electronic communication, knowing or having a reason to know that the information was obtained through the interception of a ... oral, or electronic communication in violation of this subsection;

    **(d)** intentionally uses, or endeavors to use, the contents of any ... oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a ... oral, or electronic communication in violation of this subsection;

    **(e)**

shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

**18 U.S.C. §2520 – Recovery of civil damages authorized.**

**(a) In General.** – Except as provided in section 2511(a)(ii), any person whose ... oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, ... which engaged in that violation such relief as may be appropriate.

**(b) Relief.** – In an action under this section, appropriate relief includes

        (1) such preliminary and other equitable or declaratory relief as may be appropriate;

15

(2) damages under subsection (c) and punitive damages in appropriate cases; and

(3) a reasonable attorney's fee and other litigation costs reasonably incurred.

## III. CLAIMS

**COUNT 1. VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE TENNESSEE PUBLIC EMPLOYEE POLITICAL FREEDOM ACT OF 1980 (TENN. CODE ANN. §8-50-601 et seq.) AGAINST DEFENDANT WILSON COUNTY**

45. Plaintiff incorporates paragraphs 1 through 43 herein by reference.

46. Plaintiff was an employee of Defendant Wilson County, Tennessee.

47. Plaintiff communicated with elected officials County Mayor Randall Hutto and County Commissioner Lauren Breeze each of whom constitute an elected official under the Public Employee Political Freedom Act of 1980.

48. Defendant, through its officials with final decision-making authority, disciplined, threatened to discipline, or otherwise took an adverse employment action against the Plaintiff Bush, by creating a hostile work environment, and by terminating her..

49. Plaintiff's communication with elected and other public officials was a substantial or motivating factor in the adverse action taken by Defendant Wilson County through its officials, employees, and / or agents against Plaintiff Bush.

50. Defendant Wilson County disciplined, threatened to discipline, or otherwise discriminated against Plaintiff Bush because she exercised her right to communicate with elected public officials.

16

51. Plaintiff Bush was terminated from her employment with Defendant Wilson County as an act of discipline and / or discrimination specifically prohibited by Tenn. Code Ann. §8-50-602 et seq. in retaliation against Plaintiff Bush for communicating with an elected official, specifically, with Defendant Mayor Hutto, and / or with County Commissioner Laura Breeze.

52. Defendant Wilson County's conduct caused embarrassment, humiliation, and economic damages in the form of lost pay, lost compensatory time off, lost retirement and health benefits, and additional damages averred below and herein which is continuous and ongoing.

53. Defendant Wilson County violated Plaintiff Bush's rights under the Tennessee Public Employee Political Freedom Act of 1980 (Tenn. Code Ann. **§8-50-601 et seq.**)

54. As a proximate result of the Defendant's adverse employment action and/or wrongful termination of Plaintiff Bush, she has suffered the following damages:

   a. loss of past, present, and future wages and the loss of certain benefits of employment such as loss of retirement and health benefits and compensatory and or vacation or sick time off, back pay, interest on back pay, front pay;

   b. pecuniary losses;

   c. emotional pain;

   d. pain and suffering;

   e. inconvenience;

   f. mental anguish;

   g. loss of enjoyment of life;

   h. non-pecuniary losses;

   i. punitive damages;

   j. costs and expenses;

17

k. attorney's fees.

## COUNT 2. DEPRIVATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE SPEECH (PRIOR RESTRAINT) AGAINST DEFENDANT <u>WILSON COUNTY</u> PURSUANT TO 42 U.S.C. §1983

55. Plaintiff incorporates paragraphs 1 through 43 herein by reference.

56. Defendant Wilson County, acting through its Mayor, Defendant Randall Hutto, and its' Human Resources Director, Qiana Scruggs, and its' former employee and Information Technology Director, Ken Hammonds who has been terminated by Defendant Wilson County, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and enforced an unwritten policy, custom, usage, or well-settled practice, prohibiting unelected employees of Defendant Wilson County, to include Plaintiff Bush, from communicating directly with elected officials, and in particular with County Commissioners, and / or with the public at-large, regarding any information which may be regarded by Defendant Mayor Hutto as negative or which casts Defendant Wilson County, Defendant Mayor Hutto, and / or any other Wilson County employees in a negative light, or in an unfavorable manner, or which is critical of said persons, in any way whatsoever.

57. Defendant Wilson County, through the actions, directives, instructions, and decisions of Defendant Mayor Hutto, Defendant HR Director Scruggs, and Defendant former IT Director Hammonds, deprived Plaintiff Bush of her First Amendment right to free speech, acting under color of law, by unlawfully and unconstitutionally imposing upon Plaintiff Bush a prior restraint, to muzzle her speech, by directing and instructing Plaintiff Bush to not speak with elected Wilson County Commissioners, or other Wilson County employees, or the general

18

public at-large, regarding any information, facts, opinions, issues, or concerns that she had, or may have had, which may, or would, or which might tend to reflect negatively on, or be critical of, or be deemed to be unfavorable toward or about Defendant Wilson County government, and / or Defendant Mayor Hutto, and / or Defendant former IT Director Kenneth Hammonds, and / or Wilson County Information Technology Department Manager and employee Aaron Wilson, and / or any other Wilson County government employee, upon threatened pain of disciplinary action, up to and including termination / discharge.

58.     As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendants Wilson County, acting through its' Wilson County Mayor Hutto, HR Director Scruggs, and former Wilson County IT Director Hammond, imposing a prior restraint on Plaintiff Bush's First Amendment Free Speech rights, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's First Amendment Free Speech rights, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

59.     Defendant Wilson County is liable to Plaintiff Bush for compensatory damages, injunctive relief, and attorneys' fees, pursuant to 42 United States Code §1983 and §1988.

**COUNT 3. DEPRIVATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE SPEECH (PRIOR RESTRAINT) AGAINST DEFENDANT WILSON COUNTY MAYOR RANDALL HUTTO, IN BOTH HIS OFFICIAL CAPACITY AND HIS INDIVIDUAL CAPACITY, PURSUANT TO 42 U.S.C. §1983**

60.     Plaintiff incorporates paragraphs 1 through 43 herein by reference.

19

61. Defendant Wilson County Mayor Randall Hutto, in both his official capacity, and his individual capacity, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and enforced an unwritten policy, custom, usage, or well-settled practice, prohibiting unelected employees of Defendant Wilson County, to include Plaintiff Bush, from communicating directly with elected officials, and in particular with County Commissioners, and / or with the public at-large, regarding any information which may be regarded by Defendant Mayor Hutto as negative or which casts Defendant Wilson County, Defendant Mayor Hutto, and / or any other Wilson County employees in a negative light, or in an unfavorable manner, or which is critical of said persons, in any way whatsoever.

62. Defendant Mayor Hutto, through his actions, directives, instructions, and / or decisions previously described herein, deprived Plaintiff Bush of her First Amendment right to free speech, while acting under color of law, by unlawfully and unconstitutionally imposing upon Plaintiff Bush a prior restraint, to muzzle her free speech, by directing and instructing Plaintiff Bush to not speak with elected Wilson County Commissioners, or other Wilson County employees, or the general public at-large, regarding any information, facts, opinions, issues, or concerns that Plaintiff Bush had, or may have had, which may, or would, or which might tend to reflect negatively on, or be critical of, or be deemed to be unfavorable toward or about Defendant Wilson County government, and / or Defendant Mayor Hutto, and / or Defendant former IT Director Kenneth Hammonds, and / or Wilson County Information Technology Department Manager employee Aaron Wilson, and / or any other Wilson County government employee, upon threatened pain of disciplinary action, up to and including termination / discharge.

63. As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendant Wilson County Mayor

20

Hutto, in imposing a prior restraint on Plaintiff Bush's First Amendment Free Speech rights, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's First Amendment Free Speech rights, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

64.   Defendant Hutto is liable to Plaintiff Bush for compensatory damages, injunctive relief, and attorneys' fees, pursuant to 42 United States Code §1983 and §1988.

**COUNT 4. DEPRIVATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE SPEECH (PRIOR RESTRAINT) AGAINST DEFENDANT FORMER WILSON COUNTY INFORMATION TECHNOLOGY DIRECTOR / DEPARTMENT HEAD <u>KENNETH HAMMONDS</u> PURSUANT TO 42 U.S.C. §1983**

65.   Plaintiff incorporates paragraphs 1 through 43 herein by reference.

66.   Defendant former Wilson County IT Director and employee, Kenneth Hammonds, in both his former official capacity, and his individual capacity, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and enforced an unwritten policy, custom, usage, or well-settled practice, prohibiting unelected employees of Defendant Wilson County, to include Plaintiff Bush, from communicating directly with elected officials, and in particular with County Commissioners, and / or with the public at-large, regarding any information which may be regarded by Defendant Mayor Hutto, or by Defendant former Wilson County IT Director Hammonds, as negative or which casts Defendant Wilson County, Defendant Mayor Hutto, Defendant Hammonds, Defendant Wilson, and / or any

21

other Wilson County employees in a negative light, or in an unfavorable manner, or which is critical of said persons, in any way whatsoever.

67. Defendant former Wilson County IT Director and employee Hammonds, through his actions, directives, instructions, and / or decisions previously described herein, deprived Plaintiff Bush of her First Amendment right to free speech, while acting under color of law, by unlawfully and unconstitutionally imposing upon Plaintiff Bush a prior restraint, to muzzle her free speech, by directing and instructing Plaintiff Bush to not speak with elected Wilson County Commissioners, or other Wilson County employees, or the general public at-large, regarding any information, facts, opinions, issues, or concerns that Plaintiff Bush had, or may have had, which may, or would, or which might tend to reflect negatively on, or be critical of, or be deemed to be unfavorable toward or about Defendant Wilson County government, and / or Defendant Mayor Hutto, and / or Defendant former IT Director Hammonds, and / or Wilson County Information Technology Department Manager and employee Aaron Wilson , and / or any other Wilson County government employee, upon threatened pain of disciplinary action, up to and including termination / discharge.

68. As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendant Wilson County IT Director Hammonds, imposing a prior restraint on Plaintiff Bush's First Amendment Free Speech rights, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's First Amendment Free Speech rights, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

22

69.    Defendant Hammonds is liable to Plaintiff Bush for compensatory damages, injunctive relief, and attorneys' fees, pursuant to 42 United States Code §1983 and §1988.

## COUNT 5. DEPRIVATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE SPEECH (RETALIATION) AGAINST DEFENDANT <u>WILSON COUNTY</u> PURSUANT TO 42 U.S.C. §1983

70.    Plaintiff incorporates paragraphs 1 through 43 herein by reference.

71.    This Count 5 is asserted as an alternative to Count 1.

72.    Defendant Wilson County, acting through its Mayor, Defendant Randall Hutto, and its Human Resources Director, Qiana Scruggs, and its' former employee and Information Technology Director, Kenneth Hammonds who has been terminated by Defendant Wilson County, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and enforced an unwritten policy, custom, usage, or well-settled practice, prohibiting unelected employees of Defendant Wilson County, to include Plaintiff Bush, from communicating directly with elected officials, and in particular with County Commissioners, and / or with the public at-large, regarding any information which may be regarded by Defendant Mayor Hutto as negative or which casts Defendant Wilson County, Defendant Mayor Hutto, and / or any other Wilson County employees in a negative light, or in an unfavorable manner, or which is critical of said persons, in any way whatsoever.

73.    Defendant Wilson County, through the actions, directives, instructions, and decisions of Defendant Mayor Hutto, Defendant HR Director Scruggs, and Defendant former IT

23

Director Hammonds, deprived Plaintiff Bush of her First Amendment right to free speech, acting under color of law, by unlawfully and unconstitutionally discharging or terminating Plaintiff Bush's employment with Wilson County, in retaliation for Plaintiff Bush communicating with an elected Wilson County Commissioner, specifically with Commissioner Lauren Breeze, and / or with other Wilson County employees, and / or the general public at-large, through either alleged oral communications, and / or electronic communications such as cell phone or social media software, regarding information, facts, opinions, issues, or concerns that Plaintiff Bush had, on matters of public concern, and while speaking as private citizen, to include regarding Wilson County governmental policies, and / or practices, and / or facts concerning public purchasing and misappropriation of public funds, social media policy, and PEG channel broadcasting operations to include emergency broadcasts, and necessary or unnecessary equipment required or not required for such operations, and equipment organization and / or placement location.

74. Defendant Wilson County terminated or discharged Plaintiff Bush because Plaintiff Bush exercised her protected First Amendment right to freedom of speech while acting as private citizen generally, and specifically with regard to her communications with an elected County Commissioner, and / or with other County employees, and / or with members of the public at-large, about matters of public concern.

75. Defendant Wilson County had no legitimate reason to terminate or discharge Plaintiff Bush.

76. Plaintiff Bush did not violate any law, regulation, rule, ordinance, resolution, policy, or employer directive which would have justified her termination or discharge; did not violate any constitutionally valid, legitimate, or lawful rule, ordinance, resolution, policy, or

24

employer directive whatsoever; and any reason proffered by Defendant Wilson County is mere pretext for its unlawful termination or discharge of Plaintiff Bush, and for its deprivation of Plaintiff Bush's First Amendment free speech rights by terminating or discharging Plaintiff Bush from her employment with Defendant Wilson County in retaliation for Plaintiff Bush exercising her First Amendment right to free speech.

77. As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson County Mayor Hutto, HR Director Scruggs, and former Wilson County IT Director Hammonds, in terminating or discharging Plaintiff Bush in retaliation for Plaintiff Bush exercising her First Amendment right to free speech, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's First Amendment Free Speech rights, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm, and a loss of wages and benefits.

78. Defendant Wilson County is liable to Plaintiff Bush for compensatory damages, injunctive relief, and attorneys' fees, pursuant to 42 United States Code §1983 and §1988.

**COUNT 6. DEPRIVATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE SPEECH (RETALIATION) AGAINST DEFENDANT WILSON COUNTY MAYOR RANDALL HUTTO PURSUANT TO 42 U.S.C. §1983**

79. Plaintiff incorporates paragraphs 1 through 43 herein by reference.

80. This Count 6 is asserted as an alternative to Count 1.

25

81. Defendant Wilson County, acting through its Mayor, Defendant Randall Hutto, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and enforced an unwritten policy, custom, usage, or well-settled practice, prohibiting unelected employees of Defendant Wilson County, to include Plaintiff Bush, from communicating directly with elected officials, and in particular with County Commissioners, and / or with the public at-large, regarding any information which may be regarded by Defendant Mayor Hutto as negative or which casts Defendant Wilson County, Defendant Mayor Hutto, and / or any other Wilson County employees, to include Defendant Hammonds and / or Defendant Wilson, in a negative light, or in an unfavorable manner, or which is critical of said persons, in any way whatsoever.

82. Defendant Mayor Hutto, through his actions, directives, instructions, and / decisions, deprived Plaintiff Bush of her First Amendment right to free speech, acting under color of law, by unlawfully and unconstitutionally discharging or terminating Plaintiff Bush's from employment with Defendant Wilson County, in retaliation for Plaintiff Bush communicating with an elected Wilson County Commissioner, and / or with other Wilson County employees, and / or the general public at-large, through either alleged oral communications, and / or electronic communications such as cell phone or social media software, regarding information, facts, opinions, issues, or concerns that Plaintiff Bush had, on matters of public concern, and while speaking as private citizen, to include regarding Wilson County governmental policies, or practices, and / or facts concerning public purchasing and misappropriation of public funds, social media policy, and PEG channel broadcasting operations to include emergency broadcasts, and necessary or unnecessary equipment required or not required for such operations, and equipment organization and / or placement location.

26

83. Defendant Wilson County, through Defendant Mayor Hutto acting as the ultimate decision maker, terminated or discharged Plaintiff Bush because of Plaintiff Bush exercising her protected First Amendment right to freedom of speech.

84. Defendant Wilson County, acting through Defendant Mayor Hutto as the ultimate decision maker, had no legitimate reason to terminate or discharge Plaintiff Bush.

85. Plaintiff Bush did not violate any law, regulation, rule, ordinance, resolution, policy, or employer directive at all, or which would have justified her termination or discharge; did not violate any constitutionally valid, legitimate, or lawful rule, ordinance, resolution, policy, or employer directive whatsoever; and any reason proffered by Defendant Wilson County and / or Defendant Mayor Hutto is mere pretext for its and / or his unlawful termination or discharge of Plaintiff Bush, and for its and / or his deprivation of Plaintiff Bush's First Amendment free speech rights by terminating or discharging Plaintiff Bush from her employment with Defendant Wilson County in retaliation for Plaintiff Bush exercising her First Amendment right to free speech.

86. As a result of the policy, custom or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendant Wilson County Mayor Hutto, in terminating or discharging Plaintiff Bush in retaliation for Plaintiff Bush exercising her First Amendment right to free speech, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's First Amendment Free Speech rights, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm, and a loss of wages and benefits.

87. Defendant Hutto is liable to Plaintiff Bush for compensatory damages, injunctive relief, and attorneys' fees, pursuant to 42 United States Code §1983 and §1988.

27

**COUNT 7. DEPRIVATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE SPEECH (RETALIATION) AGAINST DEFENDANT FORMER WILSON COUNTY INFORMATION TECHNOLOGY DIRECTOR / DEPARTMENT HEAD <u>KENNETH HAMMONDS</u> PURSUANT TO 42 U.S.C. §1983**

88.     Plaintiff incorporates paragraphs 1 through 43 herein by reference.

89.     This Count 7 is asserted as an alternative to Count 1.

90.     Defendant Ken Hammonds, former Wilson County employee and Information Technology Director, who has been terminated by Defendant Wilson County, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and / or enforced an unwritten policy, custom, usage, or well-settled practice, prohibiting unelected employees of Defendant Wilson County, to include Plaintiff Bush, from communicating directly or indirectly with elected officials, and in particular with County Commissioners, and / or with the public at-large, regarding any information which may be regarded by Defendant Mayor Hutto as negative or which casts Defendant Wilson County, Defendant Mayor Hutto, and / or former Wilson County IT Director Defendant Ken Hammonds, and / or Wilson County IT Manager and employee Defendant Aaron Wilson, and / or any other Wilson County employees, in a negative light, or in an unfavorable manner, or which is critical of said persons, in any way whatsoever.

91.     Defendant Wilson County, through the actions, directives, instructions, and decisions of Defendant former IT Director Hammonds, deprived Plaintiff Bush of her First Amendment right to free speech, acting under color of law, by unlawfully and unconstitutionally discharging or terminating Plaintiff Bush's employment, in retaliation for Plaintiff Bush

28

communicating with an elected Wilson County Commissioner, and / or with other Wilson County employees, and / or the general public at-large, through either alleged oral communications, and / or electronic communications such as cell phone or social media software, regarding information, facts, opinions, issues, or concerns that Plaintiff Bush had, on matters of public concern, and while speaking as private citizen, to include regarding Wilson County governmental policies, or practices, and / or facts concerning public purchasing and misappropriation of public funds, social media policy, and PEG channel broadcasting operations to include emergency broadcasts, and necessary or unnecessary equipment required or not required for such operations, and equipment organization and / or placement location.

92. Defendant Wilson County, acting through Defendant former Wilson County IT Director Ken Hammonds, terminated or discharged Plaintiff Bush because Plaintiff Bush exercised her protected First Amendment right to freedom of speech.

93. Defendant Wilson County, acting through Defendant former Wilson County IT Director Ken Hammonds, had no legitimate reason to terminate or discharge Plaintiff Bush.

94. Plaintiff Bush did not violate any law, regulation, rule, ordinance, resolution, policy, or employer directive which would have justified her termination or discharge; did not violate any constitutionally valid, legitimate, or lawful rule, ordinance, resolution, policy, or employer directive whatsoever; and any reason proffered by Defendant Wilson County is mere pretext for its unlawful termination or discharge of Plaintiff Bush, and for its deprivation of Plaintiff Bush's First Amendment free speech rights by terminating or discharging Plaintiff Bush from her employment with Defendant Wilson County in retaliation for Plaintiff Bush exercising her First Amendment right to free speech.

29

95.    It is further specifically averred that Defendant Hammonds terminated or discharged Plaintiff Bush, and did so without providing due process to Plaintiff Bush, because he believed, falsely, that Plaintiff Bush was responsible, or at least partly responsible, for informing Wilson County Finance Director Aaron Maynard, and / or Defendant Mayor Hutto, about financial and purchasing or acquisition improprieties, irregularities, and / or illegal activities, allegedly conducted by  him (former IT Director Defendant Hammonds), who has since been indicted in connection with those allegations.

96.    As a result of the policy, custom or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendant former Wilson County IT Director Hammonds, in terminating or discharging Plaintiff Bush in retaliation for Plaintiff Bush exercising her First Amendment right to free speech, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's First Amendment Free Speech rights, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm, and a loss of wages and benefits.

97.    Defendant Hammonds is liable to Plaintiff Bush for compensatory damages, injunctive relief, and attorneys' fees, pursuant to 42 United States Code §1983 and §1988.

**COUNT 8. DEPRIVATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SIEZURES AGAINST DEFENDANT WILSON COUNTY PURSUANT TO 42 U.S.C. §1983**

98.    Plaintiff incorporates paragraphs 1 through 43 herein by reference.

99.    Defendant Wilson County, acting through its Mayor, Defendant Randall Hutto, and / or its' Human Resources Director, Qiana Scruggs, and / or its' former employee and Information

30

Technology Director, Defendant Kenneth Hammonds, who has been terminated by Defendant Wilson County, and / or through Wilson County Information Technology Manager, Defendant Aaron Wilson, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and enforced an unwritten policy, custom, usage, or well-settled practice, by which it installed and used security cameras to not only record video of various locations and properties owned by Wilson County, but also to secretly and surreptitiously intercept, and to record, the oral conversations, utterances, and communications, to include electronic communications, to include telephone and cellular phone communications, of Wilson County employees, appointed and elected Wilson County officials, to include Wilson County Commissioners, and members of the public at-large, and to specifically include Plaintiff Bush, without their, or her, prior knowledge, and without their, or her, prior consent, and without first obtaining a judicial warrant to do so.

100. The interception, and / or recording of these oral conversations, utterances, and communications, by means of audio visual security camera devices, by Wilson County, by and through and pursuant to the policy, custom, usage, or practice of Wilson County, and decisions made by its' managerial officials, elected and / or appointed, or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant Kenneth Hammonds, and Defendant Aaron Wilson, constituted an unreasonable *search* of the conversations, utterances, and communications of Wilson County employees, and of appointed and elected Wilson County officials, to include Wilson County Commissioners, and of members of the public at-large, and to specifically include Plaintiff Bush while located in her Wilson County office, to specifically include the conversation with elected Wilson County Commissioner Lauren Breeze, without their, or Plaintiff Bush's, prior knowledge, and without their, or Plaintiff Bush's, prior consent, and

31

without first obtaining a judicial warrant to do so, all while acting under color of law, unlawfully and unconstitutionally deprived Plaintiff Bush of her Fourth Amendment right to be free from unreasonable searches.

101. The interception, and / or recording of these oral conversations, utterances, and communications, by means of audio visual security camera devices, by Wilson County, by and through and pursuant to the policy, custom, usage, or practice of Wilson County, and decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, constituted an unreasonable *seizure* of the conversations, utterances, and communications of Wilson County employees, and of appointed and elected Wilson County officials, to include Wilson County Commissioners, and of members of the public at-large, and to specifically include Plaintiff Bush while located in her Wilson County office, without their, or her, prior knowledge, and without their, or her, prior consent, and without first obtaining a judicial warrant to do so, all while acting under color of law, unlawfully and deprived Plaintiff Bush of her Fourth Amendment right to be free from unreasonable seizures.

102. As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson County Mayor Hutto, HR Director Scruggs, and former Wilson County IT Director Hammonds, and Wilson County IT Manager and employee Aaron Wilson, by installing or causing to be installed, and in conducting or performing a search, and / or a seizure of Plaintiff Bush's oral communications, by means of the security camera, an audio – visual recording device(s), to include oral communications with a County Commissioner, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's Fourth Amendment right to be

32

free from unreasonable searches and seizures, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

103.     Defendant Wilson County is liable to Plaintiff Bush for compensatory damages, injunctive relief, and attorneys' fees, pursuant to 42 United States Code §1983 and §1988.

## COUNT 9. DEPRIVATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SIEZURES AGAINST DEFENDANT WILSON COUNTY MAYOR RANDALL HUTTO PURSUANT TO 42 U.S.C. §1983

104.     Plaintiff incorporates paragraphs 1 through 43 herein by reference.

105.     Defendant Mayor Randall Hutto, acting in both his official and individual capacity, and under color of law, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and enforced an unwritten policy, custom, usage, or well-settled practice, and made the policy decision, alone, or in conjunction or coordination with, and in conspiracy with, Defendant Hammonds, and / or with Defendant Wilson, to install and use security cameras, and /or approved or acquiesced to  the installation and use of security cameras, to not only record video of various locations and properties owned by Wilson County, but also to secretly and surreptitiously intercept, and to record, the oral conversations, utterances, and communications, to include electronic communications, to include telephone and cellular phone communications, of Wilson County employees, appointed and elected Wilson County officials, to include Wilson County Commissioners, and members of the public at-large, and to specifically include Plaintiff Bush, without their, or her, prior knowledge, and without their, or her, prior consent, and without first obtaining a judicial warrant to do so.

33

106. The interception, and / or recording of these oral conversations, utterances, and communications, by means of audio visual security camera devices, by Wilson County, by and through and pursuant to the policy, custom, usage, or practice of Wilson County, and decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant Kenneth Hammonds, and Defendant Aaron Wilson, constituted an unreasonable *search* of the conversations, utterances, and communications of Wilson County employees, and of appointed and elected Wilson County officials, to include Wilson County Commissioners, and of members of the public at-large, and to specifically include Plaintiff Bush while located in her Wilson County office, to specifically include a conversation with elected Wilson County Commissioner Lauren Breeze, without their, or her, prior knowledge, and without their, or her, prior consent, and without first obtaining a judicial warrant to do so, all while acting under color of law, and unlawfully and unconstitutionally deprived Plaintiff Bush of her Fourth Amendment right to be free from unreasonable searches.

107. The interception, and / or recording of these oral conversations, utterances, and communications, by means of audio visual security camera devices, by Wilson County, by and through and pursuant to the policy, custom, usage, or practice of Wilson County, and decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant Kenneth Hammonds, and Defendant Aaron Wilson, constituted an unreasonable *seizure* of the conversations, utterances, and communications of Wilson County employees, and of appointed and elected Wilson County officials, to include Wilson County Commissioners, and of members of the public at-large, and to specifically include Plaintiff Bush while located in her Wilson County office, without their, or her, prior knowledge, and without their, or her, prior consent, and without first obtaining a judicial

34

warrant to do so, all while acting under color of law, and unlawfully and deprived Plaintiff Bush of her Fourth Amendment right to be free from unreasonable seizures.

108. As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendants Wilson County, Defendant Wilson County Mayor Hutto, Defendant HR Director Scruggs, and former Wilson County IT Director Defendant Hammonds, and Defendant Wilson County IT Manager and employee Aaron Wilson, by installing or causing to be installed, and in conducting or performing a search, and / or a seizure of Plaintiff Bush's oral communications, by means of an audio-visual recording device(s), to include oral communications with a County Commissioner, to include specifically with County Commissioner Lauren Breeze, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's Fourth Amendment right to be free from unreasonable searches and seizures, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

109. Defendant Hutto is liable to Plaintiff Bush for compensatory damages, injunctive relief, and attorneys' fees, pursuant to 42 United States Code §1983 and §1988.

**COUNT 10. DEPRIVATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SIEZURES AGAINST DEFENDANT FORMER WILSON COUNTY INFORMATION TECHNOLOGY DIRECTOR / DEPARTMENT HEAD KENNETH HAMMONDS PURSUANT TO 42 U.S.C. §1983**

110. Plaintiff incorporates paragraphs 1 through 43 herein by reference.

111. Defendant former Wilson County Information Technology Director / Department Head Kenneth Hammonds, acting in both his official and individual capacity, and under color of

35

law, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and enforced an unwritten policy, custom, usage, or well-settled practice, and made the policy decision, alone, or in conjunction or coordination with, and in conspiracy with, Defendant Mayor Hutto, and / or with Defendant Wilson County IT Manager Wilson, to install and use security cameras, and /or approved or acquiesced to the installation and use of security cameras, to not only record video of various locations and properties owned by Wilson County, but also to secretly and surreptitiously intercept, and to record, the oral conversations, utterances, and communications, to include electronic communications, to include telephone and cellular phone communications, of Wilson County employees, appointed and elected Wilson County officials, to include Wilson County Commissioners, and members of the public at-large, and to specifically include Plaintiff Bush, without their, or Plaintiff Bush's, prior knowledge, and without their, or Plaintiff Bush's, prior consent, and without first obtaining a judicial warrant to do so.

112. The interception, and / or recording of these oral conversations, utterances, and communications, by means of audio visual security camera devices, by Wilson County, by and through and pursuant to the policy, custom, usage, or practice of Wilson County, and decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant Kenneth Hammonds, and Defendant Aaron Wilson, constituted an unreasonable *search* of the conversations, utterances, and communications of Wilson County employees, and of appointed and elected Wilson County officials, to include Wilson County Commissioners, and of members of the public at-large, and to specifically include Plaintiff Bush while located in her Wilson County office, to specifically include a conversation with elected Wilson County Commissioner Lauren Breeze, without their,

36

or her, prior knowledge, and without their, or her, prior consent, and without first obtaining a judicial warrant to do so, all while acting under color of law, and unlawfully and unconstitutionally deprived Plaintiff Bush of her Fourth Amendment right to be free from unreasonable searches.

113. The interception, and / or recording of these oral conversations, utterances, and communications, by means of audio visual security camera devices, by Wilson County, by and through and pursuant to the policy, custom, usage, or practice of Wilson County, and decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant Kenneth Hammonds, and Defendant Aaron Wilson, constituted an unreasonable *seizure* of the conversations, utterances, and communications of Wilson County employees, and of appointed and elected Wilson County officials, to include Wilson County Commissioners, and of members of the public at-large, and to specifically include Plaintiff Bush while located in her Wilson County office, without their, or her, prior knowledge, and without their, or her, prior consent, and without first obtaining a judicial warrant to do so, all while acting under color of law, and unlawfully and deprived Plaintiff Bush of her Fourth Amendment right to be free from unreasonable seizures.

114. As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendants Wilson County, defendant Wilson County Mayor Hutto, Defendant HR Director Scruggs, and former Wilson County IT Director Defendant Hammonds, and Defendant Wilson County IT Manager and employee Aaron Wilson, by installing or causing to be installed, and in conducting or performing a search, and / or a seizure of Plaintiff Bush's oral communications, by means of an audio-visual recording device(s), to include oral communications with a County Commissioner, to include specifically with County Commissioner Lauren Breeze, and subjecting Plaintiff Bush, or causing Plaintiff

37

Bush to be subjected to, a deprivation of Plaintiff Bush's Fourth Amendment right to be free from unreasonable searches and seizures, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

115. Defendant Hammonds is liable to Plaintiff Bush for compensatory damages, injunctive relief, and attorneys' fees, pursuant to 42 United States Code §1983 and §1988.

**COUNT 11. DEPRIVATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES AGAINST DEFENDANT WILSON COUNTY INFORMATION TECHNOLOGY MANAGER / EMPLOYEE AARON WILSON PURSUANT TO 42 U.S.C. §1983**

116. Plaintiff incorporates paragraphs 1 through 43 herein by reference.

117. Defendant Wilson County Information Technology Manager and employee Aaron Wilson, acting in both his official and individual capacity, and under color of law, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and enforced an unwritten policy, custom, usage, or well-settled practice, and made the policy decision, alone, or in conjunction or coordination with, and in conspiracy with, Defendant Mayor Hutto, and / or with former Wilson County Information Technology Director / Department Head Defendant Kenneth Hammonds, to install and use security cameras, and /or approved or acquiesced to the installation and use of security cameras, to not only record video of various locations and properties owned by Wilson County, but also to secretly and surreptitiously intercept, and to record, the oral conversations, utterances, and communications, to include electronic communications, to include telephone and cellular phone communications, of Wilson County employees, appointed and elected Wilson County officials, to include Wilson County

38

Commissioners, and members of the public at-large, and to specifically include Plaintiff Bush, without their, or Plaintiff Bush's, prior knowledge, and without their, or Plaintiff Bush's, prior consent, and without first obtaining a judicial warrant to do so.

118. The interception, and / or recording of these oral conversations, utterances, and communications, by means of audio visual security camera devices, by Wilson County, by and through and pursuant to the policy, custom, usage, or practice of Wilson County, and decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant Ken Hammonds, and Defendant Aaron Wilson, constituted an unreasonable _search_ of the conversations, utterances, and communications of Wilson County employees, and of appointed and elected Wilson County officials, to include Wilson County Commissioners, and of members of the public at-large, and to specifically include Plaintiff Bush while located in her Wilson County office, to specifically include a conversation with elected Wilson County Commissioner Lauren Breeze, without their, or Plaintiff Bush's, prior knowledge, and without their, or her, prior consent, and without first obtaining a judicial warrant to do so, all while acting under color of law, and unlawfully and unconstitutionally deprived Plaintiff Bush of her Fourth Amendment right to be free from unreasonable searches.

119. The interception, and / or recording of these oral conversations, utterances, and communications, by means of audio visual security camera devices, by Wilson County, by and through and pursuant to the policy, custom, usage, or practice of Wilson County, and decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant Ken Hammonds, and Defendant Aaron Wilson, constituted an unreasonable _seizure_ of the conversations, utterances, and

39

communications of Wilson County employees, and of appointed and elected Wilson County officials, to include Wilson County Commissioners, and of members of the public at-large, and to specifically include Plaintiff Bush while located in her Wilson County office, without their, or her, prior knowledge, and without their, or her, prior consent, and without first obtaining a judicial warrant to do so, all while acting under color of law, and unlawfully and deprived Plaintiff Bush of her Fourth Amendment right to be free from unreasonable seizures.

120. As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendants Wilson County, Defendant Wilson County Mayor Hutto, Defendant HR Director Scruggs, and former Wilson County IT Director Defendant Hammonds, and Defendant Wilson County IT Manager and employee Aaron Wilson, by installing or causing to be installed, and in conducting or performing a search, and / or a seizure of Plaintiff Bush's oral communications, by means of an audio-visual recording device(s), to include oral communications with a County Commissioner, to include specifically with County Commissioner Lauren Breeze, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's Fourth Amendment right to be free from unreasonable searches and seizures, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

121. Defendant Wilson is liable to Plaintiff Bush for compensatory damages, injunctive relief, and attorneys' fees, pursuant to 42 United States Code §1983 and §1988.

**COUNT 12. DEPRIVATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AGAINST DEFENDANT WILSON COUNTY PURSUANT TO 42 U.S.C. §1983**

40

122. Plaintiff incorporates paragraphs 1 through 43 herein by reference.

123. Defendant Wilson County, acting through its Mayor, Defendant Randall Hutto, and its' Human Resources Director, Qiana Scruggs, and its' former employee and Information Technology Director, Kenneth Hammonds who has been terminated by Defendant Wilson County, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and / or enforced an unwritten policy, custom, usage, or well-settled practice, by which Wilson County employees would be denied and deprived of their Fourteenth Amendment right to procedural and substantive due process, to include refusing or failing to inform such employees of the full or complete factual basis for disciplinary action taken against them or proposed to be taken against them, or which is under consideration against them, and / or by refusing or failing to provide such employees with an opportunity to be heard or to respond to the allegations or charges against them, and / or refusing or failing to provide such employees with the identity of the witnesses against them or allegedly against them, while in the course of its investigation of such employees, and / or while imposing or seeking to impose disciplinary action against such employees, and in administering its employee discipline program, policy, rules, regulations, against employees who have exercised their First Amendment right to free speech, and / or their right to communicate with elected officials under the Tennessee Public Employee Political Freedom Act, regarding any information, facts, opinions, issues, or concerns that they had, or may have had, which may, or would, or which might tend to reflect negatively on, or be critical of, or be deemed to be unfavorable toward or about Defendant Wilson County government, and / or Defendant Mayor Hutto, and / or Defendant former IT Director Kenneth Hammonds, and / or Defendant Wilson County Information Technology Department Manager and employee Aaron Wilson, and / or any other Wilson County government employee.

41

124. Defendant Wilson County, through the actions, directives, instructions, and decisions of Defendant Mayor Hutto, Defendant HR Director Scruggs, and Defendant former IT Director Hammonds, deprived Plaintiff Bush of her Fourteenth Amendment right to procedural and substantive due process, acting under color of law, by unlawfully and unconstitutionally refusing or failing to inform Plaintiff Bush of the full or complete factual basis for disciplinary action taken against her or proposed to be taken against her, or which was under consideration against her, and / or by refusing or failing to provide Plaintiff Bush with an opportunity to be heard or to respond to the allegations or charges against her, and / or by refusing or failing to provide Plaintiff Bush with the identity of the witness or witnesses against her or allegedly against her, while in the course of its investigation of Plaintiff Bush, and / or while imposing or seeking to impose disciplinary action against Plaintiff Bush, and in administering its employee discipline program, policy, rules, and / or regulations, against Plaintiff Bush who had exercised her First Amendment right to free speech, and / or her right to communicate with elected officials under the Tennessee Public Employee Political Freedom Act, regarding information, facts, opinions, issues, or concerns that she had, or may have had, which may, or would, or which might tend to reflect negatively on, or be critical of, or be deemed to be unfavorable toward or about Defendant Wilson County government, and / or Defendant Mayor Hutto, and / or Defendant former IT Director Kenneth Hammonds, and / or Defendant Wilson County Information Technology Department Manager and employee Aaron Wilson, and / or any other Wilson County government employee, which Plaintiff Bush had communicated to elected officials, to include Wilson County Commissioner Lauren Breeze, and / or to Defendant Wilson County Mayor Hutto, and / or to other Wilson County employees, and / or to members of the public at-large.

42

125. It is further specifically averred that Defendant Hammonds terminated or discharged Plaintiff Bush, and / or recommended that Plaintiff Bush be terminated or discharged to Defendant Mayor Hutto who either was the ultimate decision maker who decided to terminate or discharge Plaintiff Bush, as the "hidden hand" pulling the strings in the decision making process, or who approved the decision of Defendant Hammonds to terminated or discharge Plaintiff Bush, who did so without providing due process to Plaintiff Bush, because Defendant Hammonds believed, falsely, that Plaintiff Bush was responsible, or at least partly responsible, for informing Wilson County Finance Director Aaron Maynard, and / or Defendant Mayor Hutto, about financial and purchasing / acquisition improprieties, irregularities, and / or illegal activities, allegedly conducted by Defendant Hammonds, who was subsequently terminated by Defendant Wilson County, and who has since been indicted in connection with those allegations.

126. As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson County Mayor Hutto, HR Director Scruggs, and former Wilson County IT Director Hammond, denying and depriving Plaintiff Bush of her procedural and substantive due process rights, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's Fourteenth Amendment Due Process rights, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

127. Defendant Wilson County is liable to Plaintiff Bush for compensatory damages, injunctive relief, and attorneys' fees, pursuant to 42 United States Code §1983 and §1988.

43

**COUNT 13. DEPRIVATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AGAINST DEFENDANT WILSON COUNTY MAYOR RANDALL HUTTO PURSUANT TO 42 U.S.C. §1983**

128. Plaintiff incorporates paragraphs 1 through 43 herein by reference.

129. Defendant Mayor Hutto, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and / or enforced an unwritten policy, custom, usage, or well-settled practice, by which Wilson County employees would be denied and deprived of their Fourteenth Amendment right to procedural and substantive due process, to include by refusing or failing to inform such employees of the full or complete factual basis for disciplinary action taken against them or proposed to be taken against them, or which is under consideration against them, and / or by refusing or failing to provide such employees with an opportunity to be heard or to respond to the allegations or charges against them, and / or refusing or failing to provide such employees with the identity of the witnesses against them or allegedly against them, while in the course of its investigation of such employees, and / or while imposing or seeking to impose disciplinary action against such employees, and in administering its employee discipline program, policy, rules, regulations, against employees who have exercised their First Amendment right to free speech, and / or their right to communicate with elected officials under the Tennessee Public Employee Political Freedom Act, regarding any information, facts, opinions, issues, or concerns that they had, or may have had, which may, or would, or which might tend to reflect negatively on, or be critical of, or be deemed to be unfavorable toward or about Defendant Wilson County government, and / or Defendant Mayor Hutto, and / or Defendant former IT Director Kenneth Hammonds, and / or Defendant Wilson County Information Technology

44

Department Manager and employee Aaron Wilson, and / or any other Wilson County government employee.

130. Defendant Mayor Hutto, deprived Plaintiff Bush of her Fourteenth Amendment right to procedural and substantive due process, acting under color of law, by making the decision to terminate or discharge Plaintiff Bush directly, or indirectly as the ultimate decision maker who approved the decision of Defendant Hammonds to terminated or discharge Plaintiff Bush, by unlawfully and unconstitutionally refusing or failing to inform Plaintiff Bush of the full or complete factual basis for disciplinary action taken against her or proposed to be taken against her, or which was under consideration against her, and / or by refusing or failing to provide Plaintiff Bush with an opportunity to be heard or to respond to the allegations or charges against her, and / or by refusing or failing to provide Plaintiff Bush with the identity of the witness or witnesses against her or allegedly against her, while in the course of its investigation of Plaintiff Bush, and / or while imposing or seeking to impose disciplinary action against Plaintiff Bush, and in administering the Defendant Wilson County employee discipline program, policy, rules, and / or regulations, against Plaintiff Bush who had exercised her First Amendment right to free speech, and / or her right to communicate with elected officials under the Tennessee Public Employee Political Freedom Act, regarding information, facts, opinions, issues, or concerns that she had, or may have had, which may, or would, or which might tend to reflect negatively on, or be critical of, or be deemed to be unfavorable toward or about Defendant Wilson County government, and / or Defendant Mayor Hutto, and / or Defendant former IT Director Kenneth Hammonds, and / or Defendant Wilson County Information Technology Department Manager and employee Aaron Wilson, and / or any other Wilson County government employee, which Plaintiff Bush had communicated to elected officials, to include Wilson County Commissioner Lauren Breeze, and /

45

or to Defendant Wilson County Mayor Hutto, and / or to other Wilson County employees, and / or to members of the public at-large, as described herein, and the decision of Defendant Mayor Hutto was not supported by any reasonable, or logical, facts / evidence whatsoever, and was arbitrary and capricious.

131. As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson County Mayor Hutto, HR Director Scruggs, and former Wilson County IT Director Hammond, denying and depriving Plaintiff Bush of her procedural and substantive due process rights, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's Fourteenth Amendment Due Process rights, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

132. Defendant Hutto is liable to Plaintiff Bush for compensatory damages, injunctive relief, and attorneys' fees, pursuant to 42 United States Code §1983 and §1988.

**COUNT 14. DEPRIVATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AGAINST DEFENDANT WILSON COUNTY HUMAN RESOURCES DIRECTOR QIANA SCRUGGS PURSUANT TO 42 U.S.C. §1983**

133. Plaintiff incorporates paragraphs 1 through 43 herein by reference.

134. Defendant Qiana Scruggs, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and / or enforced an unwritten policy, custom, usage, or well-settled practice, by which Wilson County employees would be denied and deprived of their Fourteenth Amendment right to procedural due process, to include by refusing or failing to inform such employees of the full or complete factual basis for disciplinary

46

action taken against them or proposed to be taken against them, or which is under consideration against them, and / or by refusing or failing to provide such employees with an opportunity to be heard or to respond to the allegations or charges against them, and / or refusing or failing to provide such employees with the identity of the witnesses against them or allegedly against them, while in the course of its investigation of such employees, and / or while imposing or seeking to impose disciplinary action against such employees, and in administering its employee discipline program, policy, rules, regulations, against employees who had exercised their First Amendment right to free speech, and / or their right to communicate with elected officials under the Tennessee Public Employee Political Freedom Act, regarding any information, facts, opinions, issues, or concerns that they had, or may have had, which may, or would, or which might tend to reflect negatively on, or be critical of, or be deemed to be unfavorable toward or about Defendant Wilson County government, and / or Defendant Mayor Hutto, and / or Defendant former IT Director Kenneth Hammonds, and / or Defendant Wilson County Information Technology Department Manager and employee Aaron Wilson, and / or any other Wilson County government employee.

135.    Defendant Scruggs, deprived Plaintiff Bush of her Fourteenth Amendment right to procedural and substantive due process, in conducting a disciplinary investigation of Plaintiff Bush, by unlawfully and unconstitutionally refusing or failing to inform Plaintiff Bush of the full or complete factual basis for disciplinary action taken against her or proposed to be taken against her, or which was under consideration against her, and / or by refusing or failing to provide Plaintiff Bush with an opportunity to be heard or to respond to the allegations or charges against her, and / or by refusing or failing to provide Plaintiff Bush with the identity of the witness or witnesses against her or allegedly against her, while in the course of Defendant Scruggs' investigation of Plaintiff Bush, and / or while imposing or seeking to impose disciplinary action against Plaintiff

47

Bush, and in administering the Defendant Wilson County employee discipline program, policy, rules, and / or regulations, against Plaintiff Bush who had exercised her First Amendment right to free speech, and / or her right to communicate with elected officials under the Tennessee Public Employee Political Freedom Act, regarding information, facts, opinions, issues, or concerns that she had, or may have had, which may, or would, or which might tend to reflect negatively on, or be critical of, or be deemed to be unfavorable toward or about Defendant Wilson County government, and / or Defendant Mayor Hutto, and / or Defendant former IT Director Kenneth Hammonds, and / or Defendant Wilson County Information Technology Department Manager and employee Aaron Wilson, and / or any other Wilson County government employees, which Plaintiff Bush had communicated to elected officials, to include Wilson County Commissioner Lauren Breeze, and / or to Defendant Wilson County Mayor Hutto, and / or to other Wilson County employees, and / or to members of the public at-large, as described herein.

136. As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson County Mayor Hutto, HR Director Scruggs, and former Wilson County IT Director Hammonds, denying and depriving Plaintiff Bush of her procedural and substantive due process rights, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's Fourteenth Amendment Due Process rights, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

137. Defendant Scruggs is liable to Plaintiff Bush for compensatory damages, injunctive relief, and attorneys' fees, pursuant to 42 United States Code §1983 and §1988.

48

**COUNT 15. DEPRIVATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AGAINST DEFENDANT <u>KENNETH HAMMONDS</u> FORMER WILSON COUNTY DIRECTOR / DEPARTMENT HEAD OF INFORMATION TECHNOLOGY PURSUANT TO 42 U.S.C. §1983**

138. Plaintiff incorporates paragraphs 1 through 43 herein by reference.

139. Defendant Kenneth Hammonds (former Wilson County IT Director), throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and / or enforced an unwritten policy, custom, usage, or well-settled practice, by which Wilson County employees would be denied and deprived of their Fourteenth Amendment right to procedural and substantive due process, to include by refusing or failing to inform such employees of the full or complete factual basis for disciplinary action taken against them or proposed to be taken against them, or which is under consideration against them, and / or by refusing or failing to provide such employees with an opportunity to be heard or to respond to the allegations or charges against them, and / or refusing or failing to provide such employees with the identity of the witnesses against them or allegedly against them, while in the course of its investigation of such employees, and / or while imposing or seeking to impose disciplinary action against such employees, and in administering its employee discipline program, policy, rules, regulations, against employees who had exercised their First Amendment right to free speech, and / or their right to communicate with elected officials under the Tennessee Public Employee Political Freedom Act, regarding any information, facts, opinions, issues, or concerns that they had, or may have had, which may, or would, or which might tend to reflect negatively on, or be critical of, or be deemed to be unfavorable toward or about Defendant Wilson County government, and / or Defendant Mayor Hutto, and / or Defendant former IT Director Kenneth Hammonds, and / or

49

Defendant Wilson County Information Technology Department Manager and employee Aaron Wilson, and / or any other Wilson County government employee.

140. Defendant Hammonds, deprived Plaintiff Bush of her Fourteenth Amendment right to procedural and substantive due process, acting under color of law, by making the decision to terminate or discharge Plaintiff Bush directly, by unlawfully and unconstitutionally refusing or failing to inform Plaintiff Bush of the full or complete factual basis for the disciplinary action taken against her or proposed to be taken against her, or which was under consideration against her, and / or by refusing or failing to provide Plaintiff Bush with an opportunity to be heard or to respond to the allegations or charges against her, and / or by refusing or failing to provide Plaintiff Bush with the identity of the witness or witnesses against her or allegedly against her, while in the course of his investigation of Plaintiff Bush, and / or while imposing or seeking to impose disciplinary action against Plaintiff Bush, and in administering the Defendant Wilson County employee discipline program, policy, rules, and / or regulations, against Plaintiff Bush who had exercised her First Amendment right to free speech, and / or her right to communicate with elected officials under the Tennessee Public Employee Political Freedom Act, regarding information, facts, opinions, issues, or concerns that she had, or may have had, which may, or would, or which might tend to reflect negatively on, or be critical of, or be deemed to be unfavorable toward or about Defendant Wilson County government, and / or Defendant Mayor Hutto, and / or Defendant former IT Director Ken Hammonds, and / or Defendant Wilson County Information Technology Department Manager and employee Aaron Wilson, and / or any other Wilson County government employee, which Plaintiff Bush had communicated to elected officials, to include Wilson County Commissioner Lauren Breeze, and / or to Defendant Wilson County Mayor Hutto, and / or to other Wilson County employees, and / or to members of the public at-large, as described herein, and the

50

decision of Defendant Hammonds was not supported by any reasonable, or logical, facts / evidence whatsoever, and was arbitrary and capricious.

141. As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson County Mayor Hutto, HR Director Scruggs, and former Wilson County IT Director Hammonds, denying and depriving procedural and substantive due process rights, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's Fourteenth Amendment Due Process rights, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

142. Defendant Hammonds is liable to Plaintiff Bush for compensatory damages, injunctive relief, and attorneys' fees, pursuant to 42 United States Code §1983 and §1988.

## COUNT 16. DEPRIVATION OF PLAINTIFF'S FEDERAL STATUTORY RIGHTS UNDER 18 U.S.C. §2511 and §2520 AGAINST DEFENDANT <u>WILSON COUNTY</u> PURSUANT TO 42 U.S.C. §1983

143. Plaintiff incorporates paragraphs 1 through 44 herein by reference.

144. Federal statutes **18 U.S.C. §2511 and §2520** create and provide Plaintiff Bush with federal statutory rights.

145. Defendant Wilson County, acting through its Mayor, Defendant Randall Hutto, and / or its' former employee and Information Technology Director, Defendant Kenneth Hammonds, who has been terminated by Defendant Wilson County, and / or through Wilson County Information Technology Manager, Defendant Aaron Wilson, throughout all material times to the

51

Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and enforced an unwritten policy, custom, usage, or well-settled practice, by which it installed and used security cameras to not only record video of various locations and properties owned by Wilson County, but also to secretly and surreptitiously intercept, and to record, the oral conversations, utterances, and communications, to include electronic communications, to include telephone and cellular phone communications, of Wilson County employees, appointed and elected Wilson County officials, to include Wilson County Commissioners, and members of the public at-large, and to specifically include Plaintiff Bush, without their, or her, prior knowledge, and without their, or her, prior consent, and without first obtaining a judicial warrant to do so.

146.    The interception, and / or recording of these oral conversations, utterances, and communications, by means of audio visual security camera device(s), by Wilson County, by and through and pursuant to the policy, custom, usage, or practice of Wilson County, and decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant Kenneth Hammonds, and Defendant Aaron Wilson, were conducted in violation of Plaintiff Bush's federal statutory rights, under 18 United States Code Section 2511 and Section 2520, to specifically include a conversation with elected Wilson County Commissioner Lauren Breeze, as described previously herein, without Plaintiff Bush's prior knowledge, and without Plaintiff Bush's prior consent, and without first obtaining a judicial warrant to do so, all while acting under color of law, unlawfully and unconstitutionally deprived Plaintiff Bush of her federal statutory rights under 18 United States Code Section 2511 and Section 2520.

147.    As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson

52

County Mayor Hutto, and former Wilson County IT Director Hammonds, and Wilson County IT Manager and employee Aaron Wilson, by installing or causing to be installed, and in conducting or performing a search, seizure, interception, collection, and / or use of Plaintiff Bush's oral communications, by means of an audio – visual recording device(s), to include oral communications with County Commissioner Breeze, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's federal statutory rights, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

148. Defendant Wilson County is liable to Plaintiff Bush for compensatory damages, injunctive relief, punitive damages, and attorneys' fees, pursuant to 18 United States Code §2511 and §2520.

**COUNT 17. DEPRIVATION OF PLAINTIFF'S FEDERAL STATUTORY RIGHTS UNDER 18 U.S.C. §2520 and §2511 AGAINST DEFENDANT WILSON COUNTY MAYOR RANDALL HUTTO PURSUANT TO 42 U.S.C. §1983**

149. Plaintiff incorporates paragraphs 1 through 44 herein by reference.

150. Federal statutes **18 U.S.C. §2520 and §2511** create and provide Plaintiff Bush with federal statutory rights.

151. Defendant Wilson County Mayor Hutto, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and enforced an unwritten policy, custom, usage, or well-settled practice, by which it installed and used security cameras to not only record video of various locations and properties owned by Wilson County, but also to secretly and surreptitiously intercept, and to record, the oral conversations, utterances, and

53

communications, to include electronic communications, to include telephone and cellular phone communications, of Wilson County employees, appointed and elected Wilson County officials, to include Wilson County Commissioners, and members of the public at-large, and to specifically include Plaintiff Bush, without their, or her, prior knowledge, and without their, or her, prior consent, and without first obtaining a judicial warrant to do so.

152. The interception, and / or recording of these oral conversations, utterances, and communications, by means of audio visual security camera device(s), by Wilson County, by and through and pursuant to the policy, custom, usage, or practice of Wilson County, and decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant Kenneth Hammonds, and Defendant Aaron Wilson, were conducted in violation of Plaintiff Bush's federal statutory rights, under 18 United States Code Section 2511 and Section 2520, to specifically include a conversation with elected Wilson County Commissioner Lauren Breeze, as described previously herein, without Plaintiff Bush's prior knowledge, and without Plaintiff Bush's prior consent, and without first obtaining a judicial warrant to do so, all while acting under color of law, unlawfully and unconstitutionally deprived Plaintiff Bush of her federal statutory rights under 18 United States Code Section 2511 and Section 2520.

153. As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson County Mayor Hutto, and former Wilson County IT Director Hammonds, and Wilson County IT Manager and employee Aaron Wilson, by installing or causing to be installed, and in conducting or performing a search, seizure, interception, collection, and / or use of Plaintiff Bush's oral communications, by means of an audio – visual recording device(s), to include oral

54

communications with County Commissioner Breeze, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's federal statutory rights, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

154. Defendant Mayor Hutto is liable to Plaintiff Bush for compensatory damages, injunctive relief, punitive damages, and attorneys' fees, pursuant to 18 United States Code §2511 and §2520.

**COUNT 18. DEPRIVATION OF PLAINTIFF'S FEDERAL STATUTORY RIGHTS UNDER 18 U.S.C. §2520 and §2511 AGAINST DEFENDANT WILSON COUNTY HUMAN RESOURCES DIRECTOR QIANA SCRUGGS PURSUANT TO 42 U.S.C. §1983**

155. Plaintiff incorporates paragraphs 1 through 44 herein by reference.

158. Federal statutes **18 U.S.C. §2520 and §2511** create and provide Plaintiff Bush with federal statutory rights.

159. Defendant Wilson County HR Director Qiana Scruggs, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and enforced an unwritten policy, custom, usage, or well-settled practice, by which it installed and used security cameras to not only record video of various locations and properties owned by Wilson County, but also to secretly and surreptitiously intercept, and to record, the oral conversations, utterances, and communications, to include electronic communications, to include telephone and cellular phone communications, of Wilson County employees, appointed and elected Wilson County officials, to include Wilson County Commissioners, and members of the

55

public at-large, and to specifically include Plaintiff Bush, without their, or her, prior knowledge, and without their, or her, prior consent, and without first obtaining a judicial warrant to do so.

156. The interception, and / or recording of these oral conversations, utterances, and communications, by means of audio visual security camera device(s), by Wilson County, by and through and pursuant to the policy, custom, usage, or practice of Wilson County, and decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant Kenneth Hammonds, and Defendant Aaron Wilson, were conducted in violation of Plaintiff Bush's federal statutory rights, under 18 United States Code Section 2511 and Section 2520, to specifically include a conversation with elected Wilson County Commissioner Lauren Breeze, as described previously herein, without Plaintiff Bush's prior knowledge, and without Plaintiff Bush's prior consent, and without first obtaining a judicial warrant to do so, all while acting under color of law, unlawfully and unconstitutionally deprived Plaintiff Bush of her federal statutory rights under 18 United States Code Section 2511 and Section 2520.

157. As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson County Mayor Hutto, and former Wilson County IT Director Hammonds, and Wilson County IT Manager and employee Aaron Wilson, by installing or causing to be installed, and in conducting or performing a search, seizure, interception, collection, and / or use of Plaintiff Bush's oral communications, by means of an audio – visual recording device(s), to include oral communications with County Commissioner Breeze, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's federal statutory rights, while

acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

158.    Defendant Scruggs is liable to Plaintiff Bush for compensatory damages, injunctive relief, punitive damages, and attorneys' fees, pursuant to 18 United States Code §2511 and §2520.

**COUNT 19. DEPRIVATION OF PLAINTIFF'S FEDERAL STATUTORY RIGHTS UNDER 18 U.S.C. §2520 and §2511 AGAINST FORMER WILSON COUNTY INFORMATION TECHNOLGOY DIRECTOR / DEPARTMENT HEAD DEFENDANT <u>KENNETH HAMMONDS</u> PURSUANT TO 42 U.S.C. §1983**

159.    Plaintiff incorporates paragraphs 1 through 44 herein by reference.

160.    Federal statutes **18 U.S.C. §2520 and §2511** create and provide Plaintiff Bush with federal statutory rights.

161.    Defendant Wilson County Mayor Hutto, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and enforced an unwritten policy, custom, usage, or well-settled practice, by which it installed and used security cameras to not only record video of various locations and properties owned by Wilson County, but also to secretly and surreptitiously intercept, and to record, the oral conversations, utterances, and communications, to include electronic communications, to include telephone and cellular phone communications, of Wilson County employees, appointed and elected Wilson County officials, to include Wilson County Commissioners, and members of the public at-large, and to specifically include Plaintiff Bush, without their, or her, prior knowledge, and without their, or her, prior consent, and without first obtaining a judicial warrant to do so.

57

162. The interception, and / or recording of these oral conversations, utterances, and communications, by means of audio visual security camera device(s), by Wilson County, by and through and pursuant to the policy, custom, usage, or practice of Wilson County, and decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant Kenneth Hammonds, and Defendant Aaron Wilson, were conducted in violation of Plaintiff Bush's federal statutory rights, under 18 United States Code Section 2511 and Section 2520, to specifically include a conversation with elected Wilson County Commissioner Lauren Breeze, as described previously herein, without Plaintiff Bush's prior knowledge, and without Plaintiff Bush's prior consent, and without first obtaining a judicial warrant to do so, all while acting under color of law, unlawfully and unconstitutionally deprived Plaintiff Bush of her federal statutory rights under 18 United States Code Section 2511 and Section 2520.

163. As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson County Mayor Hutto, and former Wilson County IT Director Hammonds, and Wilson County IT Manager and employee Aaron Wilson, by installing or causing to be installed, and in conducting or performing a search, seizure, interception, collection, and / or use of Plaintiff Bush's oral communications, by means of an audio – visual recording device(s), to include oral communications with County Commissioner Breeze, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's federal statutory rights, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

164. Defendant former Wilson County IT Director Hammonds is liable to Plaintiff Bush for compensatory damages, injunctive relief, punitive damages, and attorneys' fees, pursuant to 18 United States Code §2511 and §2520.

**COUNT 20. DEPRIVATION OF PLAINTIFF'S FEDERAL STATUTORY RIGHTS UNDER 18 U.S.C. §2520 and §2511 AGAINST WILSON COUNTY IT MANAGER / EMPLOYEE DEFENDANT <u>AARON WILSON</u> PURSUANT TO 42 U.S.C. §1983**

165. Plaintiff incorporates paragraphs 1 through 44 herein by reference.

166. Federal statutes **18 U.S.C. §2520 and §2511** create and provide Plaintiff Bush with federal statutory rights.

167. Defendant Wilson County Mayor Hutto, throughout all material times to the Plaintiff's claims in the Amended Complaint, established, or maintained, acted upon, and enforced an unwritten policy, custom, usage, or well-settled practice, by which it installed and used security cameras to not only record video of various locations and properties owned by Wilson County, but also to secretly and surreptitiously intercept, and to record, the oral conversations, utterances, and communications, to include electronic communications, to include telephone and cellular phone communications, of Wilson County employees, appointed and elected Wilson County officials, to include Wilson County Commissioners, and members of the public at-large, and to specifically include Plaintiff Bush, without their, or her, prior knowledge, and without their, or her, prior consent, and without first obtaining a judicial warrant to do so.

168. The interception, and / or recording of these oral conversations, utterances, and communications, by means of audio visual security camera device(s), by Wilson County, by and through and pursuant to the policy, custom, usage, or practice of Wilson County, and decisions

59

made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant Kenneth Hammonds, and Defendant Aaron Wilson, were conducted in violation of Plaintiff Bush's federal statutory rights, under 18 United States Code Section 2511 and Section 2520, to specifically include a conversation with elected Wilson County Commissioner Lauren Breeze, as described previously herein, without Plaintiff Bush's prior knowledge, and without Plaintiff Bush's prior consent, and without first obtaining a judicial warrant to do so, all while acting under color of law, unlawfully and unconstitutionally deprived Plaintiff Bush of her federal statutory rights under 18 United States Code Section 2511 and Section 2520.

169. As a result of the policy, custom, usage, or practice of Defendant Wilson County, and the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson County Mayor Hutto, and former Wilson County IT Director Hammonds, and Wilson County IT Manager and employee Aaron Wilson, by installing or causing to be installed, and in conducting or performing a search, seizure, interception, collection, and / or use of Plaintiff Bush's oral communications, by means of an audio – visual recording device(s), to include oral communications with County Commissioner Breeze, and subjecting Plaintiff Bush, or causing Plaintiff Bush to be subjected to, a deprivation of Plaintiff Bush's federal statutory rights, while acting under color of law, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

170. Defendant Wilson County IT Manager Wilson is liable to Plaintiff Bush for compensatory damages, injunctive relief, punitive damages, and attorneys' fees, pursuant to 18 United States Code §2511 and §2520.

60

**COUNT 21. SEPARATE INDEPENDENT CLAIM FOR VIOLATION OF PLAINTIFF'S FEDERAL STATUTORY RIGHTS UNDER 18 U.S.C. §2520 and §2511 AGAINST DEFENDANT <u>WILSON COUNTY</u>**

171.   Plaintiff incorporates paragraphs 1 through 44 herein by reference.

172.   Federal statutes **18 U.S.C. §2520 and §2511** create and provide Plaintiff Bush with federal statutory rights.

173.   Defendant Wilson County, acting through its Mayor, Defendant Randall Hutto, and / or its' former employee and Information Technology Director, Defendant Kenneth Hammonds, who has been terminated by Defendant Wilson County, and / or through Wilson County Information Technology Manager, Defendant Aaron Wilson, and or through Wilson County HR Director Qiana Scruggs, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally intercepted, or endeavored to intercept, or procured another person to intercept or endeavor to intercept, oral and / or electronic communications of Plaintiff Bush, and specifically did intercept multiple oral and / or electronic telephone or cellular phone communications by Plaintiff Bush, to include specifically the security camera audio – video recording of Plaintiff Bush's oral communication with County Commissioner Lauren Breeze as described herein, in violation of and within the meaning of 18 U.S.C. §2511(1)(a).

174.   Defendant Wilson County, acting through its Mayor, Defendant Randall Hutto, and / or its' former employee and Information Technology Director, Defendant Kenneth Hammonds, who has been terminated by Defendant Wilson County, and / or through Wilson County Information Technology Manager, Defendant Aaron Wilson, and or through Wilson County HR Director Qiana Scruggs, throughout all material times to the Plaintiff's claims in the Amended

61

Complaint, intentionally used, or endeavored to use, or procured another person to use or endeavor to use, an electronic, mechanical, or other device, to wit: a security camera with audio – video recording capability, to intercept oral communications of Plaintiff Bush, while such device was affixed to, or which transmitted a signal through, a wire, cable, or other like connection used in wire communications, in violation of and within the meaning of 18 U.S.C. §2511(1)(b).

175. Defendant Wilson County, acting through its Mayor, Defendant Randall Hutto, and / or its' former employee and Information Technology Director, Defendant Kenneth Hammonds, who has been terminated by Defendant Wilson County, and / or through Wilson County Information Technology Manager, Defendant Aaron Wilson, and or through Wilson County HR Director Qiana Scruggs, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally disclosed or endeavored to disclose, to other another person or persons, the contents of wire, oral, and / or electronic communications of Plaintiff Bush, knowing or having reason to know that the information was obtained through the interception of a wire, oral, and / or electronic communication, in violation of and within the meaning of 18 U.S.C. §2511(1)(c).

176. Defendant Wilson County, acting through its Mayor, Defendant Randall Hutto, and / or its' former employee and Information Technology Director, Defendant Kenneth Hammonds, who has been terminated by Defendant Wilson County, and / or through Wilson County Information Technology Manager, Defendant Aaron Wilson, and or through Wilson County HR Director Qiana Scruggs, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally used, or endeavored to use, the contents of wire, oral, and / or electronic communications of Plaintiff Bush, knowing or having reason to know that the information was obtained through the interception of a wire, oral, and / or electronic communication, in violation of and within the meaning of 18 U.S.C. §2511(1)(d).

62

177. Plaintiff Bush did not become aware that her oral communications, and / or telephone and / or cellular phone communications, to include the oral communications with County Commissioner Lauren Breeze as described herein above, were intercepted, recorded, disclosed, and / or used by Defendant Mayor Hutto, and / or Defendant HR Director Scruggs, and / or former Defendant IT Director Hammonds, and / or Defendant IT Manager Wilson, until she was provided with discovery materials from Defendant Wilson County in the fall of 2024, less than two calendar years ago.

178. The interception, recording, disclosure, and use of the oral conversations, utterances, and communications, by means of the wired and / cabled audio visual security camera device(s), by Wilson County, and by and through the decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant former IT Director Hammonds, Defendant Scruggs, and Defendant Wilson, were conducted in violation of Plaintiff Bush's federal statutory rights, under 18 United States Code Section 2511 and Section 2520, to specifically include a conversation with elected Wilson County Commissioner Lauren Breeze, as described previously herein, without Plaintiff Bush's prior knowledge, and without Plaintiff Bush's prior consent, and without first obtaining a judicial warrant to do so, and without falling within any one of the exceptions provided by law, and unlawfully deprived Plaintiff Bush of her federal statutory rights under 18 United States Code Section 2511 and Section 2520.

179. As a result of the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson County Mayor Hutto, and former Wilson County IT Director Hammonds, and Wilson County IT Manager and employee Aaron Wilson, and Wilson County HR Director

63

Scruggs, as described herein, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

180. Defendant Wilson County, Defendant Hutto, Defendant Scruggs, Defendant Hammonds, and / or Defendant Wilson, liable to Plaintiff Bush, jointly and / or severally, for compensatory damages, injunctive relief, punitive damages, and attorneys' fees, pursuant to 18 United States Code §2511 and §2520.

**COUNT 22. SEPARATE INDEPENDENT CLAIM FOR VIOLATION OF PLAINTIFF'S FEDERAL STATUTORY RIGHTS UNDER 18 U.S.C. §2520 and §2511 AGAINST DEFENDANT WILSON COUNTY MAYOR RANDALL HUTTO**

181. Plaintiff incorporates paragraphs 1 through 44 herein by reference.

182. Federal statutes **18 U.S.C. §2520 and §2511** create and provide Plaintiff Bush with federal statutory rights.

183. Defendant Mayor Randall Hutto, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally intercepted, or endeavored to intercept, or procured another person to intercept or endeavor to intercept, oral and / or electronic communications of Plaintiff Bush, and specifically did intercept multiple oral and / or electronic telephone or cellular phone communications by Plaintiff Bush, to include specifically the security camera audio – video recording of Plaintiff Bush's oral communication with County Commissioner Lauren Breeze as described herein, in violation of and within the meaning of 18 U.S.C. §2511(1)(a).

64

184.     Defendant Mayor Hutto, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally used, or endeavored to use, or procured another person to use or endeavor to use, an electronic, mechanical, or other device, to wit: a security camera with audio – video recording capability,  to intercept oral communications of Plaintiff Bush, while such device was affixed to, or which transmitted a signal through, a wire, cable, or other like connection used in wire communications, in violation of and within the meaning of 18 U.S.C. §2511(1)(b).

185.     Defendant Mayor Hutto, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally disclosed or endeavored to disclose, to other another person or persons, the contents of wire, oral, and / or electronic communications of Plaintiff Bush, knowing or having reason to know that the information was obtained through the interception of a wire, oral, and / or electronic communication, in violation of and within the meaning of 18 U.S.C. §2511(1)(c).

186.     Defendant Mayor Hutto, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally used, or endeavored to use, the contents of wire, oral, and / or electronic communications of Plaintiff Bush, knowing or having reason to know that the information was obtained through the interception of a wire, oral, and / or electronic communication, in violation of and within the meaning of 18 U.S.C. §2511(1)(d).

187.     Plaintiff Bush did not become aware that her oral communications, and / or telephone and / or cellular phone communications, to include the oral communications with County Commissioner Lauren Breeze as described herein above, were intercepted, recorded, disclosed, and / or used by Defendant Wilson County, Defendant Mayor Hutto, Defendant HR Director Scruggs, Defendant former IT Director Hammonds, and Defendant IT Manager Wilson,

65

until she was provided with discovery materials from Defendant Wilson County in the fall of 2024, less than two calendar years ago.

188. The interception, recording, disclosure, and use of the oral conversations, utterances, and communications, by means of the wired and / cabled audio visual security camera device(s), by Wilson County, and by and through the decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant former IT Director Hammonds, Defendant Scruggs, and Defendant Wilson, were conducted in violation of Plaintiff Bush's federal statutory rights, under 18 United States Code Section 2511 and Section 2520, to specifically include a conversation with elected Wilson County Commissioner Lauren Breeze, as described previously herein, without Plaintiff Bush's prior knowledge, and without Plaintiff Bush's prior consent, and without first obtaining a judicial warrant to do so, and without falling within any one of the exceptions provided by law, and unlawfully deprived Plaintiff Bush of her federal statutory rights under 18 United States Code Section 2511 and Section 2520.

189. As a result of the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson County Mayor Hutto, and former Wilson County IT Director Hammonds, and Wilson County IT Manager and employee Aaron Wilson, and Wilson County HR Director Scruggs, as described herein, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

190. Defendant Wilson County, Defendant Hutto, Defendant Scruggs, Defendant Hammonds, and / or Defendant Wilson, liable to Plaintiff Bush, jointly and / or severally, for

66

compensatory damages, injunctive relief, punitive damages, and attorneys' fees, pursuant to 18 United States Code §2511 and §2520.

**COUNT 23. SEPARATE INDEPENDENT CLAIM FOR VIOLATION OF PLAINTIFF'S FEDERAL STATUTORY RIGHTS UNDER 18 U.S.C. §2520 and §2511 AGAINST DEFENDANT WILSON COUNTY HR DIRECTOR QIANA SCRUGGS**

191. Plaintiff incorporates paragraphs 1 through 44 herein by reference.

192. Federal statutes **18 U.S.C. §2520 and §2511** create and provide Plaintiff Bush with federal statutory rights.

193. Defendant HR Director Scruggs, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally intercepted, or endeavored to intercept, or procured another person to intercept or endeavor to intercept, oral and / or electronic communications of Plaintiff Bush, and specifically did intercept multiple oral and / or electronic telephone or cellular phone communications by Plaintiff Bush, to include specifically the security camera audio – video recording of Plaintiff Bush's oral communication with County Commissioner Lauren Breeze as described herein, in violation of and within the meaning of 18 U.S.C. §2511(1)(a).

194. Defendant HR Director Scruggs, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally used, or endeavored to use, or procured another person to use or endeavor to use, an electronic, mechanical, or other device, to wit: a security camera with audio – video recording capability, to intercept oral communications of Plaintiff Bush, while such device was affixed to, or which transmitted a signal through, a wire, cable, or

other like connection used in wire communications, in violation of and within the meaning of 18 U.S.C. §2511(1)(b).

195. Defendant HR Director Scruggs, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally disclosed or endeavored to disclose, to other another person or persons, the contents of wire, oral, and / or electronic communications of Plaintiff Bush, knowing or having reason to know that the information was obtained through the interception of a wire, oral, and / or electronic communication, in violation of and within the meaning of 18 U.S.C. §2511(1)(c).

196. Defendant HR Director Scruggs, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally used, or endeavored to use, the contents of wire, oral, and / or electronic communications of Plaintiff Bush, knowing or having reason to know that the information was obtained through the interception of a wire, oral, and / or electronic communication, in violation of and within the meaning of 18 U.S.C. §2511(1)(d).

197. Plaintiff Bush did not become aware that her oral communications, and / or telephone and / or cellular phone communications, to include the oral communications with County Commissioner Lauren Breeze as described herein above, were intercepted, recorded, disclosed, and / or used by Defendant Wilson County, Defendant Mayor Hutto, Defendant HR Director Scruggs, Defendant former IT Director Hammonds, and Defendant IT Manager Wilson, until she was provided with discovery materials from Defendant Wilson County in the fall of 2024, less than two calendar years ago.

198. The interception, recording, disclosure, and use of the oral conversations, utterances, and communications, by means of the wired and / cabled audio visual security camera

68

device(s), by Wilson County, and by and through the decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant former IT Director Hammonds, Defendant Scruggs, and Defendant Wilson, were conducted in violation of Plaintiff Bush's federal statutory rights, under 18 United States Code Section 2511 and Section 2520, to specifically include a conversation with elected Wilson County Commissioner Lauren Breeze, as described previously herein, without Plaintiff Bush's prior knowledge, and without Plaintiff Bush's prior consent, and without first obtaining a judicial warrant to do so, and without falling within any one of the exceptions provided by law, and unlawfully deprived Plaintiff Bush of her federal statutory rights under 18 United States Code Section 2511 and Section 2520.

199. As a result of the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson County Mayor Hutto, and former Wilson County IT Director Hammonds, and Wilson County IT Manager and employee Aaron Wilson, and Wilson County HR Director Scruggs, as described herein, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

200. Defendant Wilson County, Defendant Hutto, Defendant Scruggs, Defendant Hammonds, and / or Defendant Wilson, liable to Plaintiff Bush, jointly and / or severally, for compensatory damages, injunctive relief, punitive damages, and attorneys' fees, pursuant to 18 United States Code §2511 and §2520.

**COUNT 24. SEPARATE INDEPENDENT CLAIM FOR VIOLATION OF PLAINTIFF'S FEDERAL STATUTORY RIGHTS UNDER 18 U.S.C. §2520 and §2511 AGAINST**

**DEFENDANT** <u>**KENNETH HAMMONDS**</u> **(FOERMER WILSON COUNTY IT DIRECTOR)**

201.    Plaintiff incorporates paragraphs 1 through 44 herein by reference.

202.    Federal statutes **18 U.S.C. §2520 and §2511** create and provide Plaintiff Bush with federal statutory rights.

203.    Defendant former IT Director Hammonds, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally intercepted, or endeavored to intercept, or procured another person to intercept or endeavor to intercept, oral and / or electronic communications of Plaintiff Bush, and specifically did intercept multiple oral and / or electronic telephone or cellular phone communications by Plaintiff Bush, to include specifically the security camera audio – video recording of Plaintiff Bush's oral communication  with County Commissioner Lauren Breeze as described herein, in violation of and within the meaning of 18 U.S.C. §2511(1)(a).

204.    Defendant former IT Director Hammonds, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally used, or endeavored to use, or procured another person to use or endeavor to use, an electronic, mechanical, or other device, to wit: a security camera with audio – video recording capability,  to intercept oral communications of Plaintiff Bush, while such device was affixed to, or which transmitted a signal through, a wire, cable, or other like connection used in wire communications, in violation of and within the meaning of 18 U.S.C. §2511(1)(b).

205.    Defendant former IT Director Hammonds, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally disclosed or endeavored to disclose, to

70

other another person or persons, the contents of wire, oral, and / or electronic communications of Plaintiff Bush, knowing or having reason to know that the information was obtained through the interception of a wire, oral, and / or electronic communication, in violation of and within the meaning of 18 U.S.C. §2511(1)(c).

206. Defendant former IT Director Hammonds, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally used, or endeavored to use, the contents of wire, oral, and / or electronic communications of Plaintiff Bush, knowing or having reason to know that the information was obtained through the interception of a wire, oral, and / or electronic communication, in violation of and within the meaning of 18 U.S.C. §2511(1)(d).

207. Plaintiff Bush did not become aware that her oral communications, and / or telephone and / or cellular phone communications, to include the oral communications with County Commissioner Lauren Breeze as described herein above, were intercepted, recorded, disclosed, and / or used by Defendant Wilson County, Defendant Mayor Hutto, Defendant HR Director Scruggs, Defendant former IT Director Hammonds, and Defendant IT Manager Wilson, until she was provided with discovery materials from Defendant Wilson County in the fall of 2024, less than two calendar years ago.

208. The interception, recording, disclosure, and use of the oral conversations, utterances, and communications, by means of the wired and / cabled audio visual security camera device(s), by Wilson County, and by and through the decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant former IT Director Hammonds, Defendant Scruggs, and Defendant Wilson, were conducted in violation of Plaintiff Bush's federal statutory rights, under

71

18 United States Code Section 2511 and Section 2520, to specifically include a conversation with elected Wilson County Commissioner Lauren Breeze, as described previously herein, without Plaintiff Bush's prior knowledge, and without Plaintiff Bush's prior consent, and without first obtaining a judicial warrant to do so, and without falling within any one of the exceptions provided by law, and unlawfully deprived Plaintiff Bush of her federal statutory rights under 18 United States Code Section 2511 and Section 2520.

209. As a result of the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson County Mayor Hutto, and former Wilson County IT Director Hammonds, and Wilson County IT Manager and employee Aaron Wilson, and Wilson County HR Director Scruggs, as described herein, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

210. Defendant Wilson County, Defendant Hutto, Defendant Scruggs, Defendant Hammonds, and / or Defendant Wilson, liable to Plaintiff Bush, jointly and / or severally, for compensatory damages, injunctive relief, punitive damages, and attorneys' fees, pursuant to 18 United States Code §2511 and §2520.

## COUNT 25. DEPRIVATION OF PLAINTIFF'S FEDERAL STATUTORY RIGHTS UNDER 18 U.S.C. §2520 and §2511 AGAINST DEFENDANT <u>AARON WILSON</u>

211. Plaintiff incorporates paragraphs 1 through 44 herein by reference.

212. Federal statutes **18 U.S.C. §2520 and §2511** create and provide Plaintiff Bush with federal statutory rights.

213. Defendant IT Manager Wilson, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally intercepted, or endeavored to intercept, or procured another person to intercept or endeavor to intercept, oral and / or electronic communications of Plaintiff Bush, and specifically did intercept multiple oral and / or electronic telephone or cellular phone communications by Plaintiff Bush, to include specifically the security camera audio – video recording of Plaintiff Bush's oral communication with County Commissioner Lauren Breeze as described herein, in violation of and within the meaning of 18 U.S.C. §2511(1)(a).

214. Defendant IT Manager Wilson, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally used, or endeavored to use, or procured another person to use or endeavor to use, an electronic, mechanical, or other device, to wit: a security camera with audio – video recording capability, to intercept oral communications of Plaintiff Bush, while such device was affixed to, or which transmitted a signal through, a wire, cable, or other like connection used in wire communications, in violation of and within the meaning of 18 U.S.C. §2511(1)(b).

215. Defendant IT Manager Wilson, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally disclosed or endeavored to disclose, to other another person or persons, the contents of wire, oral, and / or electronic communications of Plaintiff Bush, knowing or having reason to know that the information was obtained through the interception of a wire, oral, and / or electronic communication, in violation of and within the meaning of 18 U.S.C. §2511(1)(c).

73

216. Defendant IT Manager Wilson, throughout all material times to the Plaintiff's claims in the Amended Complaint, intentionally used, or endeavored to use, the contents of wire, oral, and / or electronic communications of Plaintiff Bush, knowing or having reason to know that the information was obtained through the interception of a wire, oral, and / or electronic communication, in violation of and within the meaning of 18 U.S.C. §2511(1)(d).

217. Plaintiff Bush did not become aware that her oral communications, and / or telephone and / or cellular phone communications, to include the oral communications with County Commissioner Lauren Breeze as described herein above, were intercepted, recorded, disclosed, and / or used by Defendant Wilson County, Defendant Mayor Hutto, Defendant HR Director Scruggs, Defendant former IT Director Hammonds, and Defendant IT Manager Wilson, until she was provided with discovery materials from Defendant Wilson County in the fall of 2024, less than two calendar years ago.

218. The interception, recording, disclosure, and use of the oral conversations, utterances, and communications, by means of the wired and / cabled audio visual security camera device(s), by Wilson County, and by and through the decisions made by its' managerial officials, elected and / or appointed or employed by Wilson County as named herein, specifically to include Defendant Mayor Hutto, Defendant former IT Director Hammonds, Defendant Scruggs, and Defendant Wilson, were conducted in violation of Plaintiff Bush's federal statutory rights, under 18 United States Code Section 2511 and Section 2520, to specifically include a conversation with elected Wilson County Commissioner Lauren Breeze, as described previously herein, without Plaintiff Bush's prior knowledge, and without Plaintiff Bush's prior consent, and without first obtaining a judicial warrant to do so, and without falling within any one of the exceptions provided

74

by law, and unlawfully deprived Plaintiff Bush of her federal statutory rights under 18 United States Code Section 2511 and Section 2520.

219. As a result of the actions, directives, instructions, and / or decisions of Defendants Wilson County, Wilson County Mayor Hutto, and former Wilson County IT Director Hammonds, and Wilson County IT Manager and employee Aaron Wilson, and Wilson County HR Director Scruggs, as described herein, Plaintiff Bush suffered injury, damages, emotional harm, stress, and physiological harm.

220. Defendant Wilson County, Defendant Hutto, Defendant Scruggs, Defendant Hammonds, and / or Defendant Wilson, liable to Plaintiff Bush, jointly and / or severally, for compensatory damages, injunctive relief, punitive damages, and attorneys' fees, pursuant to 18 United States Code §2511 and §2520.

## WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1. For proper process to issue and for the Defendants to be served with a true and accurate copy of this Amended Complaint, and that they be required to answer same within the time prescribed law;

2. For a jury to try this cause;

3. For a monetary judgment in favor of the Plaintiff and against each and all Defendants, jointly and severally;

4. For all compensatory damages which are determined to be fair and reasonable and not less than THREE MILLION AND FIVE HUNDRED THOUSAND DOLLARS ($3,500,000.00); back pay and benefits; front pay and benefits, to include but not limited to

75

retirement, liquidated damages in an amount to be proven at trial, all other enumerated damages sought and averred above; and all other damages available and prescribed by law.

5. For all costs, including discretionary and court costs;

6. For attorney fees as prescribed by law;

7. For injunctive relief;

8. For all other general and/or specific relief as this Honorable Court deems just; and.

9. For pre and post judgment interest.

Respectfully submitted,

By: */s/ Lance A. Baker*
Lance A. Baker (#015152)
**Batson Nolan, PLC**
2678 Towsend Court
Suite A
Clarksville, TN 37043
(931) 647-1501
lbaker@batsonnolan.com
*Counsel for Plaintiff*

76

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Amended Complaint has been served by email on:

Jeff R.Thompson (#020310)
Gina S. Vogel (#033526)
Grant Carringer ( )
Lewis Thomason, P.C.
900 S. Gay St, Ste 300
P.O. Box 2425
Knoxville, TN 37901
T : (865) 546-4646
F : (865) 523-6529
jrthompson@lewisthomason.com
gvogel@lewisthomason.com
*Counsel for Defendant*

on this 19th day of March, 2026.

/s/ *Lance A. Baker*
Lance A. Baker

77



FILED

A.M —MAR-1-9-2026— P.M.
9:40
MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., TN

# INDICTMENT

No. 25-CR-819

## STATE OF TENNESSEE
### VS.

### KENNETH M. HAMMONDS, JR.

1 COUNT(S) - THEFT OF PROPERTY –
$60,000 - $250,000
1 COUNT(S) - OFFICIAL MISCONDUCT

### A TRUE BILL

_Terry McDonald_

Foreman, Grand Jury

WALKER WOODS
Prosecutor

---

**WITNESSES**

WALKER WOODS

Here duly summoned as witnesses and sworn by me, and testified before the Grand Jury on this indictment.

_Terry McDonald_

Foreman, Grand Jury

THE CLERK will issue summons for the following State Witnesses:

WALKER WOODS

Jason L. Lawson
District Attorney General

---

# STATE OF TENNESSEE, WILSON COUNTY

## NOVEMBER SESSION OF THE CRIMINAL COURT, 2025

THE GRAND JURORS of Wilson County, Tennessee, duly empanelled and sworn upon their oath present that KENNETH M. HAMMONDS, JR. between February 15, 2019 and November 03, 2025 in Wilson County, Tennessee, and before the finding of this indictment, knowingly did obtain or exercise control over certain property, to wit: cash monies and miscellaneous computers and equipment, of the value of more than $60,000.00 (Sixty Thousand Dollars) but less than $250,000.00 (Two Hundred and Fifty Thousand Dollars), the property of the Wilson County Government, without the effective consent of the Wilson County Government, with the intent to deprive the Wilson County Government of the property, in violation of Tennessee Code Annotated §39-14-103, and against the peace and dignity of the State of Tennessee.

Returned and Filed this
the 13 day of Nov. 2025
_Debbie Moss_ dm
Debbie Moss, Clerk dc

Capias 11/13/25

_Jason L. Lawson_
DISTRICT ATTORNEY GENERAL

## COUNT 2

## NOVEMBER TERM, 2025, CRIMINAL COURT

THE GRAND JURORS of Wilson County, Tennessee, duly empanelled and sworn upon their oath present that:

### KENNETH M. HAMMONDS, JR.

between February 15, 2019 and November 03, 2025 in Wilson County, Tennessee, and before the finding of this indictment, did while being a public servant, to wit: the IT Director for the Wilson County Government, unlawfully, intentionally or knowingly, with intent to obtain a benefit or to harm another, did violate a law being Theft of Property - $60,000 - $250,000, relating to the public servant's office or employment, in violation of Tennessee Code Annotated §39-16-402, and against the peace and dignity of the State of Tennessee.

DISTRICT ATTORNEY GENERAL



**EXHIBIT**

**B**



**FILED**

A.M. MAR 1 9 2026
9:40 P.M.

MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., TN

.14-4-36

## RESOLUTION OF THE BOARD OF COUNTY COMMISSIONERS OF WILSON COUNTY, TENNESSEE ESTABLISHING A COUNTY BUILDING VIDEO CAMERA POLICY

WHEREAS, there are currently two types of authorized video cameras being used in Wilson County Buildings - Security Cameras and Meeting Broadcast Cameras; and

WHEREAS, Security Cameras are prohibited from recording audio and may be used only by the Director of Operations for Building Maintenance and Wilson County Security personnel ; and

WHEREAS, Meeting Broadcast Cameras are allowed to record audio but only used when recording publicly noticed meetings. These cameras are to be monitored only by PEG Channel personnel.

NOW, THEREFORE, BE IT RESOLVED by the Board of County Commissioners of Wilson County, Tennessee the following

1) Security Cameras are prohibited from recording audio and may be used only by the Director of Operations for Building Maintenance and Wilson County Security.

2) Meeting Broadcast Cameras are allowed to record audio but only during publicly noticed meetings and only by PEG Channel personnel.

3) Exempted from this policy are the Sheriff's Office, the Jail, the Criminal Justice Center, the College Street Judicial Building, WEMA facilities, and the Judicial Commissioners Office.

Commissioner Bobby Franklin
SPONSOR

Commissioner
CO SPONSOR

RECOMMENDED FOR APPROVAL:

Case 3:26-cv-00488    Document 1-3    Filed 04/20/26    Page 138 of 191 PageID #: 148

$24-4-21$

# RESOLUTION OF THE BOARD OF COUNTY COMMISSIONERS OF WILSON COUNTY, TENNESSEE REQUESTING AN INVENTORY RECONCILIATION AUDIT OF TECHNOLOGY ASSETS PURCHASED IN FISCAL YEARS 2020, 2021, 2022, 2023, AND 2024.

WHEREAS, It is a primary function of a Wilson County Commissioner to insure that taxpayer funds are spent wisely and continuously accounted for ; and

WHEREAS, there have been many questions concerning the need for, quantity of, and location of recent technology purchases ; and

WHEREAS, this asset reconciliation audit should include budgets of Animal Control, Archives, Building Codes and Zoning, Building Maintenance, Tourism, County Attorney, Emergency Management, Finance, Human Resources, Information Technology, Judicial Commissioners, Juvenile Services, Planning, Stormwater, Veterans Services, and PEG Channel; and

WHEREAS, this asset reconciliation audit should be for all technological assets over 500 dollars purchased from fund 101; and

WHEREAS, this asset reconciliation audit should be for all technological assets in totality purchased as part of a capital project from fund 189; and

WHEREAS, this asset reconciliation audit should be for all technological assets purchased for the Agricultural and Expo Center through fund 124 including assets purchased as part of the fair grants.

NOW, THEREFORE, BE IT RESOLVED by the Board of County Commissioners of Wilson County, Tennessee that the above described technology asset reconciliation audit be conducted as soon as possible.

_____
Commissioner Bobby Franklin
SPONSOR

_____
Commissioner
CO SPONSOR

RECOMMENDED FOR APPROVAL:

24-4-22

## RESOLUTION OF THE BOARD OF COUNTY COMMISSIONERS OF WILSON COUNTY, TENNESSEE REQUESTING THAT THE PEG CHANNEL OPERATION RERORT DIRECTLY TO THE COUNTY MAYOR INSTEAD OF AS A PART OF THE INFORMATION TECHNOLOGY DEPARTMENT

WHEREAS, the PEG Channel is an operation that records county meetings, produces original content, and maintains a 24 hour television channel for the general public ; and

WHEREAS, the Information Technology Department is a staff function that supports county operations.; and

WHEREAS, it is not considered ideal organizational structure for an operation that produces goods and services for the general public to report to a staff function;

NOW, THEREFORE, BE IT RESOLVED by the Board of County Commissioners of Wilson County, Tennessee the following:

1) The PEG Channel operation should be separate from the Information Technology Department and report directly to the County Mayor and the Cable TV / Broadband Access Committee

2) The Information Technology Department will report directly to the County Mayor and the Public Buildings Committee.

Commissioner Bobby Franklin
SPONSOR

Commissioner
CO SPONSOR

RECOMMENDED FOR APPROVAL:

## IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE

| | |
|---|---|
| TRESSA BUSH, | ) |
| | ) |
| Plaintiff, | ) Docket: 2024CV103 |
| | ) |
| vs. | ) JURY DEMAND (12) |
| | ) |
| WILSON COUNTY, TENNESSEE, | ) |
| | ) |
| Defendant. | ) |

---

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

---

Comes now the Plaintiff Tressa Bush ("Plaintiff"), by and through counsel, pursuant to Rules 8.03 and 12.06 of the Tennessee Rules of Civil Procedure ("Tenn. R. Civ. P."), and respectfully requests that this Court, on its own initiative, strike each of the Defendant Wilson County's ("Defendant") alleged Affirmative Defenses numbered Paragraphs 50, 51, 52, 54, 55, and 58 contained in its Answer, and as grounds therefore would state as follows:

### I. FACTS and PROCEDURAL HISTORY

1.      Plaintiff Tressa Bush ("Bush") was previously employed by Defendant Wilson County ("Wilson County"), Tennessee, as the Public, Education, and Government ("PEG") public television channel and program Station Manager from March 14, 2018, until her unlawful discharge on March 5, 2024. Bush was in charge of operating and managing all activities related to the Wilson County PEG television channel / station.

2.      After her unlawful termination, Ms. Bush filed her Complaint on May 10, 2024, alleging a single count claim against Wilson County for retaliatory discharge under, and in violation

1

of the Tennessee Public Employee Political Freedom Act of 1980, as amended, codified at Tennessee Code Annotated ("Tenn. Code Ann.") §8-50-601, et. seq.

3.      Wilson County filed an Answer on June 11, 2024, in which, *inter alia*, Wilson County asserted in bare conclusory fashion various affirmative defenses, to include the following:

a.      Affirmative Defense at Paragraph 50: *"Wilson County, Tennessee asserts all defenses, immunities and limitations under the Tennessee Governmental Tort Liability Act, T.C.A. §29-20-101, et. seq."*

b.      Affirmative Defense at Paragraph 51: *"Plaintiff's claims are barred to the extent that she failed to exhaust appropriate administrative or other legal remedies and to the extent she failed to follow polices designed to prevent or correct any alleged discrimination or harassment."*

c.      Affirmative Defense at Paragraph 52: *"All damages allegedly suffered by Plaintiff resulted from her own acts or omissions and, accordingly, she is barred from recovery."*

d.      Affirmative Defense at Paragraph 54: *"Plaintiff's claims are barred to the extent they were filed outside of any applicable statute of limitations."*

e.      Affirmative Defense at Paragraph 55: *"Wilson County's actions were taken in good faith and for legitimate business reasons and had nothing to do with any alleged protected status of Plaintiff."*

f.      Affirmative Defense at Paragraph 58: *"This Defendant relies on the terms, conditions and defenses contained in Tenn. Code Ann. 8-50-601 et. seq."*

## II. LEGAL STANDARD and ARGUMENT

Rule 8.03 of the Tenn. R. Civ. P. pertains to affirmative defenses and provides in pertinent part as follows:

### Rule 8.03. Affirmative Defenses

In pleading to a preceding pleading, a party shall set forth affirmatively *facts* in short and plain terms relied upon to constitute...statute of limitations, . . . waiver, ... and any other matter constituting an affirmative defense.

(emphasis added)

Rule 8.05 of the Tenn. R. Civ. P. pertains to the requirement that pleadings be concise and direct, and to the pleading of statutory based defenses, *inter alia*, and provides in pertinent part as follows:

### Rule 8.05. Pleading to be Concise and Direct; Statutes, Ordinances and Regulations; Consistency

(1) Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required. Every pleading stating a claim or *defense* relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged. ... The *manner* in which violation of any statute, ... is claimed shall be set forth.

(emphasis added)

Rule 12.06 of the Tenn. R. Civ. P., which pertains to motions to strike, provides in pertinent part as follows:

### Rule 12.06. Motion to Strike

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 30 days after the service of the pleading upon the party or *upon the court's own initiative at any time*, the court may order stricken from any pleading any *insufficient defense* or any redundant, immaterial, impertinent or scandalous matter.

3

(emphasis added)

An affirmative defense must be "specifically pleaded." Pratcher v. Methodist Healthcare Memphis Hospitals, 407 S.W.3d 727, 736 (Tenn. 2013) (citing George v. Bldg. Materials Corp. of Am., 44 S.W.3d 481, 486 (Tenn. 2001)). A generic invocation of an affirmative defense[1], such as "failure to state a claim," cannot be used as a vehicle to assert an affirmative defense, and instead, an affirmative defense must be specifically pleaded. Pratcher v. Methodist Healthcare Memphis Hospitals, 407 S.W.3d 727, 736 (Tenn. 2013). Rule 8.03 requires a party to set forth affirmatively facts in short and plain terms relied upon to constitute an affirmative defense, and clearly "contains a 'specificity requirement' requiring the pleading of "facts in short and plain terms" which are alleged to constitute the affirmative defense. Id. The factual specificity requirements of Rule 8.03 may not be dispensed with or ignored, and "conclusory allegations do not satisfy the specificity requirements of Rule 8.03." Id. "The specific pleading requirements of [Rule] 8.03 are designed to prevent trial by ambush." Id. (citing George, 44 S.W.3d at 487). "A defendant must assert an affirmative defense in a timely manner to secure the 'just' and 'speedy' resolution of litigation." Pratcher, at 742. "Affirmative defenses that are not properly raised are waived." Pratcher, at 735 (quoting Estate of Baker v. King, 207 S.W.3d 254, 265 (Tenn. Ct. App. 2006); and citing Thompson, Breeding, Dunn, Cresswell & Sparks v. Bowlin, 765 S.W.2d 743, 744 (Tenn. Ct. App.

---

[1] An affirmative defense is one that wholly or partly avoids the cause of action asserted by the preceding pleading by new allegations that admit part or all of the cause of action, but avoids liability because of a legally sufficient excuse, justification, or other matter negating the alleged breach or wrong. Church of God in Christ, Inc. v. L.M. Haley Ministries, Inc., 531 S.W.3d 146, 157 (Tenn. 2017). An affirmative defense generally is deemed waived unless timely raised in an answer or responsive pleading. Id.; see also Pratcher v. Methodist Memphis Hospitals, 407 S.W.3d 727, 735 (Tenn. 2013). The burden of proving an affirmative defense is on the party asserting it. Tennessee Farmers Mut. Ins. Co. v. Farrar, 337 S.W.3d 829, 837 (Tenn. Ct. App. 2009), appeal denied (Feb. 16, 2011).

4

1987). "Failure to comply with Rule 8.03 will result in a waiver of the defense." Pratcher, at 736 (citing Allgood v. Gateway Health Sys., 309 S.W.3d 918, 925 (Tenn. Ct. App. 2009).

In this case, the Court should, on its own initiative, strike the Defendant's Affirmative Defenses alleged in paragraphs 50, 51, 52, 54, 55, and 58 contained Wilson County's Answer based on insufficiency. These Affirmative Defenses are insufficient because they do not contain any alleged *facts* whatsoever that would provide a basis for the assertion of these Affirmative Defenses by Wilson County. Thus, these Affirmative Defenses violate the pleading requirements of Rule 8.03 pertaining to affirmative defenses, which mandates that all affirmative defenses "shall" set forth affirmatively "facts" relied upon to constitute any alleged affirmative defense.

Further, two of Wilson County's Affirmative Defenses, at paragraphs 50 and 58, reference two separate Tennessee state statutes (the Tennessee Governmental Tort Liability Act ("TGTLA"), as codified at Tenn. Code Ann. §29-20-101, et. seq.; and the Tennessee Public Employee Political Freedom Act (TPEPFA), as codified at Tenn. Code Ann. §8-50-601, et. seq.), but fail to state any facts whatsoever in connection therewith, or the "manner" in which those statutes apply or how they allegedly establish any defense to the Plaintiff's claim under the TPEPFA. Thus, these Affirmative Defenses violate the pleading requirements of Rule 8.05 pertaining to the pleading of statutory defenses, which mandates that any statutory based defense "shall" set forth affirmatively the "manner" in which the statutory defense allegedly applies.

Because of this insufficiency, the Plaintiff is prejudiced and unable to, or at least is significantly hindered from, formulating a meaningful litigation strategy, or to respond or adequately defend against these alleged Affirmative Defenses. It is not even possible to adequately formulate discovery requests pertaining to these alleged Affirmative Defenses. The Defendant's

5

bare bones, conclusory assertions do not provide meaningful notice, even under the general liberal notice pleading standard of Rule 8 of the Tenn. R. Civ. P. Defendants' failure to allege any facts whatsoever regarding these Affirmative Defenses constitute a waiver of these Affirmative Defenses.

Judicial economy is best served by striking these conclusory Affirmative Defenses now, rather than at the summary judgment stage or at trial. Further, allowing Defendants to amend their Answer to add a factual basis for their Affirmative Defenses at this stage of the proceedings would be highly prejudicial to the Plaintiff.

## III. CONCLUSION

In conclusion, the Court should strike Defendant Wilson County's Affirmative Defenses as alleged at paragraphs 50, 51, 52, 54, 55, and 58 contained in the Defendants' Answer on its own initiative, which is permitted by Rule 12.06 of the Tenn. R. Civ. P. The Affirmative Defenses alleged by the Defendants do not contain any facts whatsoever that serve to formulate a basis for the respective defenses asserted. And the statutory based Affirmative Defenses do not allege any facts, or even any legal theory, concerning the manner in which those statutes allegedly apply as a defense to the Plaintiff's claim. Thus, the Plaintiff is unable to adequately prepare and to respond to the Defendant's inadequately pled and insufficient Affirmative Defenses.

In support of this Motion to Strike, Plaintiff relies upon a Memorandum of Law filed contemporaneously herewith, and the entire record.

6

**NOTICE OF HEARING**

**PLAINTIFF'S MOTION FOR TO SRIKE SHALL BE SET TO BE HEARD ON THE 17th DAY OF OCTOBER, 2025 AT 9:00 A.M. IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE AT 134 SOUTH COLLEGE STREET, ROOM 200, LEBANON, TN 37087.**

Respectfully submitted,

 **MERIDIAN LAW** PLLC

By:  /s/ Lance A. Baker

Lance A. Baker (#015152)
5141 Virginia Way, Ste 320
Brentwood, TN 37207
615-229-7499 (office)
lance.baker@meridian.law
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **Motion** has been served by email on:

Jeff R. Thompson (#020310)
Gina S. Vogel (#033526)
Lewis Thomason, P.C.
900 S. Gay Street, Ste 300
P.O. Box 2425
Knoxville, TN 37901
gvogel@lewisthomason.com
jrthompson@lewisthomason.com
*Counsel for Defendant Wilson County*

on this 26th day of September, 2025.

/s/ Lance A. Baker
Lance A. Baker

# IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE

F I L E D

K (A.M.) NOV - 7 2025 P.M.
8:10
MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., TN

TRESSA BUSH, )
)
    Plaintiff, )
)    Docket: 2024CV103
vs. )
)    JURY DEMAND (12)
WILSON COUNTY, TENNESSEE, )
)
    Defendant. )

---

## PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

---

Comes now the Plaintiff Tressa Bush ("Plaintiff"), by and through counsel, pursuant to Rules 8.03 and 12.06 of the Tennessee Rules of Civil Procedure ("Tenn. R. Civ. P."), and submits this Reply in opposition to the Defendant's Response, in further support of Plaintiff's Motion to Strike Defendant's Affirmative Defenses, and respectfully requests that this Court strike each of the Defendant Wilson County's ("Defendant") alleged Affirmative Defenses numbered Paragraphs 50, 51, 52, 54, 55, and 58 contained in its Answer, and would state as follows:

Defendant presents a classic "I want my cake and eat it too" response. On the one hand, Defendant appears to argue that the contested affirmative defenses at issue have already been sufficiently stated, yet concedes there are problems with the precise language used by Defendant to assert their affirmative defenses that are at issue. As such, Defendant readily acknowledges that these affirmative defenses are "insufficient" within the meaning of Rules 8.03 and 12.06. By way of a proposed remedy, Defendant now offers belatedly alternative wording of the contested affirmative defenses, without going through the formal rules for seeking to amend their Answer, by

1

filing a motion for leave to amend their Answer, which would provide an opportunity to the Plaintiff to contest same, and for the Court to consider the familiar factors that bear on the merits of any such motion.

Defendant still simply fails to address the critical and express requirement of Rule 8.03 of the Tennessee Rules of Civil Procedure that any affirmative defense asserted in a defendant's Answer must allege *facts* in support of that affirmative defense, even under Tennessee's liberal notice pleading standard. The proposed "amended" versions now belatedly offered by Defendant still fall far short of what Rule 8.03 requires of a defendant who wished to plead an affirmative defense.

Rule 8.03 of the Tenn. R. Civ. P. pertains to affirmative defenses and provides in pertinent part as follows:

### Rule 8.03. Affirmative Defenses

In pleading to a preceding pleading, a party shall set forth affirmatively *facts* in short and plain terms relied upon to constitute...statute of limitations, . . . waiver, ... and any other matter constituting an affirmative defense.

(emphasis added)

Rule 8.05 of the Tenn. R. Civ. P. pertains to the requirement that pleadings be concise and direct, and to the pleading of statutory based defenses, *inter alia*, and provides in pertinent part as follows:

### Rule 8.05. Pleading to be Concise and Direct; Statutes, Ordinances and Regulations; Consistency

(1) Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required. Every pleading stating a claim or *defense* relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the

2

other party can be duly apprised of the statutory violation charged. ... The *manner* in which violation of any statute, ... is claimed shall be set forth.

(emphasis added)

The same is evident with the Defendants' assertions of legal doctrine defenses. There are literally no facts alleged regarding how the Plaintiffs' claims are barred by the legal doctrines of "laches," "estoppel," or "unclean hands," all of which case law makes clear are highly intensive factual inquiries.

Defendants' mischaracterize Tennessee law in citing the well-known Tennessee Supreme Court case of Webb v. Nashville Area Habitat for Humanity, Inc., 346 S.W.3d 422 (Tenn. 2011) in support of this proposition. However, Defendants fail to mention that Webb nowhere dealt with Rule 8.03 and the pleading requirements for affirmative defenses under the Tennessee Rules of Civil Procedure. Instead, Webb concerned the pleading requirements for a plaintiff's claims under Rule 8.01 in the context of a defendants Rule 12.02 (6) motion to dismiss the plaintiff's retaliatory discharge action for an alleged failure to state a claim upon which relief can be granted. There is simply nothing in the Webb case that even mentions, much less analyzes the pleading requirements under Rule 8.03 regarding affirmative defenses, which requires the pleading of "facts." In rejecting the federal "plausibility" pleading standard for evaluating a plaintiff's claims under the Twombly / Iqbal test[1], the Tennessee Supreme Court squarely focused on what or how a plaintiff must allege their claim under Rule 8.01 in order for their claims to survive a Rule 12.02 (6) motion to dismiss, and not at all on pleading standards for affirmative defenses under Rule 8.03.

---

[1] See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In contrast, the Plaintiff has cited the squarely on point Tennessee Supreme Court case of Pratcher v. Methodist Healthcare Memphis Hospitals, 407 S.W.3d 727 (Tenn. 2013) which unequivocally holds that an affirmative defense under Rule 8.03 must be "specifically pleaded," and that a generic invocation of an affirmative defense, such as "failure to state a claim," cannot be used as a vehicle to assert any affirmative defense. Pratcher, at 736. Rule 8.03 requires a party to set forth affirmatively facts in short and plain terms relied upon to constitute an affirmative defense, and clearly "contains a 'specificity requirement' requiring the pleading of "facts in short and plain terms" which are alleged to constitute the affirmative defense. Id. The factual specificity requirements of Rule 8.03 may not be dispensed with or ignored, and "conclusory allegations do not satisfy the specificity requirements of Rule 8.03." Id. "The specific pleading requirements of [Rule] 8.03 are designed to prevent trial by ambush." Id. (citing George v. Bldg. Materials Corp. of Am., 44 S.W.3d 481, 487 (Tenn. 2013). "A defendant must assert an affirmative defense in a timely manner to secure the 'just' and 'speedy' resolution of litigation." Pratcher, at 742. "Affirmative defenses that are not properly raised are waived." Pratcher, at 735 (quoting Estate of Baker v. King, 207 S.W.3d 254, 265 (Tenn. Ct. App. 2006); and citing Thompson, Breeding, Dunn, Cresswell & Sparks v. Bowlin, 765 S.W.2d 743, 744 (Tenn. Ct. App. 1987). "Failure to comply with Rule 8.03 will result in a waiver of the defense." Pratcher, at 736 (citing Allgood v. Gateway Health Sys., 309 S.W.3d 918, 925 (Tenn. Ct. App. 2009).

Both the Defendant's original affirmative defenses asserted in its' Answer, as well as the new and untimely proposed "amended" affirmative defenses, are woefully deficient under Rule 8.03 and Tennessee Supreme Court precedent, and as such, they are waived, and constitute an

4

insufficient defense under Rule 12.06, and must be stricken by the Court from the Defendants' Answer.

Defendant should not now be rewarded after having played "hide the ball." The Plaintiff has been prejudiced by Defendant's failure to "specifically plead" any facts whatsoever in support of the contested affirmative defenses. Plaintiff has not been put on any reasonable "notice" of even the most rudimentary assertion what the basis, factual, legal or otherwise, is for the Defendant's affirmative defenses that are at issue.

Defendant further argues that all can be made well by the simple expedient of discovery. Such an argument asks the Court to simply ignore the affirmative defense pleading requirement of Rule 8.03. The Tennessee Supreme Court has made it clear in Pratcher that trial courts cannot do this, and commit reversible error if they do. One important reason for the requirement that a defendant must affirmatively plead "facts" in support of an affirmative defense, is precisely so that a plaintiff can know what defenses a defendant will be relying on, to be able to meet those affirmative defenses with countervailing facts, and to craft meaningful discovery requests, to include deposition questions. If a plaintiff is not put on notice of even the most basic of facts that underlay an affirmative defense, at the pleading stage, then properly crafting discovery becomes unfairly difficult, and no truly adequate preparation for depositions can be conducted by Plaintiffs' counsel, with the result being the long discarded and rejected practice of trial by ambush. Rule 8.03 soundly rejects this "lying in wait" tactic of Defendants.

5

In this case, the Court should strike the Defendant's Affirmative Defenses alleged in paragraphs 50, 51, 52, 54, 55, and 58 contained in Wilson County's Answer for the reason of insufficiency under the Tennessee Rules of Civil Procedure. These Affirmative Defenses as alleged by Defendant Wilson County are insufficient because they do not contain any alleged *facts* whatsoever that would provide a basis for the assertion of these Affirmative Defenses. Thus, these Affirmative Defenses violate the pleading requirements of Rule 8.03 pertaining to affirmative defenses, which mandates that all affirmative defenses "shall" set forth affirmatively "facts" relied upon to constitute any alleged affirmative defense.

Further, Defendant's Affirmative Defenses stated at paragraphs 50 and 58, reference two separate Tennessee state statutes, the Tennessee Governmental Tort Liability Act ("TGTLA") (as codified at Tenn. Code Ann. §29-20-101, et. seq.); and the Tennessee Public Employee Political Freedom Act (TPEPFA) (as codified at Tenn. Code Ann. §8-50-601, et. seq.). However, Defendant Wilson County fails to state any facts whatsoever in connection therewith, and fails to state the "manner" in which those statutes apply or how they allegedly establish any defense to the Plaintiff's claim under the TPEPFA. Thus, these Affirmative Defenses violate the pleading requirements of Rule 8.05 pertaining to the pleading of statutory defenses, which mandates that any statutory based defense "shall" set forth affirmatively the "manner" in which the statutory defense allegedly applies.

The belated proposed "amended" affirmative defenses are not much better, if at all, and suffer from the same insufficiency as the original affirmative defenses at issue. In any event, it is unfair for the Court to allow Defendant to amend their Answer by insertion in a Response brief to the Plaintiff's Motion to Strike, filed one day before the hearing on that motion, without requiring

them to file a formal motion to do so, which will permit the Plaintiff to test same by reference to the familiar factors that Tennessee courts use in evaluating proposed pleading amendments.

Defendant first concedes that Paragraph 50 of Defendant's Answer regarding the affirmative defense of the Tennessee Governmental Tort Liability Act defenses is deficient and agrees to "withdraw" same. However, Defendant curiously states it will do so only in a "generalized" sense, which begs the question as to what that means, and is Defendant actually proposing to "withdraw" that defense.

Second, Defendant concedes that Paragraph 51 regarding any "exhaustion / policy based defense" is insufficient and should be withdrawn "entirely."

Next, Defendant makes a pro forma argument that its' Affirmative Defenses stated at Paragraphs 52, 54, 55, and 58 are adequately pled, but nevertheless appears to concede the insufficiency of same, by offering what it terms as "clarifying amendments," but without going through the normal process under Rule 15 for amending its Answer by filing a motion for leave to amend same.

Defendant's Affirmative Defense set forth in Paragraph 52 regarding "comparative fault" is a straight up conclusory assertion invoking that defense in name only. Defendant now offers to "clarify" that it is not really asserting "comparative fault," despite the literal wording of Paragraph 52, but instead arguing what its' intent really was, and then proceeds to offer a laundry list of "damage-limitation doctrines" such as "after-acquired evidence," "unclean hands," "intervening cause," and "setoff." But Defendant still does not offer any "facts" in support of these allegedly applicable "doctrines." Rule 8.03 requires facts. And these "doctrines" should be asserted in separate paragraphs, not in a laundry list, bare conclusory fashion that merely recites

7

the name or title of "doctrine" with nothing more. Rule 8.03 requires "facts." A close reading of Defendant's proposed "clarifying amendment" begs the questions: What factual conduct of the Plaintiff is Defendant alleging constituted "an intervening / superseding cause of her discipline," or that "provides an after-acquired evidence or unclean hands limitation on relief"? How or why, or on what factual basis is Defendant claiming entitlement to "setoff / offset"?

Next Defendant offers the same paltry arguments regarding its' Paragraph 54 assertion of a statute of limitations affirmative defense. Defendant's proposed "clarifying amendment" still misses the mark, and does not reference any specifically applicable statute of limitations, whether under common law or pursuant to statutory law. Much less does Defendant allege any "facts" concerning how any applicable statute of limitations may apply, as required by Rule 8.03. If Defendant is relying upon some statutory based statute of limitations, Defendant must at least cite the specific statute, as required by Rule 8.05.

With regard to Defendant's Paragraph 55 Affirmative Defense concerning "good faith and legitimate business reasons" for termination of the Plaintiff, Defendant's proposed "clarifying amendment" still does not sufficiently allege "facts" in support of same. What specific "directives" is Defendant referring to? Who issued the "directives" and when? What did the "directives" specifically state? How did Plaintiff allegedly violate any such "directives" and when?

Defendant next seeks to provide a "clarifying amendment" regarding its' Paragraph 58 affirmative defense under the TPEPFA, but again does so in conclusory fashion, without alleging "facts" regarding the "manner" in which any defenses under the TPEPFA are applicable to defeat

the Plaintiff's claim. Rule 8.03, and 8.05 require more than mere conclusions, and Defendant must allege "facts" in the same way that Plaintiff is required to allege "facts" that make out her claim.

Finally, Defendant now seeks to add new, additional "affirmative defenses" pertaining to "punitive damages" and "unauthorized categories of damages," but without going through the proper process under the Tennessee Rules of Civil Procedure (Rule 15) to do so by filing a motion for leave to amend its Answer.

Because of the insufficiency regarding Defendant Wilson County's affirmative defense allegations, to include the untimely proposed new versions, the Plaintiff is prejudiced and unable ~~to, or at least is significantly hindered from, formulating a meaningful litigation strategy, or to~~ respond or adequately defend against these alleged Affirmative Defenses. It is not even possible to adequately formulate discovery requests, including deposition questions, pertaining to these alleged Affirmative Defenses. The Defendants' bare bones, conclusory assertions do not provide meaningful notice, even under the general liberal notice pleading standard of Rule 8 of the Tenn. R. Civ. P., and certainly not the more specific pleading requirements imposed on Defendants with regard to affirmative defenses and statutory based defenses. Defendants' failure to allege any facts whatsoever regarding these Affirmative Defenses, and its failure to allege the manner in which the statutory defenses apply, to include under its' proposed "clarifying amendments" constitute a waiver of these Affirmative Defenses.

### III. CONCLUSION

In conclusion, the Court should strike Defendant Wilson County's Affirmative Defenses as alleged at paragraphs 50, 51, 52, 54, 55, and 58 contained in the Defendants' Answer on its own initiative, which is permitted by Rule 12.06 of the Tenn. R. Civ. P. The Affirmative Defenses

9

alleged by the Defendants do not contain any facts whatsoever that serve to formulate a basis for the respective defenses asserted. And the statutory based Affirmative Defenses do not allege any facts, or even any legal theory, concerning the manner in which those statutes allegedly apply as a defense to the Plaintiff's claim. The same is true with regard to the proposed "amended" versions of the affirmative defenses at issue. Thus, the Plaintiff is unable to adequately prepare and to respond to the Defendant's inadequately pled and insufficient Affirmative Defenses, and the same should be stricken. In the alternative, the Court should require Defendant to file a formal motion for leave to amend its' Answer, which may be contested by the Plaintiff, which would allow the Court to apply the familiar factors governing motions for leave to amend the pleadings.

Respectfully submitted,

By: */s/ Lance A. Baker*
Lance A. Baker (#015152)
5141 Virginia Way, Ste 320
Brentwood, TN 37207
615-229-7499 (office)
lance.baker@meridian.law
*Counsel for Plaintiff*

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **Reply** has been served by email on:

Jeff R. Thompson (#020310)
Gina S. Vogel (#033526)
Lewis Thomason, P.C.
900 S. Gay Street, Ste 300
P.O. Box 2425
Knoxville, TN 37901
gvogel@lewisthomason.com
jrthompson@lewisthomason.com
*Counsel for Defendant Wilson County*

on this 6th day of November, 2025.

*/s/ Lance A. Baker*
Lance A. Baker

11

FILED

SEP 2 6 2025

A.M. 8:50 P.M.

MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., TN

IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE

TRESSA BUSH,                              )
                                          )
      Plaintiff,                     )    Docket: 2024CV103
                                          )
vs.                                       )    JURY DEMAND (12)
                                          )
WILSON COUNTY, TENNESSEE,                 )
                                          )
      Defendant.                     )

---

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFRIMATIVE DEFENSES

---

Comes now the Plaintiff Tressa Bush ("Plaintiff"), by and through counsel, pursuant to Rules 8.03 and 12.06 of the Tennessee Rules of Civil Procedure ("Tenn. R. Civ. P."), and respectfully requests that this Court, on its own initiative, strike each of the Defendant Wilson County's ("Defendant") alleged Affirmative Defenses numbered Paragraphs 50, 51, 52, 54, 55, and 58 contained in its Answer, and as grounds therefore would state as follows:

### I. FACTS and PROCEDURAL HISTORY

1. Plaintiff Tressa Bush ("Bush") was previously employed by Defendant Wilson County ("Wilson County"), Tennessee, as the Public, Education, and Government ("PEG") public television channel and program Station Manager from March 14, 2018, until her unlawful discharge on March 5, 2024. Bush was in charge of operating and managing all activities related to the Wilson County PEG television channel / station.

2. After her unlawful termination, Ms. Bush filed her Complaint on May 10, 2024, alleging a single count claim against Wilson County for retaliatory discharge under, and in violation

1

of the Tennessee Public Employee Political Freedom Act of 1980, as amended, codified at Tennessee Code Annotated ("Tenn. Code Ann.") §8-50-601, et. seq.

3.     Wilson County filed an Answer on June 11, 2024, in which, *inter alia*, Wilson County asserted in bare conclusory fashion various affirmative defenses, to include the following:

a.     Affirmative Defense at Paragraph 50: *"Wilson County, Tennessee asserts all defenses, immunities and limitations under the Tennessee Governmental Tort Liability Act, T.C.A. §29-20-101, et. seq."*

b.     Affirmative Defense at Paragraph 51: *"Plaintiff's claims are barred to the extent that she failed to exhaust appropriate administrative or other legal remedies and to the extent she failed to follow polices designed to prevent or correct any alleged discrimination or harassment."*

c.     Affirmative Defense at Paragraph 52: *"All damages allegedly suffered by Plaintiff resulted from her own acts or omissions and, accordingly, she is barred from recovery."*

d.     Affirmative Defense at Paragraph 54: *"Plaintiff's claims are barred to the extent they were filed outside of any applicable statute of limitations."*

e.     Affirmative Defense at Paragraph 55: *"Wilson County's actions were taken in good faith and for legitimate business reasons and had nothing to do with any alleged protected status of Plaintiff."*

f.     Affirmative Defense at Paragraph 58: *"This Defendant relies on the terms, conditions and defenses contained in Tenn. Code Ann. 8-50-601 et. seq."*

## II. LEGAL STANDARD and ARGUMENT

Rule 8.03 of the Tenn. R. Civ. P. pertains to affirmative defenses and provides in pertinent part as follows:

### Rule 8.03. Affirmative Defenses

In pleading to a preceding pleading, a party shall set forth affirmatively *facts* in short and plain terms relied upon to constitute…statute of limitations, . . . waiver, … and any other matter constituting an affirmative defense.

(emphasis added)

Rule 8.05 of the Tenn. R. Civ. P. pertains to the requirement that pleadings be concise and direct, and to the pleading of statutory based defenses, *inter alia*, and provides in pertinent part as follows:

### Rule 8.05. Pleading to be Concise and Direct; Statutes, Ordinances and Regulations; Consistency

(1) Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required. Every pleading stating a claim or *defense* relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged. … The *manner* in which violation of any statute, … is claimed shall be set forth.

(emphasis added)

Rule 12.06 of the Tenn. R. Civ. P., which pertains to motions to strike, provides in pertinent part as follows:

### Rule 12.06. Motion to Strike

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 30 days after the service of the pleading upon the party or *upon the court's own initiative at any time*, the court may order stricken from any pleading any *insufficient defense* or any redundant, immaterial, impertinent or scandalous matter.

(emphasis added)

In this case, the Court should, on its own initiative, strike the Defendant's Affirmative Defenses alleged in paragraphs 50, 51, 52, 54, 55, and 58 contained in Wilson County's Answer for the reason of insufficiency under the Tennessee Rules of Civil Procedure. These Affirmative Defenses as alleged by Defendant Wilson County are insufficient because they do not contain any alleged *facts* whatsoever that would provide a basis for the assertion of these Affirmative Defenses. Thus, these Affirmative Defenses violate the pleading requirements of Rule 8.03 pertaining to affirmative defenses, which mandates that all affirmative defenses "shall" set forth affirmatively "facts" relied upon to constitute any alleged affirmative defense.

An affirmative defense must be "specifically pleaded." Pratcher v. Methodist Healthcare Memphis Hospitals, 407 S.W.3d 727, 736 (Tenn. 2013) (citing George v. Bldg. Materials Corp. of Am., 44 S.W.3d 481, 486 (Tenn. 2001)). A generic invocation of an affirmative defense[1], such as "failure to state a claim," cannot be used as a vehicle to assert an affirmative defense, and instead, an affirmative defense must be specifically pleaded. Pratcher v. Methodist Healthcare Memphis Hospitals, 407 S.W.3d 727, 736 (Tenn. 2013). Rule 8.03 requires a party to set forth affirmatively facts in short and plain terms relied upon to constitute an affirmative defense, and clearly "contains a 'specificity requirement' requiring the pleading of "facts in short and plain terms" which are alleged to constitute the affirmative defense. Id. The factual specificity requirements of Rule 8.03

---

[1] An affirmative defense is one that wholly or partly avoids the cause of action asserted by the preceding pleading by new allegations that admit part or all of the cause of action, but avoids liability because of a legally sufficient excuse, justification, or other matter negating the alleged breach or wrong. Church of God in Christ, Inc. v. L.M. Haley Ministries, Inc., 531 S.W.3d 146, 157 (Tenn. 2017). An affirmative defense generally is deemed waived unless timely raised in an answer or responsive pleading. Id.; see also Pratcher v. Methodist Memphis Hospitals, 407 S.W.3d 727, 735 (Tenn. 2013). The burden of proving an affirmative defense is on the party asserting it. Tennessee Farmers Mut. Ins. Co. v. Farrar, 337 S.W.3d 829, 837 (Tenn. Ct. App. 2009), appeal denied (Feb. 16, 2011).

4

may not be dispensed with or ignored, and "conclusory allegations do not satisfy the specificity requirements of Rule 8.03." Id. "The specific pleading requirements of [Rule] 8.03 are designed to prevent trial by ambush." Id. (citing George, 44 S.W.3d at 487). "A defendant must assert an affirmative defense in a timely manner to secure the 'just' and 'speedy' resolution of litigation." Pratcher, at 742. "Affirmative defenses that are not properly raised are waived." Pratcher, at 735 (quoting Estate of Baker v. King, 207 S.W.3d 254, 265 (Tenn. Ct. App. 2006); and citing Thompson, Breeding, Dunn, Cresswell & Sparks v. Bowlin, 765 S.W.2d 743, 744 (Tenn. Ct. App. 1987). "Failure to comply with Rule 8.03 will result in a waiver of the defense." Pratcher, at 736 (citing Allgood v. Gateway Health Sys., 309 S.W.3d 918, 925 (Tenn. Ct. App. 2009).

Defendant Wilson County's Affirmative Defense at Paragraph 50 merely states in its entirety as follows: *"Wilson County, Tennessee asserts all defenses, immunities and limitations under the Tennessee Governmental Tort Liability Act, T.C.A. §29-20-101, et. seq."* There are no facts alleged regarding any specific defense, immunity, or limitation under the TGTLA, nor any explanation for how any such provisions might apply to the facts alleged by Plaintiff in her Complaint. Defendant does not even assert which of the various defenses that are set forth in the multiple statutory sections of the TGTLA might be at issue (such as "discretionary function immunity" or "notice of a dangerous or defective condition" for example). This affirmative defense is clearly insufficiently stated.

Defendant Willson County's Affirmative Defense at Paragraph 51 merely states in its entirety as follows: *"Plaintiff's claims are barred to the extent that she failed to exhaust appropriate administrative or other legal remedies and to the extent she failed to follow polices designed to prevent or correct any alleged discrimination or harassment."* But Defendant Wilson County again fails to allege

5

any facts that would support an "exhaustion of administrative remedies" affirmative defense. Wilson County does not even allege what "administrative remedies" or "other legal remedies" were allegedly available to the Plaintiff which she allegedly should have exhausted. Moreover, Defendant Wilson County does not even allege the existence of any "policies," or what the "policies designed to prevent or correct ... discrimination or harassment" are, or where these "policies" may be found, nor does it allege any *facts* regarding the existence or application of such "policies designed to prevent or correct ... discrimination or harassment" and how or why these phantom "policies" constitute and affirmative defense for Defendant against the Plaintiff's lone claim for a violation of the Tennessee Public Employee Protection Act. Defendant's lack of clarity in this regard is all the more puzzling in as much as Plaintiff Bush has not alleged any claim whatsoever, at this point, for "discrimination or harassment." Further, Defendant also does not allege any facts, or even mere conclusory assertions, regarding if or how Plaintiff Bush might have allegedly been in violation of any "policy designed to prevent or correct discrimination or harassment." This affirmative defense is clearly insufficiently stated.

Defendant Wilson County's Affirmative Defense at Paragraph 52 merely states in its entirety as follows: *"All damages allegedly suffered by Plaintiff resulted from her own acts or omissions and, accordingly, she is barred from recovery."* Again, Defendant does not state any "facts" whatsoever regarding "acts or omissions" were allegedly committed by Plaintiff Bush that allegedly caused "all damages" that were suffered by Plaintiff Bush. There is not even a reference to any legal doctrine, principle, case law, or statute to support this affirmative defense, which appears to be one aimed at attempting to assert comparative fault in this case, in which Plaintiff Bush has not

made any negligence or negligence *per se* claim. This affirmative defense is clearly insufficiently stated.

Defendant Wilson County's Affirmative Defense at Paragraph 54 merely states as follows: *"Plaintiff's claims are barred to the extent they were filed outside of any applicable statute of limitations."* Yet again, Defendant fails not only to allege any "facts" to support a statute of limitations affirmative defense, but even fails to mention what statute of limitations allegedly might apply to bar Plaintiff Bush's claim. This affirmative defense is clearly insufficiently stated.

Defendant Wilson County's Affirmative Defense at Paragraph 55 merely states as follows: *"Wilson County's actions were taken in good faith and for legitimate business reasons and had nothing to do with any alleged protected status of Plaintiff."* Here again, Defendant fails to allege "facts" regarding what actions it took, how those actions were allegedly taken in good faith, and what its' "legitimate business reasons" allegedly were in terminating Plaintiff Bush's employment. Further, there is no elucidation regarding any "alleged protected status" of Plaintiff Bush, which in any even seems odd given that Plaintiff Bush has not alleged any employment discrimination claim. Plaintiff Bush is protected, as a public employee, under the provisions of the Tennessee Public Employee Political Freedom Act, but Defendant still does not allege any "facts" as to what its' "legitimate business reasons" for taking adverse employment action against Plaintiff Bush. This affirmative defense is clearly insufficiently stated.

Finally, Defendant Wilson County's Affirmative Defense at Paragraph 58 merely states as follows: *"This Defendant relies on the terms, conditions and defenses contained in Tenn. Code Ann. 8-50-601 et. seq."* As with the affirmative defense invoking the TGTLA, here again Defendant fails to even specify which of the several "defenses" (or "terms" and "conditions" or potential factual

7

or legal issues) contained in the Tennessee Public Employee Political Freedom act allegedly applies, much less allege any "facts" to support invocation of same. This affirmative defense is clearly insufficiently stated.

Further, two of Wilson County's Affirmative Defenses, at paragraphs 50 and 58, reference two separate Tennessee state statutes, the Tennessee Governmental Tort Liability Act ("TGTLA") (as codified at Tenn. Code Ann. §29-20-101, et. seq.); and the Tennessee Public Employee Political Freedom Act (TPEPFA) (as codified at Tenn. Code Ann. §8-50-601, et. seq.). However, as already demonstrated Defendant Wilson County fails to state any facts whatsoever in connection therewith, and but it also fails to state the "manner" in which those statutes apply or how they allegedly establish any defense to the Plaintiff's claim under the TPEPFA. Thus, these Affirmative Defenses violate the pleading requirements of Rule 8.05 pertaining to the pleading of statutory defenses, which mandates that any statutory based defense "shall" set forth affirmatively the "manner" in which the statutory defense allegedly applies.

Because of the insufficiency regarding Defendant Wilson County's affirmative defense allegations, the Plaintiff is prejudiced and unable to, or at least is significantly hindered from, formulating a meaningful litigation strategy, or to respond or adequately defend against these alleged Affirmative Defenses. It is not even possible to adequately formulate discovery requests, including deposition questions, pertaining to these alleged Affirmative Defenses. The Defendants' bare bones, conclusory assertions do not provide meaningful notice, even under the general liberal notice pleading standard of Rule 8 of the Tenn. R. Civ. P., and certainly not the more specific pleading requirements imposed on Defendants with regard to affirmative defenses and statutory based defenses. Defendants' failure to allege any facts whatsoever regarding these Affirmative

8

Defenses, and its failure to allege the manner in which the statutory defenses apply, constitute a waiver of these Affirmative Defenses.

Judicial economy is best served by striking these conclusory Affirmative Defenses now, rather than at the summary judgment stage or at trial. Further, allowing Defendants to amend their Answer to add a factual basis for their Affirmative Defenses at this stage of the proceedings would be highly prejudicial to the Plaintiff.

## III. CONCLUSION

In conclusion, the Court should strike Defendant Wilson County's Affirmative Defenses as alleged at paragraphs 50, 51, 52, 54, 55, and 58 contained in the Defendants' Answer on its own initiative, which is permitted by Rule 12.06 of the Tenn. R. Civ. P. The Affirmative Defenses alleged by the Defendants do not contain any facts whatsoever that serve to formulate a basis for the respective defenses asserted. And the statutory based Affirmative Defenses do not allege any facts, or even any legal theory, concerning the manner in which those statutes allegedly apply as a defense to the Plaintiff's claim. Thus, the Plaintiff is unable to adequately prepare and to respond to the Defendant's inadequately pled and insufficient Affirmative Defenses.

Respectfully submitted,



By: _/s/ Lance A. Baker_
Lance A. Baker (#015152)
5141 Virginia Way, Ste 320
Brentwood, TN 37207
615-229-7499 (office)
lance.baker@meridian.law
_Counsel for Plaintiff_

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **Memorandum** has been served by email on:

Jeff R. Thompson (#020310)
Gina S. Vogel (#033526)
Lewis Thomason, P.C.
900 S. Gay Street, Ste 300
P.O. Box 2425
Knoxville, TN 37901
gvogel@lewisthomason.com
jrthompson@lewisthomason.com
*Counsel for Defendant Wilson County*

on this 26th day of September, 2025.

*/s/ Lance A. Baker*
Lance A. Baker

10

SUMMONS

STATE OF TENNESSEE

CHANCERY COURT OF WILSON COUNTY

TRESSA BUSH
_____
                          Plaintiff

vs

WILSON COUNTY
_____
                          Defendant

RANDALL HUTTO
_____
                          Defendant

Qiana SCRUGGS
KENNETH HAMMONDS, Jr. Defendant
AARON WILSON

**Return to Court**

A.M. 3:34 ~~P.M~~

FILED

Service By MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO.,

☐ Sheriff
☐ Certified Mail
☒ Personal Process Server
☐ TN Secretary of State

CIVIL ACTION

NO. 2024CV103

SUMMONS

To the above named Defendant(s):

Aaron Wilson
631 B CL Manier St.
Lebanon, TN 37087

You are hereby summoned and required to serve upon _Lance A. BAKER_,

plaintiff's attorney, whose address is _2678 Townsend Court, Suite A, Clarksville, TN 37043_,

and answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of

the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Witness, Millie Sloan, Clerk and Master of said court, issued at office the

_19th_ of _March_ A.D. 20 _26_

_Millie Sloan_
Millie Sloan, Clerk and Master

By _____
Deputy Clerk and Master

Received this _25TH_ day of _MARCH_, 20 _26_

_____
Timothy Thornton - Process Server ~~Deputy Sheriff~~
PO Box 996  Dover, TN 37058
931-220-2436

♿ **ADA Coordinator**
   **615-444-2835**

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

WC-38-CG-0924

SUMMONS CIVIL ACTION CHANCERY COURT, WILSON COUNTY, TENNESSEE
RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _31ˢᵗ_ day of _MARCH_ , 20 _26_ .

I served this summons together with the complaint herein as follows: _____

~~Personal Hand Delivery to~~ APRON WILSON, WILSON COUNTY IT DEPARTMENT MANAGER, EMPLOYEE IN HIS OFFICIAL ~~INDIVIDUAL CAPACITY~~ @ 220 EAST GAY ST LEBANON TN 37087 @ 7:39 AM PM.

_____

_Emily K_ ~~Sheriff~~

EMILY KITCHEN ~~Deputy Sheriff~~
• Process Server
P.O. Box 563 Dover, TN 37058
931-210-7424 ~~County~~

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ ,
I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant, _____
, on _____ day of _____ , 20 _____ , I received the return receipt, which had been signed by _____ on the _____ day of _____ ,
20 _____ . The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master.
Sworn to and subscribed before me on this _____
day of _____ , 20 _____ .
Signature of: _____ Notary Public or _____ Deputy Clerk and Master

_____

My commission expires: _____

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

### CERTIFICATION (IF APPLICABLE)

I, Millie Sloan, Clerk and Master of the Chancery Court in the State of Tennessee, Wilson County, do certify this to be a true and correct copy of the original summons issued in this case.

Millie Sloan, Clerk and Master

by: _____ X
D.C. & M.

## 26-2-301 PROCEDURE FOR EXERCISING EXEMPTION
### NOTICE

TO THE DEFENDANT (S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# AFFIDAVIT OF SERVICE

| Case: 2024CV103 | Court: Wilson County, TN Chancery | County: Wilson | Job: 15522704 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Tressa Bush | | **Defendant / Respondent:** Wilson County, Tennessee / Wilson County Mayor Randall Hutton, In His Official and Individual Capacity / Qiana Scruggs, Wilson County Director of Human Resources, In Her Official and Individual Capacity / Kenneth Hammonds, Jr., Former Wilson County Director of Information Technology and Department Head, In His Official and Individual Capacity / Aaron Wilson, Wilson County Information Technology Department Manager, Employee In His Official and Individual Capacity | |
| **Received by:** Out of Bounds Squad | | **For:** Batson Nolan, PLC | |
| **To be served upon:** Aaron Wilson, Wilson County Information Technology Department Manager, Employee In His Official and Individual Capacity | | | |

I, Emily Kitchen, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Aaron Wilson, Wilson County Information Technology Department Manager, Employee In His Official and Individual Capacity, Work : 220 East Gay Street, Lebanon, TN 37087

**Manner of Service:** Personal/Individual, Mar 31, 2026, 7:39 am CDT

**Documents:** Summons, Plaintiff Tressa Bush's Amended Complaint, Exhibits A-B (Received Mar 25, 2026 at 12:00am CDT)

**Additional Comments:**
1) Unsuccessful Attempt: Mar 26, 2026, 8:49 am CDT at Wilson County Information Technology (IT): 228 E Main St, Lebanon, TN 37087
Mr. Wilson is not located in this building. Asked someone in the Financial department. They tried getting ahold of him by phone. Was unable to reach him. Was asked to return tomorrow to try and get in touch with him.

2) Unsuccessful Attempt: Mar 27, 2026, 1:34 pm CDT at Wilson County Information Technology (IT): 228 E Main St, Lebanon, TN 37087
Was not in that location. Mrs. Scruggs sent me across the street where his office located. They stated he was not in office. He is in and out all day. Could not give me a good time or day to catch him. I was given his contact information. Picture attached

3) Unsuccessful Attempt: Mar 28, 2026, 9:42 am CDT at Home: 631 C L Manier Street B, Lebanon, TN 37087
No Answer at Door - Left Card. No cars in driveway.

4) Successful Attempt: Mar 31, 2026, 7:39 am CDT at Work : 220 East Gay Street, Lebanon, TN 37087 received by Aaron Wilson, Wilson County Information Technology Department Manager, Employee In His Official and Individual Capacity. Age: 40; Ethnicity: African American; Gender: Male; Weight: 220; Height: 5'7"; Hair: Bald; Eyes: Brown;
Personal Hand Delivery

_Emily K_     03/31/2026

Emily Kitchen     **Date**

Out of Bounds Squad
P. O. Box 996
Dover, TN 37058
931-378-0964

FILED
A.M. APR 1 0 2026 P.M.
3:34
MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., TN

## SUMMONS

**STATE OF TENNESSEE**

**CHANCERY COURT OF WILSON COUNTY**

TRESSA BUSH

_____
Plaintiff

vs

WILSON COUNTY
_____
Defendant

RANDALL HUTTO
_____
Defendant

QIANA SCRUGGS
KENNETH HAMMONDS, JR   Defendant
AARON WILSON

**Return to Court**

Service By:
☐ Sheriff
☐ Certified Mail
☒ Personal Process Server
☐ TN Secretary of State

**CIVIL ACTION**

NO. 2024CV103

**SUMMONS**

To the above named Defendant(s):   Kenneth Hammonds
3022 B Rader Drive
LaVergne, TN 37086

You are hereby summoned and required to serve upon   Lance A. BAKER,

plaintiff's attorney, whose address is 2678 Townsend Court, Suite A, Clarksville, TN 37043,

and answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of

the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Witness, Millie Sloan, Clerk and Master of said court, issued at office the

19th of March A.D. 20 26

_Millie Sloan_

Millie Sloan, Clerk and Master

By _____
Deputy Clerk and Master

Received this 25th day of MARCH, 20 26

Timothy Thornton - Process Server
PO Box 996   Dover, TN 37058
931-220-2436

Deputy Sheriff

♿ **ADA Coordinator**
**615-444-2835**

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

WC-36-CG-03/24

SUMMONS CIVIL ACTION CHANCERY COURT, WILSON COUNTY, TENNESSEE
RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the ___26TH___ day of ___MARCH___ , 20 _26_ .

I served this summons together with the complaint herein as follows: _____

Personal Hand Delivery to KENNETH HAMMONDS JR

at 115 E HIGH ST LEBANON TN 37087
at 8:19 am pm.

_Emily K_ ~~Sheriff~~

EMILY KITCHEN

~~Frances Stover~~
PO Box 863 Dover, TN 37058 ~~Deputy Sheriff~~
931-232-2423

~~County~~

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ ,
I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant, _____

, on _____ day of _____ , 20 _____ , I received the return receipt, which had been signed by _____ on the _____ day of _____ , 20 _____ . The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master.
Sworn to and subscribed before me on this _____
day of _____ , 20 _____ .

Signature of: _____ Notary Public or _____ Deputy Clerk and Master

My commission expires: _____

Signature of plaintiff, plaintiff's attorney or other person
authorized by statute to serve process.

## CERTIFICATION (IF APPLICABLE)

I, Millie Sloan, Clerk and Master of the Chancery Court in the State of Tennessee, Wilson County, do certify this to be a true and correct copy of the original summons issued in this case.

Millie Sloan, Clerk and Master

by: _____ X

D.C. & M.

## 26-2-301 PROCEDURE FOR EXERCISING EXEMPTION
## NOTICE

TO THE DEFENDANT (S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# AFFIDAVIT OF SERVICE

| Case: 2024CV103 | Court: Wilson County, TN Chancery | County: Wilson | Job: 15522711 |
| --- | --- | --- | --- |
| **Plaintiff / Petitioner:** Tressa Bush | | **Defendant / Respondent:** Wilson County, Tennessee / Wilson County Mayor Randall Hutton, In His Official and Individual Capacity / Qiana Scruggs, Wilson County Director of Human Resources, In Her Official and Individual Capacity / Kenneth Hammonds, Jr., Former Wilson County Director of Information Technology and Department Head, In His Official and Individual Capacity / Aaron Wilson, Wilson County Information Technology Department Manager, Employee In His Official and Individual Capacity | |
| **Received by:** Out of Bounds Squad | | **For:** Batson Nolan, PLC | |
| **To be served upon:** Kenneth Hammonds, Jr. | | | |

I, Emily Kitchen, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Kenneth Hammonds, Jr., Wilson County Circuit Criminal Court: 115 East High Street, Lebanon, TN 37087

**Manner of Service:**  Personal/Individual, Mar 26, 2026, 8:19 am CDT

**Documents:**  Summons, Plaintiff Tressa Bush's Amended Complaint, Exhibits A-B (Received Mar 25, 2026 at 12:00am CDT)

**Additional Comments:**
1) Successful Attempt: Mar 26, 2026, 8:19 am CDT at Wilson County Circuit Criminal Court: 115 East High Street, Lebanon, TN 37087 received by Kenneth Hammonds, Jr. . Age: 47; Ethnicity: African American; Gender: Male; Weight: 260; Height: 6'3"; Hair: Bald; Eyes: Brown; Personal Hand Delivery

_Emily K_

03/26/2026

Emily Kitchen      **Date**

Out of Bounds Squad
P. O. Box 996
Dover, TN 37058
931-378-0964

FILED

## SUMMONS

**STATE OF TENNESSEE**

**CHANCERY COURT OF WILSON COUNTY**

TRESSA BUSH
_____
Plaintiff

vs

WILSON COUNTY, TN
_____
Defendant

RANDALL HUTTO
_____
Defendant

QIANA SCRUGGS
KENNETH HAMMONDS, JR  Defendant
AARON WILSON

Return to Court

A.M. 3:34 P.M
APR 1 0 2026
Service By MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., T
☐ Sheriff
☐ Certified Mail
☒ Personal Process Server
☐ TN Secretary of State

**CIVIL ACTION**

NO. 2024CN103

**SUMMONS**

To the above named Defendant(s): Qiana Scruggs
1536 Andchel Drive
Hermitage, TN 37076

You are hereby summoned and required to serve upon Lance A. BAKER,

plaintiff's attorney, whose address is 2678 Townsend Court, Suite A, Clarksville, TN 37043,

and answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of

the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Witness, Millie Sloan, Clerk and Master of said court, issued at office the

19th of March A.D. 20 26

_Millie Sloan_
Millie Sloan, Clerk and Master

By _____
Deputy Clerk and Master

Received this 25th day of MARCH, 20 26

**ADA Coordinator**
**615-444-2835**

Timothy Thornton - Process Server
PO Box 996  Dover, TN 37058
931-220-2436

Deputy Sheriff

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

WC-38-CG-09-24

I hereby certify and return, that on the ___27TH___ day of ___MARCH___ , 20 _26_ .

I served this summons together with the complaint herein as follows: _____

Personal Hand Delivery to QEANA SCRUGGS WILSON COUNTY DIRECTOR of HR IN HER OFFICIAL AN INDIVIDUAL CAPACITY
at 228 E MAIN ST LEBANON TN 37087
at 1:25 AM PM.

_Emily K_ ~~Sheriff~~

EMILY KITCHEN
~~P.O. Box 849 Dover, TN 37058
931-320-2423~~ ~~Deputy Sheriff~~

_____ ~~County~~

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ ,

I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant, _____

, on _____ day of _____ , 20 _____ , I received the return receipt, which had been

signed by _____ on the _____ day of _____ ,

20 _____ . The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master.

Sworn to and subscribed before me on this _____

day of _____ , 20 _____ .

Signature of: _____ Notary Public or _____ Deputy Clerk and Master

My commission expires:

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

## CERTIFICATION (IF APPLICABLE)

I, Millie Sloan, Clerk and Master of the Chancery Court in the State of Tennessee, Wilson County, do certify this to be a true and correct copy of the original summons issued in this case.

Millie Sloan, Clerk and Master

by: _____ X

D.C. & M.

## 26-2-301 PROCEDURE FOR EXERCISING EXEMPTION
## NOTICE

TO THE DEFENDANT (S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# AFFIDAVIT OF SERVICE

| Case: 2024CV103 | Court: Wilson County, TN Chancery | County: Wilson | Job: 15522698 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Tressa Bush | | **Defendant / Respondent:** Wilson County, Tennessee / Wilson County Mayor Randall Hutton, In His Official and Individual Capacity / Qiana Scruggs, Wilson County Director of Human Resources, In Her Official and Individual Capacity / Kenneth Hammonds, Jr., Former Wilson County Director of Information Technology and Department Head, In His Official and Individual Capacity / Aaron Wilson, Wilson County Information Technology Department Manager, Employee In His Official and Individual Capacity | | |
| **Received by:** Out of Bounds Squad | | **For:** Batson Nolan, PLC | |
| **To be served upon:** Qiana Scruggs, Wilson County Director of Human Resources, In Her Official and Individual Capacity | | | |

I, Emily Kitchen, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Qiana Scruggs, Wilson County Director of Human Resources, In Her Official and Individual Capacity, Wilson County Human Resources: 228 E Main St, Lebanon, TN 37087

**Manner of Service:** Personal/Individual, Mar 27, 2026, 1:25 pm CDT

**Documents:** Summons, Plaintiff Tressa Bush's Amended Complaint, Exhibits A-B (Received Mar 25, 2026 at 12:00am CDT)

**Additional Comments:**
1) Unsuccessful Attempt: Mar 26, 2026, 8:45 am CDT at Wilson County Human Resources: 228 E Main St, Lebanon, TN 37087
Currently the HR department is on break or not yet in the office due to sign on door. Picture attached. Number giving for Qiana for assistance. 615/440/6956. Called number, no answer.
When inquiring about Mr.Wilson Jackie stated she was not on campus today. I could return tomorrow.

2) Successful Attempt: Mar 27, 2026, 1:25 pm CDT at Wilson County Human Resources: 228 E Main St, Lebanon, TN 37087 received by Qiana Scruggs, Wilson County Director of Human Resources, In Her Official and Individual Capacity. Age: 52; Ethnicity: African American; Gender: Female; Weight: 240; Height: 5'4"; Hair: Black; Eyes: Brown;
Personal Hand Delivery

_Emily K_

Emily Kitchen

03/27/2026

Date

Out of Bounds Squad
P. O. Box 996
Dover, TN 37058
931-378-0964

SUMMONS

STATE OF TENNESSEE

FILED

A.M. MAR 2 3 2026 2:18 P.M.
MILLIE SLOAN, CLERK & MASTER
CHANCERY COURT WILSON CO., TN

CHANCERY COURT OF WILSON COUNTY

TRESSA BUSH
_____
Plaintiff

vs

WILSON COUNTY, TN
_____
Defendant

RANDALL HUTTO
_____
Defendant

QIANA SCRUGGS
_____
Defendant

KENNETH HAMMONDS, JR

AARON WILSON

**Service By:**
- ☒ Sheriff
- ☐ Certified Mail
- ☐ Personal Process Server
- ☐ TN Secretary of State

CIVIL ACTION

NO. 2024CV103

SUMMONS

To the above named Defendant(s):

Randal Hutto
2502 Kinderhill Way
Lebanon, TN 37090

You are hereby summoned and required to serve upon Lance A. BAKER,

plaintiff's attorney, whose address is 2678 Townsend Court, Suite A, Clarksville, TN 37043,

and answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of

the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Witness, Millie Sloan, Clerk and Master of said court, issued at office the

19th of March A.D. 20 26

Millie Sloan
_____
Millie Sloan, Clerk and Master

By _____
Deputy Clerk and Master

Received this 20 day of March 20 26

Deputy Todde 94
_____
Deputy Sheriff

♿ **ADA Coordinator**
**615-444-2835**

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

I hereby certify and return, that on the _____20_____ day of _____March_____ 20_26_.

I served this summons together with the complaint herein as follows: _personel service_

Wilson County Sheriff's Office
105 East High Street
Lebanon, TN 37087

_Deputy Taft 910_ _____ Sheriff

_Wilson_ _____ Deputy Sheriff

_____ County

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ ,

I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant, _____

, on _____ day of _____ , 20 _____ , I received the return receipt, which had been

signed by _____ on the _____ day of _____ ,

20 _____ . The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master.

Sworn to and subscribed before me on this _____

day of _____ , 20 _____ .

Signature of: _____ Notary Public or _____ Deputy Clerk and Master

My commission expires: _____

Signature of plaintiff, plaintiff's attorney or other person
authorized by statute to serve process.

### CERTIFICATION (IF APPLICABLE)

I, Millie Sloan, Clerk and Master of the Chancery Court in the State of Tennessee, Wilson County, do certify this to be a true and correct copy of the original summons issued in this case.

Millie Sloan, Clerk and Master

by: _____ X

D.C. & M.

### 26-2-301 PROCEDURE FOR EXERCISING EXEMPTION
### NOTICE

**TO THE DEFENDANT (S):**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

SUMMONS TO THE SHERIFF OF WILSON COUNTY

STATE OF TENNESSEE

CHANCERY COURT OF WILSON COUNTY

Tressa Bush
_____
Plaintiff

VS

Wilson County, Tennessee
_____
Defendant

CIVIL ACTION

NO. 2024 CV 103

_____
Defendant

SUMMONS

_____
Defendant

To the above named Defendant(s): Wilson County, Tennessee
Service on County Mayor
Randall Hutto 228 East Main St.
Lebonon, TN 37087

You are hereby summoned and required to serve upon Roland Mumford ,

plaintiff's attorney, whose address is 242 West Main, No. 223 Hendersonville TN, 37075

and answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of

the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Witness, Millie Sloan, Clerk and Master of said court, issued at office the

10th of May A.D. 20 24

TESTE: First Monday in May 10 , 20 24   Millie Sloan
Millie Sloan, Clerk and Master

By _____
Deputy Clerk and Master

Received this _____ day of _____ , 20 _____

_____
Deputy Sheriff

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

WC-38-CG-08/20

## SUMMONS CIVIL ACTION CHANCERY COURT, WILSON COUNTY, TENNESSEE
### RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the __13__ day of __MAY__ , 20 __24__ ,

I served this summons together with the complaint herein as follows: _____

__Served EXEC. ASST. SArA DAvENporT__

Wilson County Sheriff Dept
105 E. High St
Lebanon, TN 37087
Sgt. Lamey

_____ Sheriff

__SgT. Lamey__

_____ Deputy Sheriff

_____ County

---

RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ ,

I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant, _____ ,

on _____ day of _____ , 20 _____ , I received the return receipt, which had been signed by _____ on the _____ day of _____ ,

20 _____ . The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master. Sworn to and subscribed before me on this _____

day of _____ , 20 _____ .

Signature of: _____ Notary Public or _____ Deputy Clerk and Master

My commission expires: _____

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

### CERTIFICATION (IF APPLICABLE)

I, Millie Sloan, Clerk and Master of the Chancery Court in the State of Tennessee, Wilson County, do certify this to be a true and correct copy of the original summons issued in this case.

Millie Sloan, Clerk and Master

by: _____ X
D.C. & M.

### 26-2-301 PROCEDURE FOR EXERCISING EXEMPTION
### NOTICE

TO THE DEFENDANT (S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

SUMMONS

STATE OF TENNESSEE

CHANCERY COURT OF WILSON COUNTY

TRESSA BUSH
_____
                    Plaintiff

vs

WILSON COUNTY
_____
                    Defendant

RANDALL HUTTO
_____
                    Defendant

Qiana SCRUGGS
KENNETH HAMMONDS, Jr. Defendant
AARON WILSON

**Service By:**
☐ Sheriff
☐ Certified Mail
☒ Personal Process Server
☐ TN Secretary of State

**CIVIL ACTION**

NO. 2024CV103

**SUMMONS**

To the above named Defendant(s):

Aaron Wilson
631 B  CL Manier St.
Lebanon, TN 37087

You are hereby summoned and required to serve upon   Lance A. BAKER   ,

plaintiff's attorney, whose address is  2678 Townsend Court, Suite A, Clarksville, TN  ,
                                              37043

and answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you,  exclusive of

the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Witness, Millie Sloan, Clerk and Master of said court, issued at office the

_____19th_____ of _____March_____ A.D. 20 26

                                         _Millie Sloan_
                                         Millie Sloan, Clerk and Master

                                   By _____
                                         Deputy Clerk and Master

Received this _____ day of _____ , 20 _____

[♿ **ADA Coordinator**
   **615-444-2835**]

                                   _____
                                         Deputy Sheriff

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

Case 3:26-cv-00488   Document 1-3   Filed 04/20/26   Page 182 of 191 PageID #: 192

WC-36-CG-09-24

I hereby certify and return, that on the _____ day of _____ , 20 _____

I served this summons together with the complaint herein as follows: _____

_____

_____

_____

_____

_____
Sheriff

_____
Deputy Sheriff

_____
County

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ ,

I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant, _____

, on _____ day of _____ , 20 _____ , I received the return receipt, which had been

signed by _____ on the _____ day of _____ ,

20 _____ . The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master

Sworn to and subscribed before me on this _____

day of _____ , 20 _____ .

Signature of: _____ Notary Public or _____ Deputy Clerk and Master

_____          _____

My commission expires:                    Signature of plaintiff, plaintiff's attorney or other person

authorized by statute to serve process.

## CERTIFICATION (IF APPLICABLE)

I, Millie Sloan, Clerk and Master of the Chancery Court in the State of Tennessee, Wilson County, do certify this to be a true and correct copy of the original summons issued in this case.

Millie Sloan, Clerk and Master

by: _____ X
D.C. & M.

## 26-2-301 PROCEDURE FOR EXERCISING EXEMPTION
## NOTICE

TO THE DEFENDANT (S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# SUMMONS

## STATE OF TENNESSEE

## CHANCERY COURT OF WILSON COUNTY

TRESSA BUSH

Plaintiff

vs

WILSON COUNTY

Defendant

RANDALL HUTTO

Defendant

QIANA SCRUGGS

KENNETH HAMMONDS JR Defendant
AARON WILSON

**Service By:**
- [ ] Sheriff
- [ ] Certified Mail
- [X] Personal Process Server
- [ ] TN Secretary of State

**CIVIL ACTION**

NO. 2024CV103

**SUMMONS**

To the above named Defendant(s): Kenneth Hammonds
3022 B Rader Drive
LaVergne, TN 37086

You are hereby summoned and required to serve upon Lance A. BAKER,

plaintiff's attorney, whose address is 2678 Townsend Court, Suite A, Clarksville, TN 37043,

and answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Witness, Millie Sloan, Clerk and Master of said court, issued at office the

19th of March A.D. 20 26

Millie Sloan

Millie Sloan, Clerk and Master

By _____
Deputy Clerk and Master

Received this _____ day of _____ , 20 _____

_____
Deputy Sheriff

**♿ ADA Coordinator**
**615-444-2835**

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

## SUMMONS CIVIL ACTION CHANCERY COURT, WILSON COUNTY, TENNESSEE
### RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____ , 20 _____

I served this summons together with the complaint herein as follows: _____

_____

_____

_____

_____

_____
Sheriff

_____
Deputy Sheriff

_____
County

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ ,

I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant, _____

, on _____ day of _____ , 20 _____ , I received the return receipt, which had been signed by _____ on the _____ day of _____ ,

20 _____ . The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master

Sworn to and subscribed before me on this _____

day of _____ , 20 _____ .

Signature of: _____ Notary Public or _____ Deputy Clerk and Master

My commission expires: _____

Signature of plaintiff, plaintiff's attorney or other person
authorized by statute to serve process.

### CERTIFICATION (IF APPLICABLE)

I, Millie Sloan, Clerk and Master of the Chancery Court in the State of Tennessee, Wilson County, do certify this to be a true and correct copy of the original summons issued in this case.

Millie Sloan, Clerk and Master

by: _____ X

D.C. & M.

### 26-2-301 PROCEDURE FOR EXERCISING EXEMPTION
### NOTICE

TO THE DEFENDANT (S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# SUMMONS

## STATE OF TENNESSEE

## CHANCERY COURT OF WILSON COUNTY

TRESSA BUSH
_____
Plaintiff

vs

WILSON COUNTY, TN
_____
Defendant

RANDALL HUTTO
_____
Defendant

QIANA SCRUGGS
_____ Defendant
KENNETH HAMMONDS, JR
AARON WILSON

To the above named Defendant(s):

**Service By:**
☐ Sheriff
☐ Certified Mail
☒ Personal Process Server
☐ TN Secretary of State

**CIVIL ACTION**

NO. 2024CN103

**SUMMONS**

Qiana Scruggs
1536 Andchel Drive
Hermitage, TN 37076

You are hereby summoned and required to serve upon  Lance A. BAKER ,

plaintiff's attorney, whose address is 2678 Townsend Court, Suite A, Clarksville, TN 37043 ,

and answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of

the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Witness, Millie Sloan, Clerk and Master of said court, issued at office the

19th of March A.D. 20 26

_Millie Sloan_
Millie Sloan, Clerk and Master

By _____
Deputy Clerk and Master

Received this _____ day of _____, 20 ____

_____
Deputy Sheriff

♿ **ADA Coordinator**
**615-444-2835**

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

I hereby certify and return, that on the _____ day of _____ . 20 _____

I served this summons together with the complaint herein as follows: _____

_____

_____

_____

_____
Sheriff

_____
Deputy Sheriff

_____
County

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ ,

I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant, _____

, on _____ day of _____ , 20 _____ , I received the return receipt, which had been

signed by _____ on the _____ day of _____ ,

20 _____ . The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master

Sworn to and subscribed before me on this _____

day of _____ . 20_____ .

Signature of: _____ Notary Public or _____ Deputy Clerk and Master

_____       _____

My commission expires:                                                    Signature of plaintiff, plaintiff's attorney or other person

authorized by statute to serve process.

## CERTIFICATION (IF APPLICABLE)

I, Millie Sloan, Clerk and Master of the Chancery Court in the State of Tennessee, Wilson County, do certify this to be a true and correct copy of the original summons issued in this case.

Millie Sloan, Clerk and Master

by: _____ X

D.C. & M.

## 26-2-301 PROCEDURE FOR EXERCISING EXEMPTION
## NOTICE

TO THE DEFENDANT (S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# SUMMONS

## STATE OF TENNESSEE

## CHANCERY COURT OF WILSON COUNTY

TRESSA BUSH

_Plaintiff_

vs

WILSON COUNTY, TN

_Defendant_

RANDALL HUTTO

_Defendant_

QIANA SCRUGGS

_Defendant_

KENNETH HAMMONDS, JR

To the above named Defendant(s):

AARON WILSON

**Service By:**
- ☒ Sheriff
- ☐ Certified Mail
- ☐ Personal Process Server
- ☐ TN Secretary of State

**CIVIL ACTION**

NO. 2024CV103

**SUMMONS**

Randal Hutto
2502 Kinderhill Way
Lebanon, TN 37090

You are hereby summoned and required to serve upon _Lance A. BAKER_,

plaintiff's attorney, whose address is _2678 Townsend Court, Suite A, Clarksville, TN 37043_,

and answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of

the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Witness, Millie Sloan, Clerk and Master of said court, issued at office the

19th of March A.D. 20 26

_Millie Sloan_

Millie Sloan, Clerk and Master

By _Karen G Dedeeubcur_

Deputy Clerk and Master

Received this _____ day of _____ , 20 ____

**♿ ADA Coordinator**
**615-444-2835**

_____
Deputy Sheriff

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

WC-36-CG-09-24

I hereby certify and return, that on the _____ day of _____ , 20 _____ .

I served this summons together with the complaint herein as follows: _____

_____

_____

_____

_____
Sheriff

_____
Deputy Sheriff

_____
County

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ ,

I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant, _____

, on _____ day of _____ , 20 _____ , I received the return receipt, which had been

signed by _____ on the _____ day of _____ .

20 _____ . The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master

Sworn to and subscribed before me on this _____

day of _____ , 20 _____ .

Signature of: _____ Notary Public or _____ Deputy Clerk and Master

_____

My commission expires: _____        Signature of plaintiff, plaintiff's attorney or other person

authorized by statute to serve process.

### CERTIFICATION (IF APPLICABLE)

I, Millie Sloan, Clerk and Master of the Chancery Court in the State of Tennessee, Wilson County, do certify this to be a true and correct copy of the original summons issued in this case.

Millie Sloan, Clerk and Master

by: _____ X

D.C. & M.

### 26-2-301 PROCEDURE FOR EXERCISING EXEMPTION
## NOTICE

**TO THE DEFENDANT (S):**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

SUMMONS TO THE SHERIFF OF WILSON COUNTY

STATE OF TENNESSEE

CHANCERY COURT OF WILSON COUNTY

Tressa Bush
_____
Plaintiff

vs

Wilson County, Tennessee
_____
Defendant

_____
Defendant

_____
Defendant

CIVIL ACTION

NO. 2024 CV 103

SUMMONS

To the above named Defendant(s): Wilson County, Tennessee
Service on County Mayor
Randall Hutto 228 East Main St.
Lebonon, TN 37087

You are hereby summoned and required to serve upon Roland Mumford ,

plaintiff's attorney, whose address is 242 West Main, No. 223 Hendersonville TN,
37075

and answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of

the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Witness, Millie Sloan, Clerk and Master of said court, issued at office the

10th of May _____ A.D. 20 24

TESTE: First Monday in May 10 , 20 24       _Millie Sloan_
                                             Millie Sloan, Clerk and Master

                                          By _Kim Bene DCam_
                                             Deputy Clerk and Master

Received this _____ day of _____ , 20 _____

_____
Deputy Sheriff

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

WC-38-CG-08/20

## SUMMONS CIVIL ACTION CHANCERY COURT, WILSON COUNTY, TENNESSEE
### RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____ , 20 _____ ,

I served this summons together with the complaint herein as follows: _____

_____

_____

_____

_____ Sheriff

_____ Deputy Sheriff

_____ County

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ ,

I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant, _____

, on _____ day of _____ , 20 _____ , I received the return receipt, which had been

signed by _____ on the _____ day of _____ ,

20 _____ . The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master.

Sworn to and subscribed before me on this _____

day of _____ , 20 _____ .

Signature of: _____ Notary Public or _____ Deputy Clerk and Master

_____

My commission expires: _____

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

### CERTIFICATION (IF APPLICABLE)

I, Millie Sloan, Clerk and Master of the Chancery Court in the State of Tennessee, Wilson County, do certify this to be a true and correct copy of the original summons issued in this case.

Millie Sloan, Clerk and Master

by: _____ X

D.C. & M.

### 26-2-301 PROCEDURE FOR EXERCISING EXEMPTION
### NOTICE

TO THE DEFENDANT (S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.